# CITATION

18TH JUDICIAL DISTRICT COURT
PARISH OF POINTE COUPEE
STATE OF LOUISIANA

**MITCHEL SHANNAN POOLE ET AL**

**VERSUS 47903D**

**THOR INDUSTRIES INC ET AL**

STATE OF LOUISIANA AND SAID COURT TO:

**RICK'S RV SALES INC.**
**THROUGH ITS REGISTERED AGENT FOR SERVICE**
**RICKY A. JOHNSON**
**3991 WHITEVILLE ROAD**
**VILLE PLATTE, LA 70568**

YOU ARE HEREBY SUMMONED TO COMPLY WITH THE DEMANDS CONTAINED IN THE

**PETITION FOR DAMAGES**

**FILED BY MITCHEL SHANNAN POOLE, INDIVIDUALLY**
**AND ON BEHALF OF RACHAEL NICHOLE POOLE, DECEASED**

IN THE ABOVE ENTITLED AND NUMBERED CAUSE, A COPY OF WHICH ACCOMPANIES THIS CITATION, OR FILE YOUR ANSWER OR OTHER PLEADINGS IN THE OFFICE OF THE CLERK OF COURT OF THE 18TH JUDICIAL DISTRICT COURT, FOR THE SAID PARISH, AT THE CITY OF NEW ROADS, LOUISIANA, WITHIN FIFTEEN (15) DAYS AFTER SERVICE HEREOF. YOUR FAILURE TO COMPLY HEREWITH WILL SUBJECT YOU TO THE PENALTY OF DEFAULT JUDGMENT AGAINST YOU.

WITNESS THE HONORABLE JUDGES FOR THE 18TH JUDICIAL DISTRICT COURT AT NEW ROADS, LOUISIANA, JULY 18, 2017.

LANELL SWINDLER LANDRY
CLERK OF COURT
P.O. DRAWER 38
NEW ROADS, LA 70760

BY: _____
    DEPUTY CLERK OF COURT

2017 JUL 20 AM 11 58
ST. LANDRY PARISH
SHERIFF'S DEPT.

| | |
|---|---|
| DATE RECEIVED: | _____ |
| TYPE OF SERVICE: | _____ |
| DATE SERVED: | _____ |
| TYPE OF SERVICE: | PERSONAL _____ |
| | DOMICILIARY _____ |
| PERSON SERVED: | _____ |
| UNABLE TO LOCATE: | _____ |
| DEPUTY SHERIFF: | _____ |

Exhibit 1

BK ___ NO
RECEIVED & FILED
2017 JUL 18   AM 11: 02
LANELL SWINDLER LANDRY
CLERK OF COURT & RECORDER
PARISH OF POINTE COUPEE

**FAXED**
JUL 14 2017

EIGHTEENTH JUDICIAL DISTRICT COURT

PARISH OF POINTE COUPEE

STATE OF LOUISIANA

SUIT NUMBER: _47903_                      SECTION: _"D"_

MITCHEL SHANNAN POOLE, INDIVIDUALLY AND ON BEHALF RACHAEL
NICHOLE POOLE, DECEASED

versus

THOR INDUSTRIES INC., DUTCHMEN MANUFACTURING, INC.,
RICK'S RV SALES, INC., APRIL DOSRAMOS AND JOSHUA DOSRAMOS

---

### PETITION FOR DAMAGES

---

The petition of MITCHEL SHANNAN, INDIVIDUALLY AND ON BEHALF OF

THE DECEASED, RACHAEL NICHOLE POOLE (referred to as "Petitioner" or

"Plaintiff"); domiciled in the Parish of Pointe Coupee, State of Louisiana, respectfully

represents the following:

### I. DEFENDANTS

1.1    The following parties are made defendants herein and are sometimes collectively

referred to hereinafter as "Defendants":

(a)    **THOR INDUSTRIES, INC**. (hereinafter referred to as "DUTCHMEN") is

a foreign corporation doing business in the state of Louisiana.  Service of process may be

effected upon this Defendant via Louisiana Long-Arm Statute by and through its

registered agent for service, CT Corp., 150 West Market Street, Suite 800, Indianapolis,

Indiana 46204.

(b)    **DUTCHMEN MANUFACTURING, INC**. a subsidiary of Thor Industries,

Inc. (hereinafter referred to as "DUTCHMEN") does business in the state of Louisiana.

Service of process may be effected upon this Defendant by and through its registered

agent for service, CT Corporation System, 3867 Plaza Tower Dr., Baton Rouge, LA 70816.

Poole State Record
0002

(c)    **RICK'S RV SALES, INC.** is a domestic corporation, doing business in the state of Louisiana. Service of process may be effected upon this Defendant by and through its registered agent for service, Mr. Ricky A. Johnson, 3991 Whiteville Rd., Ville Platte, Louisiana 70586.

(d)    **JOSHUA DOSRAMOS** is an individual. Service of process may be effected upon this Defendant at his residence located at 14414 Grand Bay Rd., Jarreau, Louisiana 70749.

(e)    **APRIL DOSRAMOS** is an individual. Service of process may be effected upon this Defendant at her residence located at 14414 Grand Bay Rd., Jarreau, Louisiana 70749.

1.2    The Defendants are justly and truly indebted unto Plaintiff for damages, injuries, and losses they have sustained together with legal interest from date of judicial demand, and all costs of these proceedings, and for general and equitable relief for those reasons set forth below.

## II. VENUE

2.1    Venue is proper pursuant to the Louisiana Code of Civil Procedure because the Defendants Joshua and April Dosramos are residents of Pointe Coupee Parish, Louisiana.

## III. FACTS

3.1    The plaintiff in this case is Mitchel Shannan Poole, individually and as surviving spouse of Rachael Nichole Poole, and therefore has capacity to bring this claim.

3.2    Petitioner resides at 6106 Stewart Rd., No. 101, Vinton, Louisiana 70668.

3.3    Defendant DUTCHMEN designed, manufactured, and sold the subject Travel Trailer which would include the extended valve and its component parts connected to the Porta-tank.

3.4    The 2011 Dutchmen Aspen Trail Travel Trailer, Model 3010BHDS, VIN 47CTATS24CM442754 (hereinafter referred to as "Subject RV") was purchased by Rachael Nichole Poole on or about August 29, 2016 from April and Joshua Dosramos.

2

Poole State Record
0003

3.5    The 2011 Dutchmen Aspen Trail Travel Trailer was sold by Rick's RV Sales, Inc. to April Dosramos and Joshua Dosramos.  Upon information and belief, Rick's RV Sales, Inc. performed service and maintenance on the subject RV prior to the subject incident.

3.6    On or about February 24, 2017, Mitchel Shannan Poole and his wife, Rachael Nichole Poole were performing service on the Aspen Trail Travel Trailer in their back yard.  Specifically, the couple was working on the Porta-tank and/or waste receptacle.  Upon information and belief, a set screw for the power plug connection was not fastened properly causing the sheathing and/or insulation to eventually completely fail, allowing the hot wire to energize the RV, which eventually lead to it completely failing, creating the energizing of the trailer frame.

## IV. CAUSES OF ACTION AGAINST THOR INDUSTRIES, INC. AND DUTCHMEN MANUFACTURING, INC. ("DUTCHMEN")

4.1    **VIOLATIONS OF THE LOUISIANA PRODUCTS LIABILITY ACT – DESIGN DEFECT**

(a)    Defendant DUTCHMEN designed, manufactured, and sold the Aspen Trail Travel Trailer, Model 3010BHDS, bearing VIN 47CTATS24CM442754, hereinafter referred to as the "subject RV."

(b)    The subject RV was defective in design for its intended use and made the product unreasonably dangerous to the users.  The subject RV contained a defectively designed electrical system, specifically, the electrical power cord and eventually allowed for the failure in the electrical plugs. These defects existed at the time the subject RV left the manufacturer and left the hands of Defendant DUTCHMEN.

(c)    At the time the defective product left the control of Defendant DUTCHMEN there existed a safer, alternative design that was both economically and technologically feasible.  The safer, alternative design would not decrease the utility of the product in any significant regard that would warrant and cause its exclusion.

Poole State Record 0004

(d)    At the time of the incident in question, the subject RV was in substantially the same condition as it was when it was placed into the stream of commerce by Defendant DUTCHMEN.

(e)    The unreasonably dangerous design defect was a substantial cause of the injuries sustained by Rachel Nichole Poole, which ultimately lead to her death, and the damages suffered by Petitioner herein.

## 4.2    VIOLATIONS OF THE LOUISIANA PRODUCTS LIABILITY ACT – DEFECTIVE CONSTRUCTION OR COMPOSITION

(a)    Defendant DUTCHMEN designed, manufactured, and sold the subject vehicle.

(b)    The subject RV was defective in its construction and composition, which made the product unreasonably dangerous to the users.  Specifically, the electrical receptacle was not installed per specification in that it contained loose wires.   The receptacle contained defects that directly led to the frame of the RV to become electrically charged. These defects existed at the time the subject RV left the manufacturer and left the hands of Defendant DUTCHMEN.

(c)    At the time the defective product left the control of Defendant DUTCHMEN, the subject RV deviated in a material way from the manufacturer's specifications and/or performance standards for the product and/or from otherwise identical products manufactured by the same manufacturer.

(d)    At the time of the incident in question, the subject RV was in substantially the same condition as it was when it was placed into the stream of commerce by Defendant DUTCHMEN.

(e)    The unreasonably dangerous defect in construction or composition was a substantial cause of the injuries and ultimate death of Rachael Nichole Poole and the damages suffered by Petitioner herein.

Poole State Record 0005

**4.3    VIOLATIONS OF THE LOUISIANA PRODUCTS LIABILITY ACT – BREACH OF EXPRESS WARRANTIES**

(a)    Defendant DUTCHMEN sold the subject RV in a defective and unreasonably dangerous condition, which breached express warranties.

(b)    This breach of express warranties was a substantial cause of the injuries sustained by Rachael Nichole Poole and damages sustained by Petitioner herein.

**4.4    VIOLATIONS OF THE LOUISIANA PRODUCTS LIABILITY ACT – INADEQUATE WARNING**

(a)    Both prior to and subsequent to the sale of the subject RV, Defendant DUTCHMEN designed, manufactured, distributed, and sold the subject RV with inadequate warnings.  Specifically, the subject RV had absolutely no warnings on it concerning the potential for the electrically charged nature of the subject RV.

(b)    The defect in the warning existed at the time the subject RV left the control of Defendant DUTCHMEN.

(c)    The likelihood and gravity of danger associated with the product, and the feasibility of adding the proper warning, far outweighed the ability of the user to anticipate the risk.  Additionally, Defendant DUTCHMEN had a continuing duty to warn of the defective nature of its product after the product left its control.

(d)    The inadequate warnings caused the injuries and ultimate death of Rachael Nichole Poole and the damages sustained by Petitioner herein.

4.5.    The damages sustained because of the defective and unreasonable dangerous nature of the product arose from the reasonably anticipated use and/or a reasonably anticipated alteration or modification of the product.

4.6    Further, and in the alternative that Defendant DUTCHMEN is not found to be a manufacturer/seller under the Louisiana Products Liability Act, Petitioner sets forth the following claims of negligence and/or legal fault of Defendant DUTCHMEN, in the following particulars but not exclusively limited thereto:

(a)    Designing, manufacturing and selling an RV with a known design flaw;

5

(b)     Choosing not to voluntarily recall defective travel trailers and/or RVs;

(c)     Opting to re-use the defective design year after year instead of protecting the safety of the motoring public;

(d)     Choosing not to fully and accurately disclose design defects of the subject RV and its electrical system to buyers of the Travel Trailers;

(e)     Failing to warn the motoring public of the dangers and risks associated with operating Travel Trailers with a defective electrical system; and

(f)     Failing to provide a safe product to consumers;

(g)     Any and all other acts of negligence and/or legal fault, which will be proven at a trial on the merits.

## V. CAUSES OF ACTION AGAINST RICK'S RV SALES, INC. ("RICK'S")

5.1    At the time of the incident in question, Defendant Rick's was an RV dealer who marketed, promoted, advertised, distributed, serviced and sold Travel Trailers such as the subject RV.

5.2    Upon information and belief, prior to the sale of the subject RV to Rachael Nichole Poole, the Defendant Joshua and April Dosramos had service and maintenance performed on the subject RV at Rick's RV Sales, Inc. at which time, Defendant Rick's performed service to the subject RV consisting of installation of a microwave, insulation and installation of a Rhino Sewer Hose. See Exhibit A, attached hereto.

## VI. CAUSES OF ACTION AGAINST JOSHUA DOSRAMOS AND APRIL DOSRAMOS ("DOSRAMOS")

6.1    Upon information and belief, Defendant Dosramos was in a position of control with respect to the nature, quality, and condition of the subject RV sold to Rachel Nichole Poole, which included the transfer and disclosure of the subject RV at the time of sale of the subject 2011 Aspen Trail Travel Trailer.

6.2    But for the Defendant's actions, the injuries and ultimate death of Rachael Nichole Poole and damages of the Petitioner would not have occurred.   Further, the

6

conduct of the Defendant was a substantial factor in the injuries and ultimate death of Rachael Nichole Poole and damages of the Petitioner.  The ease of association with Defendants' conduct with the Petitioner's injury clearly shows that the Defendant was the cause of the injuries of Rachael Nichole Poole and damages of the Petitioner. The burden on Defendant to do what was right and act in a way that was not negligent was insignificant compared to the probability of injury that would result.

6.3    REDHIBITORY DEFECT - The inherent defects in the vehicle existed and/or were present prior to the sale of the vehicle. The nature of the defects of the subject vehicle were hidden, not readily apparent, and not known to Rachael Nichole Poole at the time of the purchase of the subject RV.  Said defects were of such nature that had Rachel Nichole Poole and Petitioner known of them at the time of the sale, they would not have purchased the subject RV.  Petitioner only became aware of said defects after the death of Rachael Nichole Poole on February 24, 2017, and therefore, his claim in redhibition is timely.

6.4    Defendant Dosramos knew or should have known of these defects and failed to disclose such, and additionally, misrepresented the subject RV as having a quality that it did not possess.

6.5    Defendant Dosramos committed acts of omission and commission, which collectively and severally, constituted negligence, which negligence was the cause of the incident in question and of the injuries to Rachael Nichole Poole, the physical pain and mental anguish she suffered, and the damages suffered by Petitioner.

## VII. DAMAGES

7.1    As a proximate result of the fault of the Defendants and their acts and omissions as alleged above, and because of the harm and injury to Decedent, Rachael Nichole Poole, pursuant to Louisiana Civil Code Article 2315.1.  Petitioner prays for recovery and reimbursement for the following items of damages suffered by Rachael Nichole Poole:

7

Poole State Record 0008

    (a)      Physical and mental pain and suffering;

    (b)      Judicial interest from the date of demand; and

    (c)      All other items of damages that may be recoverable.

7.2      As a proximate result of the fault of the Defendants and their acts and omissions as hereinabove alleged, Petitioner brings his wrongful death actions pursuant to Louisiana Civil Code Article 2315.2 for the damages which have been suffered and continue to suffer as a result of the death of Rachael Nichole Poole at the hands of the Defendants, including but not limited to the following:

    (a)      Loss of consortium, past and future;

    (b)      Loss of society, past and future;

    (c)      Loss of services and support, past and future;

    (d)      Lost benefits, including lost wages, past and future;

    (e)      Pain and suffering, past and future;

    (f)      Judicial interest from the date of demand;

    (g)      All other items of damages that may be recoverable; and

    (h)      All damages allowable to Plaintiff for the redhibition claims.

7.3      As described above, Petitioner witnessed the terror and fear of his wife as she was being electrocuted. As a result, Petitioner was mentally shaken and has suffered foreseeable mental anguish and emotional distress. Accordingly, Petitioner is entitled to these additional damages pursuant to Louisiana Civil Code article 2315.6.

7.4      Petitioner's damages exceed the threshold requirement for a trial by jury and Petitioner does hereby pray for a trial by jury.

## IX. PRAYER

WHEREFORE, Petitioner, MITCHEL SHANNAN, INDIVIDUALLY AND ON BEHALF OF THE DECEASED, RACHAEL NICHOLE POOLE, prays that defendants herein be duly cited and served with a copy of the petition and made to appear and

8

answer same, and that there be judgment against defendants, jointly and *in solido*, for those damages suffered by Petitioner as described more fully above, with legal interest from the date of judicial demand until paid, court costs, and all other just and equitable relief as the nature and equity of the case may permit or require.

Respectfully submitted,

Joseph E. Ritch (Bar Roll #35414)
**ELLIOTT & RITCH, L.L.P.**
321 Artesian Street
Corpus Christi, TX  78401
Telephone: (361) 883-3000
Facsimile: (361) 883-3003
Email: JRitch@ElliottRitch.com

AND

Samuel "Chuck" Ward, Jr. (Bar Roll #29508)
**ELLIOTT & RITCH, L.L.P.**
660 Saint Ferdinand St.
Baton Rouge, LA 70802
Telephone: (225) 330-6677
Facsimile: (225) 330-6680
Email: samuelcward@aol.com

AND

T. Claude Devall (Bar Roll #29148)
HOFFOS DEVALL, LLC
517 W. College St.
Lake Charles, LA  70605-1529
Telephone: (337) 433-2053
Facsimile: (337) 433-2055
Email: bholmes@HDInjuryLaw.com

By: _____
Samuel "Chuck" Ward, Jr.

**ATTORNEYS FOR PLAINTIFF**

ATTEST A TRUE CERTIFIED COPY
7-18-17
DATE FILED  9-14-17
A Meadows
DY. CLERK OF COURT
POINTE COUPEE PARISH
NEW ROADS, LOUISIANA

9

Poole State Record
0010

**PLEASE SERVE the ORIGINAL COMPLAINT and CITATION on the following:**

**THOR INDUSTRIES, INC.**
Through its registered agent for service:
CT Corp
150 West Market Street, Suite 800
Indianapolis, IN 46204
*Via Louisiana Long-Arm Statute*

**DUTCHMEN MANUFACTURING, INC.**
Through its registered agent for service:
CT Corporation System
3867 Plaza Tower Dr.
Baton Rouge, LA 70816

**RICK'S RV SALES, INC.**
Through its registered agent for service:
Mr. Ricky A. Johnson
3991 Whiteville Rd.
Ville Platte, LA 70568

**JOSHUA DOSRAMOS**
Individually
14414 Grand Bay Rd.
Jarreau, LA 70749

**APRIL DOSRAMOS**
Individually
14414 Grand Bay Rd.
Jarreau, LA 70749

Poole State Record
0011

**RICK'S RV SALES, INC.**
1571 E. MAIN STREET
VILLE PLATTE LA 70586
Phone #:(337) 363-7925
Fax #: (337) 363-7926

Status:

RO Number: 4842
Service Advisor: 001
Tag Number:
Ticket Date: 11/12/2015
Cash Out Date: 12/17/2015
Veh Sold Date:
Warranty Cash Out Date:

Date appointment initiated: 11/12/2015
Proposed Date - Time Completed: 11/12/2015     5:00 PM

| Customer Information | Number: 002149 | Stock Number: | | Mileage In |
|---|---|---|---|---|
| DOSRAMOS, JOSHUA | | Yr: 12   Make: ASPEN TRAIL   Serial Numbers | | |
| 14414 GRAND BAY RD | | Model: 3010BHDS   VIN: 47CTATS24CM442754 | | |
| Jarreau LA 70749 | | Plate # | | Mileage Out |
| Home (225) 313-8631 | | Color:   Type: | | |

### Customer Pay

| Mech. Number | Rpr Nbr | Hours | Requested Repair Description | Item Type | Labor |
|---|---|---|---|---|---|
| | 1 | 12 | WATER LEAK AROUND TV ANTENNA CAUSED DAMAGE   CAUSE: WANTS TO REPLACE 2 SHEETS OF INTERIOR PANELING   CORRECTION: R& R  MOLDINGS, PULLED BACK ROOF, INATLLED PATCH OF PLYWOOD AND NEW INSULATION, REMOVED WINDOW AND REPLACED WATER DAMAGED INTERIOR PANELING | I | $1,056.00 |
| | 2 | 2 | WASHED AND RESEAL ROOF | I | $176.00 |
| | 3 | 0.5 | RESEALED WINDOWS AND CORNERS AS NEEDED | I | $44.00 |
| | 4 | 1.5 | REPLACE SLIDE GASKET AS NEEDED (SEE TYLER) | I | $132.00 |
| | 5 | 0.25 | MICROWAVE NOT WORKING (REPLACE WITH SAME SIZE HB WILL CALL WITH NAMB BRAND)   CORRECTION: REPLACED | I | $22.00 |
| * | 6 | 0 | LEAVE BLOCKS IN CAMPER | I | $0.00 |
| * | 7 | 0 | IF ANTENNA HAS TO BE PUT IN IT IS IN FRONT COMPARTMENT   CAUSE: HB WOULD LIKE TO LEAVE TV ANTENNA OFF IF WE CAN | I | $0.00 |
| * | 8 | 0.25 | INSTALLED BRACS FOR DOORSIDE FENDER TO KEEP FROM FLAPPING. DONT REPAIR METAL WRAP. | I | $22.00 |
| * | 9 | 2 | REPAIR/PATCHED ROOF NEAR ODS REAR (NEAR EDGE) - REMOVE THE OLD PATCH | I | $176.00 |
| * | 10 | 0 | OUT OF STATE UNTIL 12/4 QUOTED TOTAL OF $2500-$3000 PLUS TAX FOR ALL REPAIRS | I | $0.00 |

| Repair | Part Number | Description | P/U | B/O | B/O | Rec | Total | Selling Price | Ext Price |
|---|---|---|---|---|---|---|---|---|---|
| 1 | K325843 | MICROWAVE | 1 | 0 | 0 | 0 | 1 | $239.95 | $239.95 |
| 1 | K414618 | AUSTIN SAND INTERIOR PANELING | 2 | 0 | 0 | 0 | 2 | $69.95 | $139.90 |
| 1 | K410553 | AUSTIN SAND FLAT BATTON | 2 | 0 | 0 | 0 | 2 | $7.95 | $15.90 |
| 1 | K410587 | AUSTIN SAND SEAM TAPE | 20 | 0 | 0 | 0 | 20 | $0.29 | $5.80 |
| 1 | FREIGHT | TRUCK FREIGHT AND CRATE | 1 | 0 | 0 | 0 | 1 | $266.87 | $266.87 |
| 1 | FREIGHT | UPS GROND | 1 | 0 | 0 | 0 | 1 | $38.59 | $38.59 |
| 1 | 95651 | LAP SEALANT WHITE | 6 | 0 | 0 | 0 | 6 | $9.95 | $59.70 |
| 1 | MIC MATERIAL | | 1 | 0 | 0 | 0 | 1 | $10.00 | $10.00 |
| 1 | PLYWOOD | PLYWOOD DECKING | 0.5 | 0 | 0 | 0 | 0.5 | $39.95 | $19.98 |
| 1 | 38-0087 | SLIDE ON SLIDE GASKET | 1 | 0 | 0 | 0 | 1 | $154.95 | $154.95 |
| 1 | INSULATION | FIBERGLASS INSULATION 70" ROLL | 0.5 | 0 | 0 | 0 | 0.5 | $43.95 | $21.98 |
| 8 | A730619 | ULTRA FAB CHOCK & LOCK 2PK | 1 | 0 | 0 | 0 | 1 | $109.95 | $109.95 |
| 8 | 20732 | RHINO SEWER HOSE KIT 20' | 1 | 0 | 0 | 0 | 1 | $49.95 | $49.95 |

Repair Order Printed on : 12/17/2015 11:16:16 AM     * Repair added after the customer copy printed.
** Oil & Grease included in Other Charges.     1     Page 1



EXHIBIT A

Poole State Record 0012

**RICK'S RV SALES, INC.**
1571 E. MAIN STREET
VILLE PLATTE LA 70586
Phone #:(337) 363-7925
Fax #: (337) 363-7926

Status:

RO Number: 4842
Service Advisor: 001
Tag Number:
Ticket Date: 11/12/2015
Cash Out Date: 12/17/2015
Veh Sold Date:
Warranty Cash Out Date:

Date appointment initiated:      11/12/2015
Proposed Date – Time Completed:  11/12/2015   5:00 PM

| Customer Information  Number: 002149 | Stock Number: | Mileage In |
|---|---|---|
| DOSRAMOS, JOSHUA | Yr: 12  Make: ASPEN TRAIL  Serial Numbers | |
| 14414 GRAND BAY RD | Model: 3010BHDS  VIN: 47CTATS24CM442754 | Mileage Out |
| Jarreau LA 70749 | Plate # | |
| Home (225) 313-8631 | Color:  Type: | |

| Discount Amount: | $0.00 | Freight Total: | $305.46 | Customer Pay Totals | | | |
|---|---|---|---|---|---|---|---|
| Parts Total: | $828.06 | | | Sales Tax: | $221.04 | Total Deduct: | $0.00 |
| Labor Total: | $1,628.00 | Sublet Total: | $0.00 | Second Sales Tax: | $0.00 | | |
| | | ** Other Charges: | $0.00 | Deposit: | $0.00 | Total: | $2,982.56 |

1: M/C   $2,982.56
2:       $0.00
3:       $0.00

*Repair Order Printed on : 12/17/2015 11:16:16 AM*    *Repair added after the customer copy printed.*
                                                       ** Oil & Grease included in Other Charges.                    *Page 2*

Poole State Record
0013

18th JUDICIAL DISTRICT COURT FOR THE PARISH OF POINTE COUPEE

STATE OF LOUISIANA

NO.: 47903                                                    DIVISION: "D"

MITCHEL SHANNON POOLE, INDIVIDUALLY AND ON BEHALF OF RACHEL
NICHOLE POOLE, DECEASED

VERSUS

THOR INDUSTRIES, INC., DUTCHMEN MANUFACTURING, INC., RICK'S RV SALES,
INC., APRIL DOSRAMOS AND JOSHUA DOSRAMOS

FILED:_____          _____
                                                              DEPUTY CLERK

### CONSENT MOTION FOR EXTENSION OF TIME

Defendant, Rick's RV Sales, Inc., ("Rick's"), hereby moves for an extension of

time within which to respond to the Petition for Damages through and including August 22, 2017,

on the following grounds:

1.

The Petition for Damages was served on Defendant, Rick's RV Sales, Inc., on July

25, 2017.

2.

Undersigned counsel recently received the Petition for Damages and has not had

sufficient time to formulate a response.

3.

Defendant would like to respond adequately, but needs additional time to respond.

4.

Defendant requests that this Court grant it an extension of time within which to file

the responsive pleading to Plaintiff's Petition for Damages.  This extension will not unduly delay

the hearing or determination of this case.

5.

Plaintiff's counsel consents to the requested extension.

**WHEREFORE**, Defendant Rick's RV Sales, Inc., respectfully requests that this

Court grant its Consent Motion for Extension of Time and extend the deadline for Rick's RV Sales,

1365139_1.docx

Poole State Record
0014

Inc. to file the responsive pleading in the above-referenced matter, through and including, August 22, 2017.

Respectfully submitted,

H. Minor Pipes, III, 24603
Stephen L. Miles, 31263
Eric J. Drury, 37103
BARRASSO USDIN KUPPERMAN
    FREEMAN & SARVER, L.L.C.
909 Poydras Street, Suite 2400
New Orleans, Louisiana 70112
Telephone: (504) 589-9700
Facsimile: (504) 589-9701

*Attorneys for Defendant Rick's RV Sales, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served upon all parties of record by facsimile, hand delivery, electronic mail, overnight service, or placing same in the United States mail, postage prepaid and properly addressed, this th day of August, 2017.

2

Poole State Record
0015

18th JUDICIAL DISTRICT COURT FOR THE PARISH OF POINTE COUPEE

STATE OF LOUISIANA

NO.: 47903                                                   DIVISION: "D"

MITCHEL SHANNON POOLE, INDIVIDUALLY AND ON BEHALF OF RACHEL
NICHOLE POOLE, DECEASED

VERSUS

THOR INDUSTRIES, INC., DUTCHMEN MANUFACTURING, INC., RICK'S RV SALES,
INC., APRIL DOSRAMOS AND JOSHUA DOSRAMOS

FILED:_____          _____
                                                        DEPUTY CLERK


**<u>ORDER</u>**

Considering the foregoing Consent Motion for Extension of Time:

**IT IS ORDERED** that Defendant, Ricks' RV Sales, Inc., be and hereby is granted

an extension of time, through and including August 22, 2017, within which to respond to the

Petition for Damages.


New Roads, Louisiana, this _____ day of _____, 2017.


                              _____
                                         J U D G E

18th JUDICIAL DISTRICT COURT FOR THE PARISH OF POINTE COUPEE

STATE OF LOUISIANA

NO.: 47903                                                       DIVISION: "D"

MITCHEL SHANNON POOLE, INDIVIDUALLY AND ON BEHALF OF RACHEL
NICHOLE POOLE, DECEASED

VERSUS

THOR INDUSTRIES, INC., DUTCHMEN MANUFACTURING, INC., RICK'S RV SALES,
INC., APRIL DOSRAMOS AND JOSHUA DOSRAMOS

FILED:_____            _____
                                                              DEPUTY CLERK

## **REQUEST FOR NOTICE**

Defendant, Rick's RV Sales, Inc., ("Rick's") pursuant to Louisiana Code of Civil

Procedure article 1572, move this Court for written notice ten (10) days in advance of the date

fixed for a trial or hearing of any exception, motion, rule, or trial on the merits in the above-

captioned proceeding and, pursuant to Louisiana Code of Civil Procedure articles 1913 and

1914, request immediate notice of all interlocutory and final orders and judgments on any

exceptions, motions, rules, or the trial on the merits in the above-captioned proceeding. Such

notice should be provided to undersigned counsel.

Respectfully submitted,

_____
H. Minor Pipes, III, 24603
Stephen L. Miles, 31263
Eric J. Drury, 37103
BARRASSO USDIN KUPPERMAN
    FREEMAN & SARVER, L.L.C.
909 Poydras Street, Suite 2400
New Orleans, Louisiana 70112
Telephone: (504) 589-9700
Facsimile: (504) 589-9701

*Attorneys for Rick's RV Sales, Inc.*

1

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing Request for Notice has been served upon all parties of record by facsimile, hand delivery, electronic mail, overnight service, or placing same in the United States mail, postage prepaid and properly addressed, this 15th day of August, 2017.

2

Poole State Record
0018

18TH JUDICIAL DISTRICT COURT FOR THE PARISH OF POINTE COUPEE

STATE OF LOUISIANA

NO. 47903                                             DIVISION: "D"

MITCHEL SHANNAN POOLE, INDIVIDUALLY AND ON BEHALF OF RACHEL
NICHOLE POOLE, DECEASED

VERSUS

THOR INDUSTRIES, INC., DUTCHMEN MANUFACTURING, INC.,
RICK'S RV SALES, INC., APRIL DOSRAMOS AND JOSHUA DOSRAMOS

FILED:_____        _____
                                                           DEPUTY CLERK

## AFFIRMATIVE DEFENSES, ANSWER, AND REQUEST FOR TRIAL BY JURY

NOW INTO COURT, through undersigned counsel, comes Rick's RV Sales, Inc. ("Rick's"), and in response to the Petition for Damages, responds as follows:

Rick's asserts the following affirmative defenses to each and every allegation contained in the plaintiff's Petition for Damages.

### FIRST DEFENSE

To the extent the damages complained of by the plaintiff were caused, wholly or in part, by the plaintiff's fault, such fault serves as a bar to or diminishes any recovery herein.

### SECOND DEFENSE

To the extent the damages complained of by the plaintiff were caused, wholly or in part, by the fault of third persons and parties for whom Rick's cannot be held liable or responsible, such fault serves as a bar to or diminishes any recovery herein.

### THIRD DEFENSE

To the extent the damages complained of by the plaintiff are speculative and conjectural, such fact serves as a bar to or diminishes any recovery herein.

### FOURTH DEFENSE

To the extent the plaintiff has failed to take reasonable steps to mitigate his alleged damages, such fact serves as a bar to or diminishes any recovery herein.

1

## FIFTH DEFENSE

To the extent the plaintiff's claims have been settled and/or partially settled for the damages allegedly sustained, such fact serves as a bar to or diminishes any recovery herein.

## SIXTH DEFENSE

Rick's is not liable for any damages that were not caused by the actions or inactions of Rick's. None of Rick's actions or inactions were the cause in fact or legal cause of plaintiff's injuries. Plaintiff's injuries were the result of actions or inactions of other parties or non-parties.

## SEVENTH DEFENSE

To the extent that any of plaintiff's claims have prescribed, they are barred.

## EIGHTH DEFENSE

Rick's expressly avers, adopts, and pleads any and all applicable affirmative defenses recognized in Article 1005 of the Louisiana Code of Civil Procedure, as if fully copied herein.

## NINTH DEFENSE

To the extent that they are not inconsistent with Rick's Answer and/or affirmative defenses, Rick's adopts by reference each and every affirmative defense or exception pled by any other party in this litigation as though fully copied herein.

AND NOW, responding further, Rick's denies each and every allegation of the Petition for Damages, except those allegations expressly admitted or otherwise qualified herein.

And now in response to the specific allegations of the Petition for Damages:

### 1.1.

Rick's admits that Thor Industries, Inc., Dutchmen Manufacturing, Inc., Rick's RV Sales, Inc., Joshua Dosramos, and April Dosramos are made defendants in this suit.

(a) The allegations of Paragraph 1.1(a) are not directed at Rick's, and therefore require no response from Rick's. In the event a response from Rick's is deemed to be required, Rick's is without sufficient information regarding the allegations of Paragraph 1.1(a); accordingly, the allegations of Paragraph 1.1(a) are denied.

(b) The allegations of Paragraph 1.1(b) are not directed at Rick's, and therefore require no response from Rick's. In the event a response from Rick's is deemed to be required, Rick's is

Poole State Record
0020

without sufficient information regarding the allegations of Paragraph 1.1(b); accordingly, the allegations of Paragraph 1.1(b) are denied.

(c) Rick's admits that it is a Louisiana corporation doing business in Louisiana and that its registered agent for service of process is Ricky A. Johnson, 3991 Whiteville Rd., Ville Platte, LA 70586.

(d) The allegations of Paragraph 1.1(d) are not directed at Rick's, and therefore require no response from Rick's. In the event a response from Rick's is deemed to be required, Rick's is without sufficient information regarding the allegations of Paragraph 1.1(d); accordingly, the allegations of Paragraph 1.1(d) are denied.

(e) The allegations of Paragraph 1.1(e) are not directed at Rick's, and therefore require no response from Rick's. In the event a response from Rick's is deemed to be required, Rick's is without sufficient information regarding the allegations of Paragraph 1.1(e); accordingly, the allegations of Paragraph 1.1(e) are denied.

<div align="center">1.2.</div>

Rick's denies the allegations of Paragraph 1.2.

<div align="center">2.1.</div>

Rick's is without sufficient information regarding the allegations of Paragraph 2.1; accordingly, the allegations of Paragraph 2.1 are denied.

<div align="center">3.1.</div>

Rick's admits that the plaintiff in this case is Mitchel Shannan Poole. Rick's is without sufficient information regarding the remaining allegations of Paragraph 3.1; accordingly, the remaining allegations of Paragraph 3.1 are denied.

<div align="center">3.2.</div>

Rick's is without sufficient information regarding the allegations of Paragraph 3.2; accordingly, the allegations of Paragraph 3.2 are denied.

<div align="center">3.3.</div>

The allegations of Paragraph 3.3 are not directed at Rick's, and therefore require no response from Rick's. In the event a response from Rick's is deemed to be required, Rick's is

<div align="center">3</div>

Poole State Record 0021

without sufficient information to admit the allegations of Paragraph 3.3; accordingly, the allegations of Paragraph 3.3 are denied.

<div align="center">3.4.</div>

Rick's is without sufficient information to admit the allegations of Paragraph 3.4; accordingly, the allegations of Paragraph 3.4 are denied.

<div align="center">3.5.</div>

Rick's denies the allegations of Paragraph 3.5, except to state that it did limited work on the subject RV that has no factual or legal connection to the plaintiff's injuries.

<div align="center">3.6.</div>

Rick's is without sufficient information to admit the allegations of Paragraph 3.6; accordingly, the allegations of Paragraph 3.6 are denied.

<div align="center">4.1.</div>

(a) The allegations of Paragraph 4.1(a) are not directed at Rick's, and therefore require no response from Rick's. In the event a response from Rick's is deemed to be required, Rick's is without sufficient information to admit the allegations of Paragraph 4.1(a); accordingly, the allegations of Paragraph 4.1(a) are denied.

(b) The allegations of Paragraph 4.1(b) are not directed at Rick's, and therefore require no response from Rick's. In the event a response from Rick's is deemed to be required, Rick's is without sufficient information to admit the allegations of Paragraph 4.1(b); accordingly, the allegations of Paragraph 4.1(b) are denied.

(c) The allegations of Paragraph 4.1(c) are not directed at Rick's, and therefore require no response from Rick's. In the event a response from Rick's is deemed to be required, Rick's is without sufficient information to admit the allegations of Paragraph 4.1(c); accordingly, the allegations of Paragraph 4.1(c) are denied.

(d) The allegations of Paragraph 4.1(d) are not directed at Rick's, and therefore require no response from Rick's. In the event a response from Rick's is deemed to be required, Rick's is without sufficient information to admit the allegations of Paragraph 4.1(d); accordingly, the allegations of Paragraph 4.1(d) are denied.

<div align="center">4</div>

(e) The allegations of Paragraph 4.1(e) are not directed at Rick's, and therefore require no response from Rick's. In the event a response from Rick's is deemed to be required, Rick's is without sufficient information to admit the allegations of Paragraph 4.1(e); accordingly, the allegations of Paragraph 4.1(e) are denied.

4.2.

(a) The allegations of Paragraph 4.2(a) are not directed at Rick's, and therefore require no response from Rick's. In the event a response from Rick's is deemed to be required, Rick's is without sufficient information to admit the allegations of Paragraph 4.2(a); accordingly, the allegations of Paragraph 4.2(a) are denied.

(b) The allegations of Paragraph 4.2(b) are not directed at Rick's, and therefore require no response from Rick's. In the event a response from Rick's is deemed to be required, Rick's is without sufficient information to admit the allegations of Paragraph 4.2(b); accordingly, the allegations of Paragraph 4.2(b) are denied.

(c) The allegations of Paragraph 4.2(c) are not directed at Rick's, and therefore require no response from Rick's. In the event a response from Rick's is deemed to be required, Rick's is without sufficient information to admit the allegations of Paragraph 4.2(c); accordingly, the allegations of Paragraph 4.2(c) are denied.

(d) The allegations of Paragraph 4.2(d) are not directed at Rick's, and therefore require no response from Rick's. In the event a response from Rick's is deemed to be required, Rick's is without sufficient information to admit the allegations of Paragraph 4.2(d); accordingly, the allegations of Paragraph 4.2(d) are denied.

(e) The allegations of Paragraph 4.2(e) are not directed at Rick's, and therefore require no response from Rick's. In the event a response from Rick's is deemed to be required, Rick's is without sufficient information to admit the allegations of Paragraph 4.2(e); accordingly, the allegations of Paragraph 4.2(e) are denied.

4.3.

(a) The allegations of Paragraph 4.3(a) are not directed at Rick's, and therefore require no response from Rick's. In the event a response from Rick's is deemed to be required, Rick's is

5

Poole State Record
0023

without sufficient information to admit the allegations of Paragraph 4.3(a); accordingly, the allegations of Paragraph 4.3(a) are denied.

(b) The allegations of Paragraph 4.3(b) are not directed at Rick's, and therefore require no response from Rick's. In the event a response from Rick's is deemed to be required, Rick's is without sufficient information to admit the allegations of Paragraph 4.3(b); accordingly, the allegations of Paragraph 4.3(b) are denied.

### 4.4.

(a) The allegations of Paragraph 4.4(a) are not directed at Rick's, and therefore require no response from Rick's. In the event a response from Rick's is deemed to be required, Rick's is without sufficient information to admit the allegations of Paragraph 4.4(a); accordingly, the allegations of Paragraph 4.4(a) are denied.

(b) The allegations of Paragraph 4.4(b) are not directed at Rick's, and therefore require no response from Rick's. In the event a response from Rick's is deemed to be required, Rick's is without sufficient information to admit the allegations of Paragraph 4.4(b); accordingly, the allegations of Paragraph 4.4(b) are denied.

(c) The allegations of Paragraph 4.4(c) are not directed at Rick's, and therefore require no response from Rick's. In the event a response from Rick's is deemed to be required, Rick's is without sufficient information to admit the allegations of Paragraph 4.4(c); accordingly, the allegations of Paragraph 4.4(c) are denied.

(d) The allegations of Paragraph 4.4(d) are not directed at Rick's, and therefore require no response from Rick's. In the event a response from Rick's is deemed to be required, Rick's is without sufficient information to admit the allegations of Paragraph 4.4(d); accordingly, the allegations of Paragraph 4.4(d) are denied.

### 4.5.

The allegations of Paragraph 4.5 are not directed at Rick's, and therefore require no response from Rick's. In the event a response from Rick's is deemed to be required, Rick's is without sufficient information to admit the allegations of Paragraph 4.5; accordingly, the allegations of Paragraph 4.5 are denied.

Poole State Record
0024

4.6.

The allegations of Paragraph 4.6 are not directed at Rick's, and therefore require no response from Rick's. In the event a response from Rick's is deemed to be required, Rick's is without sufficient information to admit the allegations of Paragraph 4.6; accordingly, the allegations of Paragraph 4.6 are denied.

5.1.

Rick's denies the allegations of Paragraph 5.1 except to state that it has in the past sold RVs and travel trailers.

5.2.

Rick's denies the allegations of Paragraph 5.2 except to state that it performed limited work on the travel trailer that had no factual or legal connection to the plaintiff's injuries.

6.1.

The allegations of Paragraph 6.1 are not directed at Rick's, and therefore require no response from Rick's. In the event a response from Rick's is deemed to be required, Rick's is without sufficient information to admit the allegations of Paragraph 6.1; accordingly, the allegations of Paragraph 6.1 are denied.

6.2.

The allegations of Paragraph 6.2 are not directed at Rick's, and therefore require no response from Rick's. In the event a response from Rick's is deemed to be required, Rick's is without sufficient information to admit the allegations of Paragraph 6.2 accordingly, the allegations of Paragraph 6.2 are denied.

6.3.

The allegations of Paragraph 6.3 are not directed at Rick's, and therefore require no response from Rick's. In the event a response from Rick's is deemed to be required, Rick's is without sufficient information to admit the allegations of Paragraph 6.3; accordingly, the allegations of Paragraph 6.3 are denied.

Poole State Record 0025

6.4.

The allegations of Paragraph 6.4 are not directed at Rick's, and therefore require no response from Rick's. In the event a response from Rick's is deemed to be required, Rick's is without sufficient information to admit the allegations of Paragraph 6.4; accordingly, the allegations of Paragraph 6.4 are denied.

6.5.

The allegations of Paragraph 6.5 are not directed at Rick's, and therefore require no response from Rick's. In the event a response from Rick's is deemed to be required, Rick's is without sufficient information to admit the allegations of Paragraph 6.5; accordingly, the allegations of Paragraph 6.5 are denied.

7.1.

Rick's denies the allegations of Paragraph 7.1.

7.2.

Rick's denies the allegations of Paragraph 7.2.

7.3.

Rick's is without sufficient information regarding the allegations of Paragraph 7.3; accordingly, the allegations of Paragraph 7.3 are denied.

7.4.

Paragraph 7.4 requests a jury and therefore does not require a response from Rick's. To the extent a response is deemed to be required, Rick's denies the allegations of Paragraph 7.4.

8.

Plaintiff has not included a Paragraph 8.

9.

Rick's denies the allegations of Paragraph 9.

Rick's denies those allegations contained in any unnumbered paragraphs of the Petition for Damages as well as the preamble and prayer for relief and any and all other allegations suggesting fault, liability, negligence, etc. of Rick's.

8

## JURY TRIAL DEMAND

Rick's hereby requests a trial by jury.

**WHEREFORE,** Rick's RV Sales, Inc. prays that this answer be deemed good and sufficient and that after due proceedings had, there be judgment herein in favor of Rick's RV Sales, Inc., dismissing the claims of plaintiff at his cost.

Respectfully submitted,

H. Minor Pipes, III, 24603
Stephen L. Miles, 31263
Eric J. Drury, 37103
BARRASSO USDIN KUPPERMAN
   FREEMAN & SARVER, L.L.C.
909 Poydras Street, 24th Floor
New Orleans, Louisiana 70112
Telephone: (504) 589-9700
Facsimile: (504) 589-9701

*Attorneys for Defendant Rick's RV Sales, Inc.*

Poole State Record
0027

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Answer and Request for Trial by Jury has been served upon all parties of record by facsimile, hand delivery, electronic mail, overnight service, or placing same in the United States mail, postage prepaid and properly addressed, this 22nd day of August, 2017.

_____

*1366893_1*

10

Poole State Record
0028



FAXED
SEP 5 - 2017

**EIGHTEENTH JUDICIAL DISTRICT COURT**

**PARISH OF POINTE COUPEE**

**STATE OF LOUISIANA**

NO. 47903                                                          SECTION "D"

**MITCHEL SHANNAN POOLE, INDIVIDUALLY AND ON BEHALF RACHAEL NICHOLE POOLE, DECEASED**

**VERSUS**

**THOR INDUSTRIES INC., DUTCHMEN MANUFACTURING, INC., RICK'S RV SALES, INC., APRIL DOSRAMOS AND JOSHUA DOSRAMOS**

FILED:_____          _____
                                                            **DEPUTY CLERK**

<u>**ANSWER TO PETITION FOR DAMAGES**</u>

**NOW INTO COURT,** through undersigned counsel, come defendants, April Dosramos and Joshua Dosramos, who respond to Plaintiff's Petition for Damages as follows:

I(a)

The allegations of Paragraph 1.1(a) of Plaintiff's Petition for Damages relate to a party other than these defendants, and therefore require no response.  To the extent a response is required, the allegations of Paragraph 1.1(a) are denied for lack of sufficient information to justify a belief therein.

I(b)

The allegations of Paragraph 1.1(b) of Plaintiff's Petition for Damages relate to a party other than these defendants, and therefore require no response.  To the extent a response is required, the allegations of Paragraph 1.1(b) are denied for lack of sufficient information to justify a belief therein.

I(c)

The allegations of Paragraph 1.1(c) of Plaintiff's Petition for Damages relate to a party other than these defendants, and therefore require no response.  To the extent a response is required, the allegations of Paragraph 1.1(c) are denied for lack of sufficient information to justify a belief therein.

I(d)

The allegations of Paragraph 1.1(d) of Plaintiff's Petition for Damages are admitted.

I(e)

The allegations of Paragraph 1.1(e) of Plaintiff's Petition for Damages are admitted.

II.

The allegations of Paragraph 1.2 of Plaintiff's Petition for Damages are denied.

III.

The allegations of Paragraph 2.1 of Plaintiff's Petition for Damages are admitted.

IV.

The allegations of Paragraph 3.1 of Plaintiff's Petition for Damages are denied for lack of sufficient information to justify a belief therein.

V.

The allegations of Paragraph 3.2 of Plaintiff's Petition for Damages are denied for lack of sufficient information to justify a belief therein.

VI.

The allegations of Paragraph 3.3 of Plaintiff's Petition for Damages are denied for lack of sufficient information to justify a belief therein.

VII.

The allegations of Paragraph 3.4 of Plaintiff's Petition for Damages are admitted.

VIII.

The allegations of Paragraph 3.5 of Plaintiff's Petition for Damages are denied for lack of sufficient information to justify a belief therein.

IX.

The allegations of Paragraph 3.6 of Plaintiff's Petition for Damages are denied for lack of sufficient information to justify a belief therein.

X. (a)

The allegations of Paragraph 4.1(a) of Plaintiff's Petition for Damages relate to a party other than these defendants, and therefore require no response. To the extent a response is required, the allegations of Paragraph 4.1(a) are denied for lack of sufficient information to justify a belief therein.

- 2 -

Poole State Record
0030

### X. (b)

The allegations of Paragraph 4.1(b) of Plaintiff's Petition for Damages relate to a party other than these defendants, and therefore require no response.   To the extent a response is required, the allegations of Paragraph 4.1(b) are denied for lack of sufficient information to justify a belief therein.

### X. (c)

The allegations of Paragraph 4.1(c) of Plaintiff's Petition for Damages relate to a party other than these defendants, and therefore require no response.   To the extent a response is required, the allegations of Paragraph 4.1(c) are denied for lack of sufficient information to justify a belief therein.

### X. (d)

The allegations of Paragraph 4.1(d) of Plaintiff's Petition for Damages relate to a party other than these defendants, and therefore require no response.   To the extent a response is required, the allegations of Paragraph 4.1(d) are denied for lack of sufficient information to justify a belief therein.  These defendants specifically deny that any alleged defect was known to them at any time while the subject RV was in their possession or control, or that it could have been known to them.

### X. (e)

The allegations of Paragraph 4.1(e) of Plaintiff's Petition for Damages relate to a party other than these defendants, and therefore require no response.   To the extent a response is required, the allegations of Paragraph 4.1(e) are denied for lack of sufficient information to justify a belief therein.

### XI. (a)

The allegations of Paragraph 4.2(a) of Plaintiff's Petition for Damages relate to a party other than these defendants, and therefore require no response.   To the extent a response is required, the allegations of Paragraph 4.2(a) are denied for lack of sufficient information to justify a belief therein.

### XI. (b)

The allegations of Paragraph 4.2(b) of Plaintiff's Petition for Damages relate to a party other than these defendants, and therefore require no response.   To the extent a response is

Poole State Record
0031

required, the allegations of Paragraph 4.2(b) are denied for lack of sufficient information to justify a belief therein.

## XI. (c)

The allegations of Paragraph 4.2(c) of Plaintiff's Petition for Damages relate to a party other than these defendants, and therefore require no response. To the extent a response is required, the allegations of Paragraph 4.2(c) are denied for lack of sufficient information to justify a belief therein.

## XI. (d)

The allegations of Paragraph 4.2(d) of Plaintiff's Petition for Damages relate to a party other than these defendants, and therefore require no response. To the extent a response is required, the allegations of Paragraph 4.2(d) are denied for lack of sufficient information to justify a belief therein. These defendants specifically deny that any alleged defect was known to them at any time while the subject RV was in their possession or control, or that it could have been known to them.

## XI. (e)

The allegations of Paragraph 4.2(e) of Plaintiff's Petition for Damages relate to a party other than these defendants, and therefore require no response. To the extent a response is required, the allegations of Paragraph 4.2(e) are denied for lack of sufficient information to justify a belief therein.

## XII.

The allegations of Paragraph 4.3(a-b) of Plaintiff's Petition for Damages relate to a party other than these defendants, and therefore require no response. To the extent a response is required, the allegations of Paragraph 4.3(a-b) are denied for lack of sufficient information to justify a belief therein.

## XIII.

The allegations of Paragraph 4.4 (a-d) of Plaintiff's Petition for Damages relate to a party other than these defendants, and therefore require no response. To the extent a response is required, the allegations of Paragraph 4.4 (a-d) are denied for lack of sufficient information to justify a belief therein. These defendants specifically deny that any alleged defect was known to them at any time while the subject RV was in their possession or control, or that it could have been known to them.

- 4 -

Poole State Record
0032

### XIV.

The allegations of Paragraph 4.5 of Plaintiff's Petition for Damages relate to a party other than these defendants, and therefore require no response. To the extent a response is required, the allegations of Paragraph 4.5 are denied for lack of sufficient information to justify a belief therein.

### XV.

The allegations of Paragraph 4.6 (a-g) of Plaintiff's Petition for Damages relate to a party other than these defendants, and therefore require no response. To the extent a response is required, the allegations of Paragraph 4.6 are denied for lack of sufficient information to justify a belief therein. These defendants specifically deny that any alleged defect was known to them at any time while the subject RV was in their possession or control, or that it could have been known to them.

### XVI.

The allegations of Paragraph 5.1 of Plaintiff's Petition for Damages relate to a party other than these defendants, and therefore require no response. To the extent a response is required, the allegations of Paragraph 5.1 are denied for lack of sufficient information to justify a belief therein.

### XVII.

The allegations of Paragraph 5.2 of Plaintiff's Petition for Damages are denied for lack of sufficient information to justify a belief therein.

### XVIII.

The allegations of Paragraph 6.1 of Plaintiff's Petition for Damages are denied. These defendants specifically deny that any alleged defect was known to them at any time while the subject RV was in their possession or control, or that it could have been known to them.

### XIX.

The allegations of Paragraph 6.2 of Plaintiff's Petition for Damages are denied.

### XX.

The allegations of Paragraph 6.3 of Plaintiff's Petition for Damages are denied.

### XXI.

The allegations of Paragraph 6.4 of Plaintiff's Petition for Damages are denied.

Poole State Record
0033

XXII.

The allegations of Paragraph 6.5 of Plaintiff's Petition for Damages are denied.

XXIII.

The allegations of Paragraph 7.1 (a-c) of Plaintiff's Petition for Damages are denied for lack of sufficient information to justify a belief therein. Defendants specifically deny any fault in causing plaintiff's damages.

XXIV.

The allegations of Paragraph 7.2 (a-h) of Plaintiff's Petition for Damages are denied for lack of sufficient information to justify a belief therein. Defendants specifically deny any fault in causing plaintiff's damages.

XXV.

The allegations of Paragraph 7.3 of Plaintiff's Petition for Damages are denied for lack of sufficient information to justify a belief therein. Defendants specifically deny any fault in causing plaintiff's damages.

XXVI.

The allegations of Paragraph 7.4 of Plaintiff's Petition for Damages is a legal issue; however, Defendants admit the case is to be tried by jury.

**AND NOW,** in further answer to Plaintiff's Petition for Damages, defendants, April Dosramos and Joshua Dosramos aver as follows:

XXVII.

The damages of which Plaintiff complains were caused entirely by the fault of individuals or entities for whom these defendants have no responsibility, including but not necessarily limited to the fault of the plaintiff, Mitchell Poole, and decedent, Rachael Poole, in the following non-exclusive particulars:

(a) failing to respond to the prevailing conditions as a reasonable person would under the circumstances;

(b) failing to see what they should have seen and react accordingly and appropriately;

(c) failing to take steps necessary to protect themselves from injury;

(d) failing to keep a proper lookout; and

(e) such other acts of fault or negligence which may be shown at the trial of this matter.

- 6 -

Poole State Record
0034

XXVIII.

In the alternative, and only in the event it is proven that Defendants are found to be at fault for or responsible for the accident or injuries complained of herein, which is at all times specifically denied, then in that event, defendants would plead the fault of the above identified individuals or entities, in the nonexclusive particulars described above, as a complete bar to plaintiff's claims herein, or alternatively, to serve to diminish plaintiff's claims herein in proportion to that fault. Defendants also plead the fault of third parties, which fault shall serve as a complete bar to plaintiff's claims herein, or alternatively, reduce any recovery by plaintiff against the defendants in proportion to that fault.

XXIX.

Defendants deny that any items for which they are responsible were in disrepair, or that any vices, or defective or dangerous conditions existed in such item.

XXX.

Defendants aver that any alleged disrepair, vices or defective or dangerous conditions of or on the subject RV at issue herein was of an open and obvious nature.

XXXI.

Alternatively, defendants aver that defendants had no actual or constructive notice of any alleged condition of disrepair or any alleged vice or defective or dangerous condition of or on the RV at issue herein.

XXXII.

Also in the alternative, Defendants exercised reasonable care to address any alleged condition of disrepair or any alleged vices or defective or dangerous condition of or on the RV at issue herein.

XXXIII.

Defendants reserve the right to allege that plaintiff's alleged injuries were totally or partially pre-existing, and in the event it should be found that any pre-existing conditions were aggravated by the alleged incident, defendants aver that any damages recoverable by plaintiff are limited to those resulting from the aggravation alone and not from the pre-existing injuries.

XXXIV.

Defendants affirmatively allege that the plaintiff has failed to mitigate his damages.

Poole State Record
0035

XXXV.

Defendants are entitled to a credit for any payments which may have been made or may be made in the future in connection with the subject incident by any insurance company.

XXXVI.

Defendants expressly reserve their rights to assert any cross-claim, reconventional demand, or third-party demand, as well as any additional affirmative defenses, as discovery progresses and additional facts are learned.

XXXVII.

Plaintiff has failed to state a cause of action against these defendants upon which relief can be granted.

XXXVIII.

Plaintiff's claims are prescribed and/or perempted under relevant state laws.

XXXIX.

Defendants aver that they are not the manufacturer of the subject RV, and/or had no custody and control over the aspects of the RV plaintiff alleges was defective, and therefore defendants had no responsibility for any acts or omissions of the manufacture or retail seller of the subject RV.

XL.

Defendants, April Dosramos and Joshua Dosramos, request a trial by jury on all issues.

**WHEREFORE,** defendants, April Dosramos and Joshua Dosramos, pray that this Answer be deemed sufficient and after all legal delays and due proceedings had that there be judgment herein in favor of defendants, and against Plaintiff, dismissing Plaintiff' suit, at Plaintiff' cost.

Respectfully Submitted,

**LANCE B. WILLIAMS** (Bar No. 23373)
**MARY W. DALE** (Bar No. 35735)
McCRANIE, SISTRUNK, ANZELMO,
HARDY, McDANIEL & WELCH, LLC
195 Greenbriar Boulevard, Suite 200
Covington, LA  70433
Telephone:  (504) 831-0946
Facsimile:   (800) 977-8810
**ATTORNEYS FOR APRIL DOSRAMOS
AND JOSHUA DOSRAMOS**

- 8 -

Poole State Record
0036

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been served upon:

Joseph E. Ritch, Esq.
Elliott & Ritch, L.L.P.
321 Artesian Street
Corpus Christi, TX  78401
Facsimile:  361 883-3003
Email:  JRitch@ElliottRitch.com

T. Claude Devall, Esq.
Hoffos Devall, LLC
517 W. College Street
Lake Charles, LA   70605-1529
Facsimile: 337-433-2055
Email:  bholmes@HDInjuryLaw.com
*Attorneys for Plaintiff*

Samuel "Chuck" Ward, Jr., Esq.
Elliott & Ritch, L.L.P.
321 Artesian Street
Corpus Christi, TX   78401
Facsimile:  361 883-3003
Email:  samuelcward@aol.com
*Attorneys for Plaintiff*

☒ by e-mail, ☐ by facsimile, ☐ by hand, and/or ☐ by United States Mail, properly addressed and postage prepaid, on this _5th_ day of September, 2017.

LANCE B. WILLIAMS

Poole State Record
0037





## EIGHTEENTH JUDICIAL DISTRICT COURT

## PARISH OF POINTE COUPEE

## STATE OF LOUISIANA

NO. 47903                                                SECTION "D"

### MITCHEL SHANNAN POOLE, INDIVIDUALLY AND ON BEHALF RACHAEL NICHOLE POOLE, DECEASED

### VERSUS

### THOR INDUSTRIES INC., DUTCHMEN MANUFACTURING, INC., RICK'S RV SALES, INC., APRIL DOSRAMOS AND JOSHUA DOSRAMOS

FILED:_____        _____

                                                    DEPUTY CLERK

### REQUEST FOR NOTICE

Defendants, April Dosramos and Joshua Dosramos, in accordance with the provisions of

Article 1571 and 1572 of the Louisiana Code of Civil Procedure, hereby request written notice by

mail of the date and time fixed for any trial or hearing related to the above numbered and captioned

matter, whether for exceptions, rules, trial on the merits, or any other proceeding.

In accordance with the provisions of Article 1913 and 1914 of the Louisiana Code of Civil

Procedure, written notice is also requested of the signing of any order of judgment relating to any

matter, interlocutory or final, in the above numbered and captioned matter.

Respectfully Submitted,

LANCE B. WILLIAMS (Bar No. 23373)
MARY W. DALE (Bar No. 35735)
McCRANIE, SISTRUNK, ANZELMO,
HARDY, McDANIEL & WELCH, LLC
195 Greenbriar Boulevard, Suite 200
Covington, LA  70433
Telephone:  (504) 831-0946
Facsimile:   (800) 977-8810
ATTORNEYS FOR APRIL DOSRAMOS
AND JOSHUA DOSRAMOS

Poole State Record
0038

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been served upon:

Joseph E. Ritch, Esq.
Elliott & Ritch, L.L.P.
321 Artesian Street
Corpus Christi, TX  78401
Facsimile:  361 883-3003
Email:  JRitch@ElliottRitch.com

Samuel "Chuck" Ward, Jr., Esq.
Elliott & Ritch, L.L.P.
321 Artesian Street
Corpus Christi, TX  78401
Facsimile:  361 883-3003
Email:  samuelcward@aol.com
*Attorneys for Plaintiff*

T. Claude Devall, Esq.
Hoffos Devall, LLC
517 W. College Street
Lake Charles, LA  70605-1529
Facsimile:  337-433-2055
Email:  bholmes@HDInjuryLaw.com
*Attorneys for Plaintiff*

☒ by e-mail, ☐ by facsimile, ☐ by hand, and/or ☐ by United States Mail, properly addressed and postage prepaid, on this ___5th___ day of September, 2017.

                                             LANCE B. WILLIAMS

- 2 -

Poole State Record
0039

FAXED
SEP 5 - 2017

2017 SEP 13 PM 2: 28
LANELL SWINDLER LANDRY
CLERK OF COURT & RECORDER
PARISH OF POINTE COUPEE
BK_____ NO_____
RECEIVED & FILED

## EIGHTEENTH JUDICIAL DISTRICT COURT

## PARISH OF POINTE COUPEE

## STATE OF LOUISIANA

NO. 47903                                                  SECTION "D"

### MITCHEL SHANNAN POOLE, INDIVIDUALLY AND ON BEHALF RACHAEL NICHOLE POOLE, DECEASED

### VERSUS

### THOR INDUSTRIES INC., DUTCHMEN MANUFACTURING, INC., RICK'S RV SALES, INC., APRIL DOSRAMOS AND JOSHUA DOSRAMOS

FILED:_____        _____
                                              **DEPUTY CLERK**

### JURY ORDER

LET there be a trial by jury upon applicant for jury trial depositing in the registry of the

Court the sum of $ 5,000 00 for each day the trial will last, said deposit to be

made on the date of trial, and prior to commencement of trial.

New Roads, Louisiana, this 21 day of September, 2017.

_____
**JUDGE**
Elizabeth A. Engolio, Judge

2017 SEP 26 AM 8: 55
LANELL SWINDLER LANDRY
CLERK OF COURT & RECORDER
PARISH OF POINTE COUPEE
BK_____ NO_____
RECEIVED & FILED

ATTEST A TRUE CERTIFIED COPY
9-26-17
DATE FILED 9-26-17
DY. CLERK OF COURT
POINTE COUPEE PARISH
NEW ROADS, LOUISIANA

Poole State Record
0040

MITCHEL SHANNAN POOLE,
INDIVIDUALLY AND ON BEHALF
OF RACHAEL NICHOLE POOLE,
DECEASED

*FAXED*
SEP - 7 2017

versus

THOR INDUSTRIES, INC.,
DUTCHMEN MANUFACTURING,
INC., RICK'S RV SALES, INC., APRIL
DOSRAMOS AND JOSHUA
DOSRAMOS

SUIT NUMBER 47903, SECTION "D"

18TH JUDICIAL DISTRICT COURT

PARISH OF POINTE COUPEE

STATE OF LOUISIANA

### *EX PARTE* MOTION FOR EXTENSION OF TIME

Defendant Thor Industries, Inc. ("Thor") moves the Court to grant a 30-day

extension of time, through <u>October 9, 2017</u>, within which to file responsive

pleadings in this matter.  In support of this motion, Thor represents the following:

1.

Thor Industries, Inc. is the parent corporation of defendant Keystone RV

Company, successor by merger to Dutchmen Manufacturing, Inc.

2.

Thor Industries, Inc. is simply a parent corporation, is a distinct corporate

entity from Keystone, and did not manufacture the recreational vehicle at issue in

this litigation.

3.

On Friday, September 1, 2017, Thor asked the plaintiff to voluntarily dismiss

it as a defendant in this action, and has requested an extension of time to file

responsive pleadings.  As of the date of this motion, the plaintiff has not responded

to either part of Thor's request.

4.

Good cause exists for the Court to grant this motion.  A short 30-day

extension of time will give the plaintiff sufficient time to evaluate Thor's requests

and minimize Thor's legal expenses during that time period.

5.

Thor has submitted a proposed order with its motion.

{B1181083.1}

Poole State Record
0041

Therefore, for the reasons set forth in this motion, defendant Thor Industries, Inc. requests an extension of time through <u>October 9, 2017</u>, within which to file responsive pleadings in this action.

Respectfully submitted,

_____

James C. Percy (La. Bar No. 10413)
Ryan E. Johnson (La. Bar No. 26352), T.A.
Justin Marocco (La. Bar No. 35226)
Jones Walker L.L.P.
8555 United Plaza Blvd., 5th floor
Baton Rouge, LA 70809
Telephone: (225) 248-2000
Facsimile: (225) 248-3080

*Attorneys for Thor Industries, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this day, I have filed this pleading on counsel of record by U.S. Mail as follows:

Joseph E. Ritch
Elliott & Ritch, L.L.P.
321 Artesian St.
Corpus Christi, TX 78401

Samuel Ward, Jr.
Elliott & Ritch, L.L.P.
600 St. Ferdinand St.
Baton Rouge, LA 70802

T. Claude Devall
Hoffos Devall, LLC
517 W. College St.
Lake Charles, LA 70605

Baton Rouge, Louisiana, September ___, 2017.

_____
Ryan E. Johnson

{B1181083.1}

MITCHEL SHANNAN POOLE,
INDIVIDUALLY AND ON BEHALF
OF RACHAEL NICHOLE POOLE,
DECEASED

versus

THOR INDUSTRIES, INC.,
DUTCHMEN MANUFACTURING,
INC., RICK'S RV SALES, INC., APRIL
DOSRAMOS AND JOSHUA
DOSRAMOS

SUIT NUMBER 47903, SECTION "D"

18TH JUDICIAL DISTRICT COURT

PARISH OF POINTE COUPEE

STATE OF LOUISIANA

*FAXED*
SEP - 7 2017

## KEYSTONE RV COMPANY'S ANSWER TO PETITION

Defendant Keystone RV Company ("Keystone"), as successor by merger to

Dutchmen Manufacturing, Inc., responds to the plaintiffs' "Petition for Damages"

("Petition") as follows:

1.

Keystone admits that Thor Industries, Inc., Dutchmen Manufacturing, Inc.,

Ricks RV Sales, Inc., Joshua Dosramos and April Dosramos were all named as

defendants in this action, as alleged in Paragraph 1.1 of the Petition.  Keystone

denies that Dutchmen Manufacturing, Inc. does business in the state of Louisiana,

and Keystone denies the remaining allegations in Paragraph 1.1 of the Petition for

lack of sufficient information to justify a belief therein.

2.

Keystone denies the legal conclusions and factual allegations contained in

Paragraph 1.2 of the Petition.

3.

Paragraph 2.1 of the Petition contain legal conclusions to which no answer is

required by Keystone.

4.

Keystone denies the allegations in Paragraph 3.1 of the Petition for lack of

sufficient information to justify a belief therein.

5.

Keystone denies the allegations in Paragraph 3.2 of the Petition for lack of

sufficient information to justify a belief therein.

{B1176613.1}                          1

Poole State Record
0043

6.

Keystone admits that the plaintiffs' travel trailer was manufactured and originally sold by Dutchmen Manufacturing, Inc. at wholesale to the defendant, Rick's RV Sales, Inc., but denies the remaining allegations in Paragraph 3.3 of the Petition for lack of sufficient information to justify a belief therein.

7.

Keystone denies the allegations in Paragraph 3.4 of the Petition for lack of sufficient information to justify a belief therein.

8.

Keystone denies the allegations in Paragraph 3.5.

9.

Keystone denies the allegations in Paragraph 3.6 of the Petition for lack of sufficient information to justify a belief therein.

10.

Keystone admits that the plaintiffs' travel trailer was manufactured and originally sold by Dutchmen Manufacturing, Inc. at wholesale to the defendant, Rick's RV Sales, Inc., but denies the remaining allegations in Paragraph 4.1(a) of the Petition.

11.

Keystone denies the allegations in Paragraphs 4.1(b), 4.1(c), 4.1(d) and 4.1(e) of the Petition.

12.

Keystone admits that the plaintiffs' travel trailer was manufactured and originally sold by Dutchmen Manufacturing, Inc. at wholesale to the defendant, Rick's RV Sales, Inc. but denies the remaining allegations in Paragraph 4.2(a) of the Petition.

13.

Keystone denies the allegations in Paragraphs 4.2(b), 4.2(c), 4.2(d) and 4.2(e) of the Petition.

Poole State Record
0044

14.

Keystone denies the allegations in Paragraphs 4.3(a) and 4.3(b) of the Petition.

15.

Keystone denies the allegations in Paragraphs 4.4(a), 4.4(b), 4.4(c) and 4.4(d) of the Petition.

16.

Keystone denies the allegations in Paragraph 4.5 of the Petition.

17.

Keystone denies the allegations in Paragraphs 4.6(a), 4.6(b), 4.6(c), 4.6(d), 4.6(e), 4.6(f) and 4.6(g) of the Petition.

18.

Keystone admits the allegations in Paragraph 5.1 of the Petition.

19.

Keystone denies the allegations in Paragraph 5.2 of the Petition for lack of sufficient information to justify a belief therein.

20.

To the extent an answer is required, Keystone denies the allegations in Paragraph 6.1 of the Petition for lack of sufficient information to justify a belief therein.

21.

To the extent an answer is required, Keystone denies the allegations in Paragraph 6.2 of the Petition for lack of sufficient information to justify a belief therein.

22.

To the extent an answer is required, Keystone denies the allegations in Paragraph 6.3 of the Petition for lack of sufficient information to justify a belief therein.

Poole State Record
0045

23.

To the extent an answer is required, Keystone denies the allegations in Paragraph 6.4 of the Petition for lack of sufficient information to justify a belief therein.

24.

To the extent an answer is required, Keystone denies the allegations in Paragraph 6.5 of the Petition for lack of sufficient information to justify a belief therein.

25.

Keystone denies the allegations in Paragraph 7.1 of the Petition, including subparts (a), (b) and (c) of that paragraph of the Petition.

26.

Keystone denies the allegations in Paragraph 7.2 of the Petition, including subparts (a)-(h) of that paragraph of the Petition.

27.

Keystone denies the allegations in Paragraph 7.3 of the Petition.

28.

Paragraph 7.4 of the Petition does not require an answer by Keystone.

## AFFIRMATIVE DEFENSES

Keystone asserts the following affirmative defenses to the claims set forth by the plaintiffs.

1.    To the extent that Keystone is held liable to the plaintiffs, its liability should be reduced and/or eliminated by the comparative fault of the other defendants in this action and/or third parties who may have owned, modified, or repaired the recreational vehicle at issue in this litigation.

2.    Any liability owed by Keystone should be reduced and/or eliminated by the comparative fault of the plaintiff and/or his deceased spouse.

3.    Keystone alleges that the injuries and damages of which plaintiffs complains were legally caused and contributed to by the negligence and/or conduct of other persons or entities, whether named herein or not, and that negligence and/or conduct was an intervening and/or superseding cause of any such injuries and damages. By reason of such intervening acts or events, Keystone's liability, if any, is limited or otherwise barred.

Poole State Record
0046

4.  The particular risks alleged in the Petition were neither known nor should have been known by Keystone, and Keystone was therefore under no duty to warn of any such risks as alleged in the Petition.

5.  The recreational vehicle at issue was altered and/or modified by the plaintiffs, the other defendants in this action and/or third parties, and these alterations and/or modifications were the cause of the injuries sustained by the plaintiffs.

6.  The actions of Keystone's predecessor, Dutchmen Manufacturing, Inc. were not the proximate cause of the injuries suffered by the plaintiff and his wife.

7.  The travel trailer at issue was not unreasonably dangerous in one of the ways defined by the Louisiana Products Liability Act.

8.  No privity of contract exists between the Plaintiffs and Keystone's predecessor, Dutchmen Manufacturing, Inc., and the Plaintiffs are thereby barred from asserting any claim for breach of contract or warranty as against Keystone.

Respectfully submitted,

_James C. Percy (La. Bar No. 10413)_
James C. Percy (La. Bar No. 10413)
Ryan E. Johnson (La. Bar No. 26352), T.A.
Justin Marocco (La. Bar No. 35226)
Jones Walker L.L.P.
8555 United Plaza Blvd., 5th floor
Baton Rouge, LA 70809
Telephone: (225) 248-2000
Facsimile: (225) 248-3080

*Attorneys for Keystone RV Company*

## CERTIFICATE OF SERVICE

I hereby certify that on this day, I have filed this pleading on counsel of record by U.S. Mail as follows:

Joseph E. Ritch
Elliott & Ritch, L.L.P.
321 Artesian St.
Corpus Christi, TX 78401

Samuel Ward, Jr.
Elliott & Ritch, L.L.P.
600 St. Ferdinand St.
Baton Rouge, LA 70802

T. Claude Devall
Hoffos Devall, LLC
517 W. College St.
Lake Charles, LA 70605

Baton Rouge, Louisiana, September 7, 2017.

_____
Ryan E. Johnson

Poole State Record
0047

MITCHEL SHANNAN POOLE,
INDIVIDUALLY AND ON BEHALF
OF RACHAEL NICHOLE POOLE,
DECEASED

FAXED

SEP - 7 2017

versus

THOR INDUSTRIES, INC.,
DUTCHMEN MANUFACTURING,
INC., RICK'S RV SALES, INC., APRIL
DOSRAMOS AND JOSHUA
DOSRAMOS

SUIT NUMBER 47903, SECTION "D"

18TH JUDICIAL DISTRICT COURT

PARISH OF POINTE COUPEE

STATE OF LOUISIANA

2017 SEP 11 PM 1:41
LANELL SNYDER LAMARY
CLERK OF COURT & RECORDER
PARISH OF POINTE COUPEE
BK___ NO___
RECEIVED & FILED

## ORDER

Considering the *Ex Parte* Motion for Extension of Time filed by Defendant

Thor Industries, Inc.,

**IT IS HEREBY ORDERED** that the motion is granted.

**IT IS FURTHER ORDERED** that Thor Industries, Inc.'s deadline to file

responsive pleadings is extended to October 9, 2017.

Plaquemine, Louisiana, this 12 day of September, 2017.

_Elizabeth A. Engolio_

Judge Louisiana 18th Judicial District Court

Judge Elizabeth A. Engolio

2017 SEP 12 AM 10:26
LANELL SNYDER LAMARY
CLERK OF COURT & RECORDER
PARISH OF POINTE COUPEE
BK___ NO___
RECEIVED & FILED

ATTEST A TRUE CERTIFIED COPY
9-13-17
DATE FILED    9-12-17
DY. CLERK OF COURT
POINTE COUPEE PARISH
NEW ROADS, LOUISIANA

{B1181083.1}

Poole State Record
0048

EIGHTEENTH JUDICIAL DISTRICT COURT

PARISH OF POINTE COUPEE

STATE OF LOUISIANA

SUIT NUMBER:   47903                    SECTION: "D"

MITCHEL SHANNAN POOLE, INDIVIDUALLY AND ON BEHALF RACHAEL
NICHOLE POOLE, DECEASED

versus

THOR INDUSTRIES INC., DUTCHMEN MANUFACTURING, INC.,
RICK'S RV SALES, INC., APRIL DOSRAMOS AND JOSHUA DOSRAMOS

## MOTION TO SET SCHEDULING CONFERENCE

NOW INTO COURT, through undersigned counsel, comes Plaintiff, MITCHEL
SHANNAN POOLE, INDIVIDUALLY AND ON BEHALF RACHAEL NICHOLE
POOLE, DECEASED, who represents as follows:

1.

Plaintiff requests that a scheduling conference take place between the Court and
the attorneys in this case to consider the matters set forth in La. Code Civ. P. art. 1551.

2.

The original and a copy of this Motion and accompanying Order are being
delivered to the Clerk of Court pursuant to Rule 9.14 of the Rules for Louisiana District
Courts. Plaintiff respectfully move that the above captioned and numbered cause be set
for a status conference for the purpose of setting discovery deadlines and a trial date
may be selected.

3.

The attorneys to be notified are as follows:

Joseph E. Ritch, Esq.
ELLIOTT & RITCH, LLP
321 Artesian Street
Corpus Christi, TX 78401

H. Minor Pipes, Esq.
Stephen L. Miles, Esq.
Eric J. Drury, Esq.
BARRASSO, USDIN, KUPPERMAN
    FREEMAN & SARVER, L.L.C.

1

Poole State Record
0049

909 Poydras St., Suite 2400
New Orleans, LA 70112

Mr. James C. Percy, Esq.
Mr. Ryan E. Johnson, Esq.
JONES WALKER, L.L.P.
8555 United Plaza Blvd., 5ᵗʰ Floor
Baton Rouge, LA 70809

Mr. Lance Williams
MCCRANIE SISTRUN ANZELMO HARDY MCDANIEL
    & WELCH, LLC
195 Greenbriar Blvd., Suite 200
Covington, LA 70433

                    Respectfully submitted,

                    Joseph E. Ritch (Bar Roll #35414)
                    ELLIOTT & RITCH, L.L.P.
                    321 Artesian Street
                    Corpus Christi, TX 78401
                    Telephone: (361) 883-3000
                    Facsimile: (361) 883-3003
                    Email: JRitch@ElliottRitch.com

                    AND

                    Samuel "Chuck" Ward, Jr. (Bar Roll #29508)
                    SAMUEL C. WARD, JR. & ASSOCIATES
                    660 Saint Ferdinand St.
                    Baton Rouge, LA 70802
                    Telephone: (225) 330-6677
                    Facsimile: (225) 330-6680
                    Email: samuelcward@aol.com

                    AND

                    T. Claude Devall (Bar Roll #29148)
                    HOFFOS DEVALL, LLC
                    517 W. College St.
                    Lake Charles, LA 70605-1529
                    Telephone: (337) 433-2053
                    Facsimile: (337) 433-2055
                    Email: TClaude@HDInjuryLaw.com

          By: _____
                    Joseph E. Ritch (#35414)

                    **ATTORNEYS FOR PLAINTIFF**

2

Poole State Record
0050

## CERTIFICATE OF SERVICE

*10* I hereby certify that a true copy of the above and foregoing instrument has this *10* day of October 2017 been served upon all parties of record in this matter by facsimile, hand-delivery, electronic mail, overnight service or by placing same in the U.S. mail, postage prepaid and properly addressed.

H. Minor Pipes, Esq.
Stephen L. Miles, Esq.
Eric J. Drury, Esq.
BARRASSO, USDIN, KUPPERMAN
   FREEMAN & SARVER, L.L.C.
909 Poydras St., Suite 2400
New Orleans, LA 70112

Mr. James C. Percy, Esq.
Mr. Ryan E. Johnson, Esq.
JONES WALKER, L.L.P.
8555 United Plaza Blvd., 5ᵗʰ Floor
Baton Rouge, LA 70809

Mr. Lance Williams
MCCRANIE SISTRUN ANZELMO HARDY MCDANIEL
   & WELCH, LLC
195 Greenbriar Blvd., Suite 200
Covington, LA 70433

Joseph E. Ritch

3

Poole State Record
0051

EIGHTEENTH JUDICIAL DISTRICT COURT

PARISH OF POINTE COUPEE

STATE OF LOUISIANA

SUIT NUMBER:    47903                SECTION: "D"

MITCHEL SHANNAN POOLE, INDIVIDUALLY AND ON BEHALF RACHAEL
NICHOLE POOLE, DECEASED

versus

THOR INDUSTRIES INC., DUTCHMEN MANUFACTURING, INC.,
RICK'S RV SALES, INC., APRIL DOSRAMOS AND JOSHUA DOSRAMOS

---

# O R D E R

Considering the above and foregoing Motion to Set Scheduling Conference;

**IT IS HEREBY ORDERED** that a telephonic scheduling conference be set in connection with the above captioned matter on the _____ day of _____, 2017, at _____ o'clock __ M.

Plaquemine, Louisiana this _____ day of _____, 2017.

_____
HONORABLE JUDGE PRESDING

4

Poole State Record
0052

MITCHEL SHANNAN POOLE,
INDIVIDUALLY AND ON BEHALF
OF RACHAEL NICHOLE POOLE,
DECEASED

versus

THOR INDUSTRIES, INC.,
DUTCHMEN MANUFACTURING,
INC., RICK'S RV SALES, INC., APRIL
DOSRAMOS AND JOSHUA
DOSRAMOS

SUIT NUMBER 47903, SECTION "D"

18TH JUDICIAL DISTRICT COURT

PARISH OF POINTE COUPEE

STATE OF LOUISIANA

FAXED
DEC 10 2017

## THOR INDUSTRIES, INC. ANSWER TO PETITION FOR DAMAGES

Defendant Thor Industries, Inc. ("Thor") responds to the plaintiff's "Petition for Damages" ("Petition") as follows:

1.

Thor admits that it was named as a defendant in this action, along with Dutchmen Manufacturing, Inc., Ricks RV Sales, Inc., Joshua Dosramos and April Dosramos, as alleged in Paragraph 1.1 of the Petition. Thor denies that it does business in the state of Louisiana, and Thor denies the remaining allegations in Paragraph 1.1 of the Petition for lack of sufficient information to justify a belief therein.

2.

Thor denies the legal conclusions and factual allegations contained in Paragraph 1.2 of the Petition.

3.

Paragraph 2.1 of the Petition contains legal conclusions to which no answer is required by Thor.

4.

Thor denies the allegations in Paragraph 3.1 of the Petition for lack of sufficient information to justify a belief therein.

5.

Thor denies the allegations in Paragraph 3.2 of the Petition for lack of sufficient information to justify a belief therein.

{B1187400.1}

1

Poole State Record
0053

6.

Thor denies the allegations in Paragraph 3.3 of the Petition for lack of sufficient information to justify a belief therein.

7.

Thor denies the allegations in Paragraph 3.4 of the Petition for lack of sufficient information to justify a belief therein.

8.

Thor denies the allegations in Paragraph 3.5 of the Petition for lack of sufficient information to justify a belief therein.

9.

Thor denies the allegations in Paragraph 3.6 of the Petition for lack of sufficient information to justify a belief therein.

10.

Thor denies the allegations in Paragraph 4.1(a) of the Petition for lack of sufficient information to justify a belief therein.

11.

Thor denies the allegations in Paragraphs 4.1(b), 4.1(c), 4.1(d) and 4.1(e) of the Petition for lack of sufficient information to justify a belief therein.

12.

Thor denies the allegations in Paragraph 4.2(a) of the Petition for lack of sufficient information to justify belief therein.

13.

Thor denies the allegations in Paragraphs 4.2(b), 4.2(c), 4.2(d) and 4.2(e) of the Petition for lack of sufficient information to justify a belief therein.

14.

Thor denies the allegations in Paragraphs 4.3(a) and 4.3(b) of the Petition for lack of sufficient information to justify a belief therein.

15.

Thor denies the allegations in Paragraphs 4.4(a), 4.4(b), 4.4(c) and 4.4(d) of the Petition for lack of sufficient information to justify a belief therein.

Poole State Record
0054

16.

Thor denies the allegations in Paragraph 4.5 of the Petition for lack of sufficient information to justify a belief therein.

17.

Thor denies the allegations in Paragraphs 4.6(a), 4.6(b), 4.6(c), 4.6(d), 4.6(e), 4.6(f) and 4.6(g) of the Petition for lack of sufficient information to justify a belief therein.

18.

Thor denies the allegations in Paragraph 5.1 of the Petition for lack of sufficient information to justify a belief therein.

19.

Thor denies the allegations in Paragraph 5.2 of the Petition for lack of sufficient information to justify a belief therein.

20.

Thor denies the allegations in Paragraph 6.1 of the Petition for lack of sufficient information to justify a belief therein.

21.

Thor denies the allegations in Paragraph 6.2 of the Petition for lack of sufficient information to justify a belief therein.

22.

Thor denies the allegations in Paragraph 6.3 of the Petition for lack of sufficient information to justify a belief therein.

23.

Thor denies the allegations in Paragraph 6.4 of the Petition for lack of sufficient information to justify a belief therein.

24.

Thor denies the allegations in Paragraph 6.5 of the Petition for lack of sufficient information to justify a belief therein.

Poole State Record 0055

25.

Thor denies the allegations in Paragraph 7.1 of the Petition, including

subparts (a), (b) and (c) of that paragraph of the Petition, for lack of sufficient

information to justify a belief therein.

26.

Thor denies the allegations in Paragraph 7.2 of the Petition, including

subparts (a)-(h) of that paragraph of the Petition, for lack of sufficient information

to justify a belief therein.

27.

Thor denies the allegations in Paragraph 7.3 of the Petition for lack of

sufficient information to justify a belief therein.

28.

Paragraph 7.4 of the Petition does not require an answer by Thor.

## AFFIRMATIVE DEFENSES

Thor asserts the following affirmative defenses to the claims set forth by the

plaintiff:

1. Thor did not manufacture or sell the plaintiff's recreational vehicle, nor is it legally liable for the entity which did manufacture the vehicle, under any of the legal theories asserted in the Petition.

2. To the extent that Thor is held liable to the plaintiff, its liability should be reduced and/or eliminated by the comparative fault of the other defendants in this action and/or third parties who may have owned, modified, or repaired the recreational vehicle at issue in this litigation.

3. Any liability owed by Thor should be reduced and/or eliminated by the comparative fault of the plaintiff and/or his deceased spouse.

4. Thor alleges that the injuries and damages of which the plaintiff complains were legally caused and contributed to by the negligence and/or conduct of other persons or entities, whether named herein or not, and that negligence and/or conduct was an intervening and/or superseding cause of any such injuries and damages. By reason of such intervening acts or events, Thor's liability, if any, is limited or otherwise barred.

5. The particular risks alleged in the Petition were neither known nor should have been known by Thor, and Thor was therefore under no duty to warn of any such risks as alleged in the Petition.

6. The recreational vehicle at issue was altered and/or modified by the plaintiff, the other defendants in this action and/or third parties, and these alterations and/or modifications were the cause of the injuries sustained by the plaintiff.

Poole State Record
0056

7. The actions of manufacturer of the recreational vehicle were not the proximate cause of the injuries suffered by the plaintiff and his wife.

8. The travel trailer at issue was not unreasonably dangerous in one of the ways defined by the Louisiana Products Liability Act.

9. No privity of contract exists between the plaintiff and Thor, and therefore the plaintiff is thereby barred from asserting any claim for breach of contract or warranty (express or implied) as against Thor.

Respectfully submitted,

James C. Percy (La. Bar No. 10413)
Ryan E. Johnson (La. Bar No. 26352), T.A.
Justin Marocco (La. Bar No. 35226)
Jones Walker L.L.P.
8555 United Plaza Blvd., 5th floor
Baton Rouge, LA 70809
Telephone: (225) 248-2000
Facsimile: (225) 248-3080

*Attorneys for Thor Industries, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this day, I have filed this pleading on counsel of record by U.S. Mail and email, as follows:

Joseph E. Ritch
Elliott & Ritch, L.L.P.
321 Artesian St.
Corpus Christi, TX 78401
jritch@elliotrich.com

Samuel Ward, Jr.
Elliott & Ritch, L.L.P.
600 St. Ferdinand St.
Baton Rouge, LA 70802
samuelcward@aol.com

T. Claude Devall
Hoffos Devall, LLC
517 W. College St.
Lake Charles, LA 70605
tclaude@hdinjurylaw.com

Lance B. Williams
Mary W. Dale
McCranie, Sistrunk
195 Greenbrier Boulevard, Suite 200
Covington, LA 70433
lbw@mcsalaw.com

Minor Pipes
Eric Drury
Barrasso, Usdin
909 Poydras St, 24th Floor

{B1187400.1}    5

Poole State Record
0057

New Orleans, LA 70112
edrury@barrassousdin.com

Baton Rouge, Louisiana, October 10, 2017.

_____
Ryan E. Johnson

Poole State Record
0058

MITCHEL SHANNAN POOLE,
INDIVIDUALLY AND ON BEHALF
OF RACHAEL NICHOLE POOLE,
DECEASED

SUIT NUMBER 47903, SECTION "D"

~FAXED~
OCT 10 2017

versus

18TH JUDICIAL DISTRICT COURT

THOR INDUSTRIES, INC.,
DUTCHMEN MANUFACTURING,
INC., RICK'S RV SALES, INC., APRIL
DOSRAMOS AND JOSHUA
DOSRAMOS

PARISH OF POINTE COUPEE

STATE OF LOUISIANA

## REQUEST FOR NOTICE

Defendants Thor Industries, Inc. ("Thor") and Keystone RV Company ("Keystone"), as successor by merger to Dutchmen Manufacturing, Inc., hereby request that the Clerk provide them, through undersigned counsel, notice as follows:

    (a)    Pursuant to Louisiana Code of Civil Procedure article 1572, written notice ten days in advance of the date fixed for a trial or hearing of any exception, motion, rule or trial on the merits in the above-captioned proceeding; and

    (b)    Pursuant to Louisiana Code of Civil Procedure articles 1913 and 1914, immediate notice of all interlocutory and final orders and judgments on any exceptions, motions, rules, or the trial on the merits in the above-captioned proceeding.

Respectfully Submitted,

Ryan E. Johnson (La. Bar No. 26352)
Justin Marocco (La. Bar No. 35226)
Jones Walker L.L.P.
8555 United Plaza Blvd., 5th floor
Baton Rouge, LA 70809
Telephone: (225) 248-2000
Facsimile: (225) 248-3080

*Attorneys for Defendants*

{B1187820.1}

1

Poole State Record
0059

## CERTIFICATE OF SERVICE

I hereby certify that on this day, I have served the foregoing pleading on the following counsel of record by U.S. Mail and e-mail as follows:

> Joseph E. Ritch
> Elliott & Ritch, L.L.P.
> 321 Artesian St.
> Corpus Christi, TX 78401
> jritch@elliotrich.com
>
> Samuel Ward, Jr.
> Elliott & Ritch, L.L.P.
> 600 St. Ferdinand St.
> Baton Rouge, LA 70802
> samuelcward@aol.com
>
> T. Claude Devall
> Hoffos Devall, LLC
> 517 W. College St.
> Lake Charles, LA 70605
> tclaude@hdinjurylaw.com
>
> Lance B. Williams
> Mary W. Dale
> McCranie, Sistrunk
> 195 Greenbrier Boulevard, Suite 200
> Covington, LA 70433
> lbw@mcsalaw.com
>
> Minor Pipes
> Eric Drury
> Barrasso, Usdin
> 909 Poydras St, 24th Floor
> New Orleans, LA 70112
> edrury@barrassousdin.com

Baton Rouge, Louisiana, October 10, 2017.

_____
Ryan E. Johnson

Poole State Record
0060

# NOTICE OF ASSIGNMENT

18TH JUDICIAL DISTRICT COURT
PARISH OF POINTE COUPEE
STATE OF LOUISIANA

**MITCHEL SHANNAN POOLE ET AL**

**VERSUS 47903 - D**

**THOR INDUSTRIES INC ET AL**

THIS IS TO ADVISE YOU THAT THE HONORABLE ELIZABETH A. ENGOLIO, JUDGE, ASSIGNED THE ABOVE NUMBERED AND ENTITLED CASE FOR:

**TELEPHONIC SCHEDULING CONFERENCE
ON TUESDAY, NOVEMBER 14, 2017, 9:00 A.M.**

TO BE HELD IN THE **IBERVILLE PARISH COURTHOUSE IN PLAQUEMINE,** LOUISIANA.

CLERK OF COURT'S OFFICE, NEW ROADS, LOUISIANA, OCTOBER 19, 2017.

LANELL SWINDLER LANDRY
CLERK OF COURT
P.O. DRAWER 38
NEW ROADS, LA 70760

BY: _____
    DEPUTY CLERK OF COURT

TO:   JUDGE'S OFFICE

JOSEPH RITCH
321 ARTESIAN ST.
CORPUS CHRISTI, TX 78401

CHUCK WARD JR.
660 ST. FERDINAND ST.
BATON ROUGE, LA 70802

CLAUDE DEVALL
517 W. COLLEGE ST.
LAKE CHARLES, LA 70605

ERIC DRURY
909 POYDRAS ST., SUITE 2400
NEW ORLEANS, LA 70112

RYAN JOHNSON
8555 UNITED PLAZA BLVD., 5TH FLOOR
BATON ROUGE, LA 70809

LANCE WILLIAMS
195 GREENBRIAR BLVD., SUITE 200
COVINGTON, LA 70433

# NOTICE OF ASSIGNMENT
### 18TH JUDICIAL DISTRICT COURT
### PARISH OF POINTE COUPEE
### STATE OF LOUISIANA

**MITCHEL SHANNAN POOLE ET AL**

**VERSUS 47903 - D**

**THOR INDUSTRIES INC ET AL**

THIS IS TO ADVISE YOU THAT THE HONORABLE ELIZABETH A. ENGOLIO, JUDGE, ASSIGNED THE ABOVE NUMBERED AND ENTITLED CASE FOR:

### STATUS CONFERENCE
### ON **FRIDAY, DECEMBER 1, 2017, 11:00 A.M.**
**(In person, unless otherwise determined by the Court.)**

TO BE HELD IN THE **IBERVILLE PARISH COURTHOUSE IN PLAQUEMINE,** LOUISIANA.

CLERK OF COURT'S OFFICE, NEW ROADS, LOUISIANA, NOVEMBER 16, 2017.

LANELL SWINDLER LANDRY
CLERK OF COURT
P.O. DRAWER 38
NEW ROADS, LA  70760

BY: _____
    DEPUTY CLERK OF COURT

TO:    JUDGE'S OFFICE

JOSEPH RITCH
321 ARTESIAN ST.
CORPUS CHRISTI, TX  78401

H. MINOR PIPES
STEPHEN MILES
ERIC DRURY
909 POYDRAS ST., SUITE 2400
NEW ORLEANS, LA  70112

JAMES PERCY
RYAN JOHNSON
8555 UNITED PLAZA BLVD., 5TH FLOOR
BATON ROUGE, LA  70809

LANCE WILLIAMS
195 GREENBRIAR BLVD.,SUITE 200
COVINGTON, LA  70433

**MITCHELL SHANNON POOLE**          No: 47903   Division D

**VERSUS**                          **18th Judicial District Court**

**THOR INDUSTRIES**                 **Parish of Pointe Coupee**

                                    **State of Louisiana**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## Order

A **Pre-Trial / Status Conference** was held on the **14th** day of November, 2017.

**Present in Chambers/ Court were:**

| Attorney's Name (Please Print): | Telephone Number: | Fax Number: | Email Address: |
|---|---|---|---|
| Joseph Ritche | | 361-883-3003 | |
| Ryan Johnson | | 248-3080 | |
| Stephen Miles Catherine Thib | | 504-589-9701 | |
| Lance Williams | | 800-977-8810 | |
| | | | |

This is a ☐ **JUDGE** or ☑ **JURY** Trial.

**Date of Trial:** ☐ 1st ☐ 2nd Setting _____ thru _____ @ _____ o'clock

**Pre-trial / Status Conference** December 1, 2017 @ 11:00am o'clock *in person*
**To be held in:** ☑ Plaquemine  ☐ Port Allen  ☐ New Roads  *unless otherwise determined by the Court*

**Pre-Trial memo / Bench Book** _____ Deliver to Plaquemine

**Discovery Cutoff:** July 20, 2018

**Exchange Witness/Exhibit List:** _____

**Hearing on Any Motions Date:** _____ @ _____ o'clock
(May exclude Summary Judgment Motions)

**Special Jury Instructions Due:** _____ email to the court in word

☑ **Jury Bond:**          $5000 due 60 days prior to trial.

**Additional Information:**
Ryan Johnson requested 12 months for discovery; all other parties
agreed to 9 months for discovery.

_____

_____

_____

THIS DONE AND ORDERED in Plaquemine, La, on the **14th** day of November, 2017.

**CLERK:  Please notify**
**all counsel of record.**

                              Judge Elizabeth A. Engolio
                              225-687-5220
                              225-687-5240 (Fax)
                              www.18thjdcd.com
                              18thjdcd.lawclerk@gmail.com

ATTEST A TRUE CERTIFIED COPY
11-16-17
DATE FILED  11-14-17
DY. CLERK OF COURT
POINTE COUPEE PARISH
NEW ROADS, LOUISIANA

EIGHTEENTH JUDICIAL DISTRICT COURT

PARISH OF POINTE COUPEE

STATE OF LOUISIANA

SUIT NUMBER:    47903                SECTION: "D"

MITCHEL SHANNAN POOLE, INDIVIDUALLY AND ON BEHALF RACHAEL
NICHOLE POOLE, DECEASED

versus

THOR INDUSTRIES INC., DUTCHMEN MANUFACTURING, INC.,
RICK'S RV SALES, INC., APRIL DOSRAMOS AND JOSHUA DOSRAMOS

### NOTICE OF DEPOSITION OF THE WITNESS, VINTON WARD
### SUBPOENA DUCES TECUM

TO:      **Vinton Ward**
         **c/o**
         **7 Fire Department District**
         **2815 Forman Rd.**
         **Vinton, LA 70668**
         **Telephone: (337) 589-2901**

Please take notice that the following oral deposition will be taken by the undersigned attorneys, before a Notary Public or some other official authorized by law to take depositions, pursuant to the Louisiana Code of Civil Procedure.

(1)    The witness is:    **VINTON WARD**

(2)    The deposition will begin at **9:30 a.m., January 15, 2018,** and continue from day to day until the same has been completed.

(3)    Place of the deposition will be as follows:

         7 Fire Department District
         2815 Forman Rd.
         Vinton, LA 70668

(4)    The deposition will be taken upon oral examination before a court reporter authorized by law to take depositions.

(5)    Please take notice that the undersigned may cause the deposition to be videotaped.

(6)    Plaintiffs request that the deponent produce at the said time and place the documents and tangible things that are set forth in the Subpoena Duces Tecum, attached to this Notice as "Attachment A."

Respectfully submitted,

Joseph E. Ritch (Bar Roll #35414)
**ELLIOTT & RITCH, L.L.P.**
321 Artesian Street
Corpus Christi, TX 78401
Telephone: (361) 883-3000
Facsimile: (361) 883-3003

Email: JRitch@ElliottRitch.com

AND

Samuel "Chuck" Ward, Jr. (Bar Roll #29508)
**SAMUEL C. WARD, JR. & ASSOCIATES**
660 Saint Ferdinand St.
Baton Rouge, LA 70802
Telephone: (225) 330-6677
Facsimile: (225) 330-6680
Email: samuelcward@aol.com

AND

T. Claude Devall (Bar Roll #29148)
**HOFFOS DEVALL, LLC**
517 W. College St.
Lake Charles, LA  70605-1529
Telephone: (337) 433-2053
Facsimile: (337) 433-2055
Email: TClaude@HDInjuryLaw.com

By: _____
Joseph E. Ritch (#35414)

**ATTORNEYS FOR PLAINTIFF**

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above and foregoing instrument has this
day of November 2017 been served upon all parties of record in this matter by
facsimile, hand-delivery, electronic mail, overnight service or by placing same in the
U.S. mail, postage prepaid and properly addressed.

H. Minor Pipes, Esq.
Stephen L. Miles, Esq.
Eric J. Drury, Esq.
BARRASSO, USDIN, KUPPERMAN
   FREEMAN & SARVER, L.L.C.
909 Poydras St., Suite 2400
New Orleans, LA 70112

Mr. James C. Percy
Mr. Ryan E. Johnson
Mr. Justin Marocoo
JONES WALKER LLP
8555 United Plaza Blvd., 5th Floor
Baton Rouge, LA 70809

Mr. Lance Williams
MCCRANIE SISTRUN ANZELMO HARDY MCDANIEL
   & WELCH, LLC
195 Greenbriar Blvd., Suite 200
Covington, LA 70433

_____
Joseph E. Ritch (#35414)

Poole State Record
0065

## "ATTACHMENT A"

The following books, papers, documents and tangible things (hereinafter "documents") are hereby designed to be produced by the witness at the time and place of the deposition if they have not been previously produced:

(a)    A complete copy of the entire file, including any run sheets, report of incident, Photographs, investigative reports, field notes, witness statements, diagrams, calculations, audio recordings and video footage concerning the incident occurring at 6106 Steward Rd. Lot 106, Vinton, Louisiana involving Rachael Nichole Poole, including any and all other materials reviewed or referenced, whether or not relied upon by Vinton Ward and/or the 7 Fire Department District in the course of preparation and investigation of this matter;

(b)    Any investigative report(s) prepared by or reviewed by Vinton Ward and/or the 7 Fire Department District relating to the above captioned matter;

(c)    A curriculum vitae and/or resume for the witness.

Poole State Record
0066

EIGHTEENTH JUDICIAL DISTRICT COURT

PARISH OF POINTE COUPEE

STATE OF LOUISIANA

SUIT NUMBER:    47903                    SECTION: "D"

MITCHEL SHANNAN POOLE, INDIVIDUALLY AND ON BEHALF RACHAEL
NICHOLE POOLE, DECEASED

versus

THOR INDUSTRIES INC., DUTCHMEN MANUFACTURING, INC.,
RICK'S RV SALES, INC., APRIL DOSRAMOS AND JOSHUA DOSRAMOS

**NOTICE OF DEPOSITION OF THE WITNESS, AMANDA CRYER
SUBPOENA DUCES TECUM**

TO:    **Amanda Cryer**
       **Calcasieu Parish Safety Communication**
       **c/o**
       **SunGard CAD -911**
       **911 Hodges St.**
       **Lake Charles, LA 70601**
       **Telephone: (337) 439-0811**

Please take notice that the following oral deposition will be taken by the undersigned attorneys, before a Notary Public or some other official authorized by law to take depositions, pursuant to the Louisiana Code of Civil Procedure.

(1)    The witness is:    **AMANDA CRYER**

(2)    The deposition will begin at **10:30 a.m., January 15, 2018**, and continue from day to day until the same has been completed.

(3)    Place of the deposition will be as follows:

       Calcasieu Parish Communication District
       911 Hodges St.
       Lake Charles, LA 70601

(4)    The deposition will be taken upon oral examination before a court reporter authorized by law to take depositions.

(5)    Please take notice that the undersigned may cause the deposition to be videotaped.

(6)    Plaintiffs request that the deponent produce at the said time and place the documents and tangible things that are set forth in the Subpoena Duces Tecum, attached to this Notice as "Attachment A."

Respectfully submitted,

Joseph E. Ritch (Bar Roll #35414)
**ELLIOTT & RITCH, L.L.P.**
321 Artesian Street
Corpus Christi, TX 78401
Telephone: (361) 883-3000
Facsimile: (361) 883-3003
Email: JRitch@ElliottRitch.com

AND

Samuel "Chuck" Ward, Jr. (Bar Roll #29508)
**SAMUEL C. WARD, JR. & ASSOCIATES**
660 Saint Ferdinand St.
Baton Rouge, LA 70802
Telephone: (225) 330-6677
Facsimile: (225) 330-6680
Email: samuelcward@aol.com

AND

T. Claude Devall (Bar Roll #29148)
**HOFFOS DEVALL, LLC**
517 W. College St.
Lake Charles, LA  70605-1529
Telephone: (337) 433-2053
Facsimile: (337) 433-2055
Email: TClaude@HDInjuryLaw.com

By: _____
Joseph E. Ritch (#35414)

**ATTORNEYS FOR PLAINTIFF**

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true copy of the above and foregoing instrument has this
16 day of November 2017 been served upon all parties of record in this matter by
facsimile, hand-delivery, electronic mail, overnight service or by placing same in the
U.S. mail, postage prepaid and properly addressed.

H. Minor Pipes, Esq.
Stephen L. Miles, Esq.
Eric J. Drury, Esq.
BARRASSO, USDIN, KUPPERMAN
    FREEMAN & SARVER, L.L.C.
909 Poydras St., Suite 2400
New Orleans, LA 70112

Mr. James C. Percy
Mr. Ryan E. Johnson
Mr. Justin Marocoo
JONES WALKER LLP
8555 United Plaza Blvd., 5th Floor
Baton Rouge, LA 70809

Mr. Lance Williams
MCCRANIE SISTRUN ANZELMO HARDY MCDANIEL
    &  WELCH, LLC
195 Greenbriar Blvd., Suite 200
Covington, LA 70433

_____
Joseph E. Ritch (#35414)

Poole State Record
0068

## "ATTACHMENT A"

The following books, papers, documents and tangible things (hereinafter "documents") are hereby designed to be produced by the witness at the time and place of the deposition if they have not been previously produced:

(a)     A complete copy of the entire file, including any investigative reports, field notes, witness statements, diagrams, calculations, photographs, audio recordings and/or video footage concerning the incident occurring at 6106 Steward Rd., Lot 106, Vinton, Louisiana involving Rachael Nichole Poole, including any and all other materials reviewed or referenced, whether or not relied upon by Amanda Cryer and/or the Calcasieu Parish Communication  Office in the course of preparation and investigation of this matter;

(b)     Any investigative report(s) prepared by or reviewed by Amanda Cryer and/or the Calcasieu Parish Communication's Office relating to the  above captioned matter;

(c)     A curriculum vitae and/or resume for the witness.

Poole State Record
0069

EIGHTEENTH JUDICIAL DISTRICT COURT

PARISH OF POINTE COUPEE

STATE OF LOUISIANA

SUIT NUMBER:    47903                    SECTION: "D"

MITCHEL SHANNAN POOLE, INDIVIDUALLY AND ON BEHALF RACHAEL
NICHOLE POOLE, DECEASED

versus

THOR INDUSTRIES INC., DUTCHMEN MANUFACTURING, INC.,
RICK'S RV SALES, INC., APRIL DOSRAMOS AND JOSHUA DOSRAMOS

**NOTICE OF DEPOSITION OF THE WITNESS, ROBERT WAGGONER
SUBPOENA DUCES TECUM**

TO:    **Deputy Robert Waggoner (#9943)**
       **c/o**
       **Calcasieu Parish Sheriff's Office**
       **5400 E. Broad St.**
       **Lake Charles, LA 70615**
       **Telephone: (337) 491-3700**

Please take notice that the following oral deposition will be taken by the undersigned attorneys, before a Notary Public or some other official authorized by law to take depositions, pursuant to the Louisiana Code of Civil Procedure.

(1)    The witness is:        **DEPUTY ROBERT WAGGONER**

(2)    The deposition will begin at **1:30 p.m., January 15, 2018**, and continue from day to day until the same has been completed.

(3)    Place of the deposition will be as follows:

           Calcasieu Parish Sheriff's Office
           5400 E. Broad St.
           Lake Charles, LA 70615

(4)    The deposition will be taken upon oral examination before a court reporter authorized by law to take depositions.

(5)    Please take notice that the undersigned may cause the deposition to be videotaped.

(6)    Plaintiffs request that the deponent produce at the said time and place the documents and tangible things that are set forth in the Subpoena Duces Tecum, attached to this Notice as "Attachment A."

Respectfully submitted,

Joseph E. Ritch (Bar Roll #35414)
**ELLIOTT & RITCH, L.L.P.**
321 Artesian Street
Corpus Christi, TX 78401
Telephone: (361) 883-3000
Facsimile: (361) 883-3003
Email: JRitch@ElliottRitch.com

AND

Samuel "Chuck" Ward, Jr. (Bar Roll #29508)
**SAMUEL C. WARD, JR. & ASSOCIATES**
660 Saint Ferdinand St.
Baton Rouge, LA 70802
Telephone: (225) 330-6677
Facsimile: (225) 330-6680
Email: samuelcward@aol.com

AND

T. Claude Devall (Bar Roll #29148)
**HOFFOS DEVALL, LLC**
517 W. College St.
Lake Charles, LA 70605-1529
Telephone: (337) 433-2053
Facsimile: (337) 433-2055
Email: TClaude@HDInjuryLaw.com

By: _____
Joseph E. Ritch (#35414)

**ATTORNEYS FOR PLAINTIFF**

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true copy of the above and foregoing instrument has this ___ day of November 2017 been served upon all parties of record in this matter by facsimile, hand-delivery, electronic mail, overnight service or by placing same in the U.S. mail, postage prepaid and properly addressed.

H. Minor Pipes, Esq.
Stephen L. Miles, Esq.
Eric J. Drury, Esq.
BARRASSO, USDIN, KUPPERMAN
    FREEMAN & SARVER, L.L.C.
909 Poydras St., Suite 2400
New Orleans, LA 70112

Mr. James C. Percy
Mr. Ryan E. Johnson
Mr. Justin Marocoo
JONES WALKER LLP
8555 United Plaza Blvd., 5th Floor
Baton Rouge, LA 70809

Mr. Lance Williams
MCCRANIE SISTRUN ANZELMO HARDY MCDANIEL
    & WELCH, LLC
195 Greenbriar Blvd., Suite 200
Covington, LA 70433

_____
Joseph E. Ritch (#35414)

Poole State Record
0071

## "ATTACHMENT A"

The following books, papers, documents and tangible things (hereinafter "documents") are hereby designed to be produced by the witness at the time and place of the deposition if they have not been previously produced:

(a)    A complete copy of the entire file, including any photographs, investigative reports, field notes, witness statements, diagrams, calculations, audio recordings and video footage concerning the incident occurring at 6106 Steward Rd. Lot 106, Vinton, Louisiana involving Rachael Nichole Poole, including any and all other materials reviewed or referenced, whether or not relied upon by Deputy Robert Waggoner and/or the Calcasieu Parish Sheriff's Office in the course of preparation and investigation of this matter;

(b)    Any investigative report(s) prepared by or reviewed by Deputy Robert Waggoner and/or the Calcasieu Parish Sheriff's Office relating to the above captioned matter;

(c)    A curriculum vitae and/or resume for the witness.

Poole State Record
0072

EIGHTEENTH JUDICIAL DISTRICT COURT

PARISH OF POINTE COUPEE

STATE OF LOUISIANA

SUIT NUMBER:    47903                    SECTION: "D"

MITCHEL SHANNAN POOLE, INDIVIDUALLY AND ON BEHALF RACHAEL
NICHOLE POOLE, DECEASED

versus

THOR INDUSTRIES INC., DUTCHMEN MANUFACTURING, INC.,
RICK'S RV SALES, INC., APRIL DOSRAMOS AND JOSHUA DOSRAMOS

**NOTICE OF DEPOSITION OF THE WITNESS, JASON ALEXANDER
SUBPOENA DUCES TECUM**

TO:    **Deputy Jason Alexander**
       **c/o**
       **Calcasieu Parish Sheriff's Office**
       **5400 E. Broad St.**
       **Lake Charles, LA 70615**
       **Telephone: (337) 491-3700**

Please take notice that the following oral deposition will be taken by the
undersigned attorneys, before a Notary Public or some other official authorized by law
to take depositions, pursuant to the Louisiana Code of Civil Procedure.

(1)    The witness is:    **DEPUTY JASON ALEXANDER**

(2)    The deposition will begin at **2:30 p.m., January 15, 2018**, and continue
       from day to day until the same has been completed.

(3)    Place of the deposition will be as follows:

       Calcasieu Parish Sheriff's Office
       5400 E. Broad St.
       Lake Charles, LA 70615

(4)    The deposition will be taken upon oral examination before a court
       reporter authorized by law to take depositions.

(5)    Please take notice that the undersigned may cause the deposition to be
       videotaped.

(6)    Plaintiffs request that the deponent produce at the said time and place the
       documents and tangible things that are set forth in the Subpoena Duces
       Tecum, attached to this Notice as "Attachment A."

Respectfully submitted,

Joseph E. Ritch (Bar Roll #35414)
**ELLIOTT & RITCH, L.L.P.**
321 Artesian Street
Corpus Christi, TX 78401
Telephone: (361) 883-3000
Facsimile: (361) 883-3003
Email: JRitch@ElliottRitch.com

AND

Samuel "Chuck" Ward, Jr. (Bar Roll #29508)
**SAMUEL C. WARD, JR. & ASSOCIATES**
660 Saint Ferdinand St.
Baton Rouge, LA 70802
Telephone: (225) 330-6677
Facsimile: (225) 330-6680
Email: samuelcward@aol.com

AND

T. Claude Devall (Bar Roll #29148)
**HOFFOS DEVALL, LLC**
517 W. College St.
Lake Charles, LA  70605-1529
Telephone: (337) 433-2053
Facsimile: (337) 433-2055
Email: TClaude@HDInjuryLaw.com

By: _____
        Joseph E. Ritch (#35414)

**ATTORNEYS FOR PLAINTIFF**

<u>CERTIFICATE OF SERVICE</u>

        I hereby certify that a true copy of the above and foregoing instrument has this ___16___ day of November 2017 been served upon all parties of record in this matter by facsimile, hand-delivery, electronic mail, overnight service or by placing same in the U.S. mail, postage prepaid and properly addressed.

H. Minor Pipes, Esq.
Stephen L. Miles, Esq.
Eric J. Drury, Esq.
BARRASSO, USDIN, KUPPERMAN
    FREEMAN & SARVER, L.L.C.
909 Poydras St., Suite 2400
New Orleans, LA 70112

Mr. James C. Percy
Mr. Ryan E. Johnson
Mr. Justin Marocco
JONES WALKER LLP
8555 United Plaza Blvd., 5th Floor
Baton Rouge, LA 70809

Mr. Lance Williams
MCCRANIE SISTRUN ANZELMO HARDY MCDANIEL
    &  WELCH, LLC
195 Greenbriar Blvd., Suite 200
Covington, LA 70433

_____
Joseph E. Ritch (#35414)

Poole State Record
0074

## "ATTACHMENT A"

The following books, papers, documents and tangible things (hereinafter "documents") are hereby designed to be produced by the witness at the time and place of the deposition if they have not been previously produced:

(a)    A complete copy of the entire file, including any investigative reports, field notes, witness statements, photographs, diagrams, calculations, audio recordings and video footage concerning the incident occurring at 6106 Steward Rd. Lot 106, Vinton, Louisiana involving Rachael Nichole Poole, including any and all other materials reviewed or referenced, whether or not relied upon by Deputy Jason Alexander and/or the Calcasieu Parish Sheriff's Office in the course of preparation and investigation of this matter;

(b)    Any investigative report(s) prepared by or reviewed by Deputy Jason Alexander and/or the Calcasieu Parish Sheriff's Office relating to the above captioned matter;

(c)    A curriculum vitae and/or resume for the witness.

Poole State Record
0075

EIGHTEENTH JUDICIAL DISTRICT COURT

PARISH OF POINTE COUPEE

STATE OF LOUISIANA

SUIT NUMBER:    47903                    SECTION: "D"

MITCHEL SHANNAN POOLE, INDIVIDUALLY AND ON BEHALF RACHAEL
NICHOLE POOLE, DECEASED

versus

THOR INDUSTRIES INC., DUTCHMEN MANUFACTURING, INC.,
RICK'S RV SALES, INC., APRIL DOSRAMOS AND JOSHUA DOSRAMOS

**NOTICE OF DEPOSITION OF THE WITNESS, RANDY ANTOINE
SUBPOENA DUCES TECUM**

TO:    **Deputy Randy Antoine (#10111)**
       **c/o**
       **Calcasieu Parish Sheriff's Office**
       **5400 E. Broad St.**
       **Lake Charles, LA 70615**
       **Telephone: (337) 491-3700**

Please take notice that the following oral deposition will be taken by the undersigned attorneys, before a Notary Public or some other official authorized by law to take depositions, pursuant to the Louisiana Code of Civil Procedure.

(1)    The witness is:    **DEPUTY RANDY ANTOINE**

(2)    The deposition will begin at **3:30 p.m., January 15, 2018**, and continue from day to day until the same has been completed.

(3)    Place of the deposition will be as follows:

       Calcasieu Parish Sheriff's Office
       5400 E. Broad St.
       Lake Charles, LA 70615

(4)    The deposition will be taken upon oral examination before a court reporter authorized by law to take depositions.

(5)    Please take notice that the undersigned may cause the deposition to be videotaped.

(6)    Plaintiffs request that the deponent produce at the said time and place the documents and tangible things that are set forth in the Subpoena Duces Tecum, attached to this Notice as "Attachment A."

Respectfully submitted,

Joseph E. Ritch (Bar Roll #35414)
**ELLIOTT & RITCH, L.L.P.**
321 Artesian Street
Corpus Christi, TX 78401
Telephone: (361) 883-3000
Facsimile: (361) 883-3003
Email: JRitch@ElliottRitch.com

AND

Samuel "Chuck" Ward, Jr. (Bar Roll #29508)
**SAMUEL C. WARD, JR. & ASSOCIATES**
660 Saint Ferdinand St.
Baton Rouge, LA 70802
Telephone: (225) 330-6677
Facsimile: (225) 330-6680
Email: samuelcward@aol.com

AND

T. Claude Devall (Bar Roll #29148)
**HOFFOS DEVALL, LLC**
517 W. College St.
Lake Charles, LA 70605-1529
Telephone: (337) 433-2053
Facsimile: (337) 433-2055
Email: TClaude@HDInjuryLaw.com

By: _____
         Joseph E. Ritch (#35414)

**ATTORNEYS FOR PLAINTIFF**

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true copy of the above and foregoing instrument has this ___ day of November 2017 been served upon all parties of record in this matter by facsimile, hand-delivery, electronic mail, overnight service or by placing same in the U.S. mail, postage prepaid and properly addressed.

H. Minor Pipes, Esq.
Stephen L. Miles, Esq.
Eric J. Drury, Esq.
BARRASSO, USDIN, KUPPERMAN
   FREEMAN & SARVER, L.L.C.
909 Poydras St., Suite 2400
New Orleans, LA 70112

Mr. James C. Percy
Mr. Ryan E. Johnson
Mr. Justin Marocco
JONES WALKER LLP
8555 United Plaza Blvd., 5th Floor
Baton Rouge, LA 70809

Mr. Lance Williams
MCCRANIE SISTRUN ANZELMO HARDY MCDANIEL
   & WELCH, LLC
195 Greenbriar Blvd., Suite 200
Covington, LA 70433

_____
Joseph E. Ritch (#35414)

Poole State Record
0077

## "ATTACHMENT A"

The following books, papers, documents and tangible things (hereinafter "documents") are hereby designed to be produced by the witness at the time and place of the deposition if they have not been previously produced:

(a)     A complete copy of the entire file, including any photographs, investigative reports, field notes, witness statements, diagrams, calculations, audio recordings and video footage concerning the incident occurring at 6106 Steward Rd. Lot 106, Vinton, Louisiana involving Rachael Nichole Poole, including any and all other materials reviewed or referenced, whether or not relied upon by Deputy Randy Antoine and/or the Calcasieu Parish Sheriff's Office in the course of preparation and investigation of this matter;

(b)     Any investigative report(s) prepared by or reviewed by Deputy Randy Antoine and/or the Calcasieu Parish Sheriff's Office relating to the  above captioned matter;

(c)     A curriculum vitae and/or resume for the witness.

Poole State Record
0078

EIGHTEENTH JUDICIAL DISTRICT COURT

PARISH OF POINTE COUPEE

STATE OF LOUISIANA

SUIT NUMBER:    47903            SECTION: "D"

MITCHEL SHANNAN POOLE, INDIVIDUALLY AND ON BEHALF RACHAEL
NICHOLE POOLE, DECEASED

versus

THOR INDUSTRIES INC., DUTCHMEN MANUFACTURING, INC.,
RICK'S RV SALES, INC., APRIL DOSRAMOS AND JOSHUA DOSRAMOS

**NOTICE OF DEPOSITION OF THE WITNESS, BRANDON PERESICH
SUBPOENA DUCES TECUM**

TO:    **Deputy Brandon Peresich (#3082)
c/o
Calcasieu Parish Sheriff's Office
5400 E. Broad St.
Lake Charles, LA 70615
Telephone: (337) 491-3700**

Please take notice that the following oral deposition will be taken by the undersigned attorneys, before a Notary Public or some other official authorized by law to take depositions, pursuant to the Louisiana Code of Civil Procedure.

(1)    The witness is:    **DEPUTY BRANDON PERESICH**

(2)    The deposition will begin at **4:00 p.m., January 15, 2018**, and continue from day to day until the same has been completed.

(3)    Place of the deposition will be as follows:

Calcasieu Parish Sheriff's Office
5400 E. Broad St.
Lake Charles, LA 70615

(4)    The deposition will be taken upon oral examination before a court reporter authorized by law to take depositions.

(5)    Please take notice that the undersigned may cause the deposition to be videotaped.

(6)    Plaintiffs request that the deponent produce at the said time and place the documents and tangible things that are set forth in the Subpoena Duces Tecum, attached to this Notice as "Attachment A."

Respectfully submitted,

Joseph E. Ritch (Bar Roll #35414)
**ELLIOTT & RITCH, L.L.P.**
321 Artesian Street
Corpus Christi, TX 78401
Telephone: (361) 883-3000
Facsimile: (361) 883-3003
Email: JRitch@ElliottRitch.com

Poole State Record
0079

AND

Samuel "Chuck" Ward, Jr. (Bar Roll #29508)
**SAMUEL C. WARD, JR. & ASSOCIATES**
660 Saint Ferdinand St.
Baton Rouge, LA 70802
Telephone: (225) 330-6677
Facsimile: (225) 330-6680
Email: samuelcward@aol.com

AND

T. Claude Devall (Bar Roll #29148)
**HOFFOS DEVALL, LLC**
517 W. College St.
Lake Charles, LA 70605-1529
Telephone: (337) 433-2053
Facsimile: (337) 433-2055
Email: TClaude@HDInjuryLaw.com

By: _____
Joseph E. Ritch (#35414)

**ATTORNEYS FOR PLAINTIFF**

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true copy of the above and foregoing instrument has this
16 day of November 2017 been served upon all parties of record in this matter by
facsimile, hand-delivery, electronic mail, overnight service or by placing same in the
U.S. mail, postage prepaid and properly addressed.

H. Minor Pipes, Esq.
Stephen L. Miles, Esq.
Eric J. Drury, Esq.
BARRASSO, USDIN, KUPPERMAN
    FREEMAN & SARVER, L.L.C.
909 Poydras St., Suite 2400
New Orleans, LA 70112

Mr. James C. Percy
Mr. Ryan E. Johnson
Mr. Justin Marocco
JONES WALKER LLP
8555 United Plaza Blvd., 5th Floor
Baton Rouge, LA 70809

Mr. Lance Williams
MCCRANIE SISTRUN ANZELMO HARDY MCDANIEL
    & WELCH, LLC
195 Greenbriar Blvd., Suite 200
Covington, LA 70433

_____
Joseph E. Ritch (#35414)

Poole State Record
0080

## "ATTACHMENT A"

The following books, papers, documents and tangible things (hereinafter "documents") are hereby designed to be produced by the witness at the time and place of the deposition if they have not been previously produced:

(a)    A complete copy of the entire file, including any photographs, investigative reports, field notes, witness statements, diagrams, calculations, audio recordings and video footage concerning the incident occurring at 6106 Steward Rd. Lot 106, Vinton, Louisiana involving Rachael Nichole Poole, including any and all other materials reviewed or referenced, whether or not relied upon by Deputy Brandon Peresich and/or the Calcasieu Parish Sheriff's Office in the course of preparation and investigation of this matter;

(b)    Any investigative report(s) prepared by or reviewed by Deputy Brandon Peresich and/or the Calcasieu Parish Sheriff's Office relating to the above captioned matter;

(c)    A curriculum vitae and/or resume for the witness.

Poole State Record
0081

EIGHTEENTH JUDICIAL DISTRICT COURT

PARISH OF POINTE COUPEE

STATE OF LOUISIANA

SUIT NUMBER:    47903                    SECTION: "D"

MITCHEL SHANNAN POOLE, INDIVIDUALLY AND ON BEHALF RACHAEL
NICHOLE POOLE, DECEASED

versus

THOR INDUSTRIES INC., DUTCHMEN MANUFACTURING, INC.,
RICK'S RV SALES, INC., APRIL DOSRAMOS AND JOSHUA DOSRAMOS

### NOTICE OF DEPOSITION OF THE WITNESS, DR. TERRY WELKE SUBPOENA DUCES TECUM

TO:    **Terry Welke, M.D.**
       **c/o**
       **Calcasieu Parish Coroner's Office**
       **707 E. Prien Lake Rd., Suite B**
       **Lake Charles, LA 70601**

Please take notice that the following oral deposition will be taken by the undersigned attorneys, before a Notary Public or some other official authorized by law to take depositions, pursuant to the Louisiana Code of Civil Procedure.

(1)    The witness is:    **DR. TERRY WELKE**

(2)    The deposition will begin at **9:30 a.m., January 16, 2018**, and continue from day to day until the same has been completed.

(3)    Place of the deposition will be as follows:

       Calcasieu Parish Coroner's Office
       707 E. Prien Rd., Suite B
       Lake Charles, LA 70601

(4)    The deposition will be taken upon oral examination before a court reporter authorized by law to take depositions.

(5)    Please take notice that the undersigned may cause the deposition to be videotaped.

(6)    Plaintiffs request that the deponent produce at the said time and place the documents and tangible things that are set forth in the Subpoena Duces Tecum, attached to this Notice as "Attachment A."

Respectfully submitted,

Joseph E. Ritch (Bar Roll #35414)
**ELLIOTT & RITCH, L.L.P.**
321 Artesian Street
Corpus Christi, TX 78401
Telephone: (361) 883-3000
Facsimile: (361) 883-3003
Email: JRitch@ElliottRitch.com

AND

Samuel "Chuck" Ward, Jr. (Bar Roll #29508)
**SAMUEL C. WARD, JR. & ASSOCIATES**
660 Saint Ferdinand St.
Baton Rouge, LA 70802
Telephone: (225) 330-6677
Facsimile: (225) 330-6680
Email: samuelcward@aol.com

AND

T. Claude Devall (Bar Roll #29148)
**HOFFOS DEVALL, LLC**
517 W. College St.
Lake Charles, LA 70605-1529
Telephone: (337) 433-2053
Facsimile: (337) 433-2055
Email: TClaude@HDInjuryLaw.com

By: _____
Joseph E. Ritch (#35414)

**ATTORNEYS FOR PLAINTIFF**

CERTIFICATE OF SERVICE

    I hereby certify that a true copy of the above and foregoing instrument has this ___ day of November 2017 been served upon all parties of record in this matter by facsimile, hand-delivery, electronic mail, overnight service or by placing same in the U.S. mail, postage prepaid and properly addressed.

H. Minor Pipes, Esq.
Stephen L. Miles, Esq.
Eric J. Drury, Esq.
BARRASSO, USDIN, KUPPERMAN
   FREEMAN & SARVER, L.L.C.
909 Poydras St., Suite 2400
New Orleans, LA 70112

Mr. James C. Percy
Mr. Ryan E. Johnson
Mr. Justin Marocoo
JONES WALKER LLP
8555 United Plaza Blvd., 5th Floor
Baton Rouge, LA 70809

Mr. Lance Williams
MCCRANIE SISTRUN ANZELMO HARDY MCDANIEL
  & WELCH, LLC
195 Greenbriar Blvd., Suite 200
Covington, LA 70433

_____
Joseph E. Ritch (#35414)

Poole State Record
0083

## "ATTACHMENT A"

The following books, papers, documents and tangible things (hereinafter "documents") are hereby designed to be produced by the witness at the time and place of the deposition if they have not been previously produced:

(a)     A complete copy of the entire file, including any investigative reports, field notes, witness statements, diagrams, calculations, photographs, audio recordings and video footage concerning the incident occurring at 6106 Steward Rd., Lot 106, Vinton, Louisiana involving Rachael Nichole Poole, including any and all other materials reviewed or referenced, whether or not relied upon by Dr. Terry Welke and/or the Calcasieu Parish Coroner's Office in the course of preparation and investigation of this matter;

(b)     Any investigative report(s) prepared by or reviewed by Dr. Terry Welke and/or the Calcasieu Parish Coroner's Office relating to the above captioned matter;

(c)     A curriculum vitae and/or resume for the witness.

Poole State Record
0084

EIGHTEENTH JUDICIAL DISTRICT COURT

PARISH OF POINTE COUPEE

STATE OF LOUISIANA

SUIT NUMBER:    47903                    SECTION: "D"

MITCHEL SHANNAN POOLE, INDIVIDUALLY AND ON BEHALF RACHAEL
NICHOLE POOLE, DECEASED

versus

THOR INDUSTRIES INC., DUTCHMEN MANUFACTURING, INC.,
RICK'S RV SALES, INC., APRIL DOSRAMOS AND JOSHUA DOSRAMOS

<u>**NOTICE OF DEPOSITION OF THE WITNESS, CAROL CALHOUN
SUBPOENA DUCES TECUM**</u>

TO:    **Carol Calhoun, EMT
c/o
Acadian Ambulance      Corporate Office
130 E. Kaliste Saloom Rd.
Lafayette, LA 70508
Telephone: (337) 291-3333**

Please take notice that the following oral deposition will be taken by the

undersigned attorneys, before a Notary Public or some other official authorized by law

to take depositions, pursuant to the Louisiana Code of Civil Procedure.

(1)    The witness is:    **CAROL CALHOUN**

(2)    The deposition will begin at **2:00 P.M., January 16, 2018**, and continue
from day to day until the same has been completed.

(3)    Place of the deposition will be as follows:

**Acadian Ambulance Corporate Office
130 E. Kaliste Saloom Rd.
Lafayette, LA 70508**

(4)    The deposition will be taken upon oral examination before a court
reporter authorized by law to take depositions.

(5)    Please take notice that the undersigned may cause the deposition to be
videotaped.

(6)    Plaintiffs request that the deponent produce at the said time and place the
documents and tangible things that are set forth in the Subpoena Duces
Tecum, attached to this Notice as "Attachment A."

Respectfully submitted,

Joseph E. Ritch (Bar Roll #35414)
**ELLIOTT & RITCH, L.L.P.**
321 Artesian Street
Corpus Christi, TX 78401
Telephone: (361) 883-3000
Facsimile: (361) 883-3003
Email: JRitch@ElliottRitch.com

AND

Samuel "Chuck" Ward, Jr. (Bar Roll #29508)
**SAMUEL C. WARD, JR. & ASSOCIATES**
660 Saint Ferdinand St.
Baton Rouge, LA 70802
Telephone: (225) 330-6677
Facsimile: (225) 330-6680
Email: samuelcward@aol.com

AND

T. Claude Devall (Bar Roll #29148)
**HOFFOS DEVALL, LLC**
517 W. College St.
Lake Charles, LA  70605-1529
Telephone: (337) 433-2053
Facsimile: (337) 433-2055
Email: TClaude@HDInjuryLaw.com

By: _____
      Joseph E. Ritch (#35414)

**ATTORNEYS FOR PLAINTIFF**

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true copy of the above and foregoing instrument has this ___ day of November 2017 been served upon all parties of record in this matter by facsimile, hand-delivery, electronic mail, overnight service or by placing same in the U.S. mail, postage prepaid and properly addressed.

H. Minor Pipes, Esq.
Stephen L. Miles, Esq.
Eric J. Drury, Esq.
BARRASSO, USDIN, KUPPERMAN
    FREEMAN & SARVER, L.L.C.
909 Poydras St., Suite 2400
New Orleans, LA 70112

Mr. James C. Percy
Mr. Ryan E. Johnson
Mr. Justin Marocco
JONES WALKER LLP
8555 United Plaza Blvd., 5th Floor
Baton Rouge, LA 70809

Mr. Lance Williams
MCCRANIE SISTRUN ANZELMO HARDY MCDANIEL
    & WELCH, LLC
195 Greenbriar Blvd., Suite 200
Covington, LA 70433

_____
Joseph E. Ritch (#35414)

Poole State Record
0086

## "ATTACHMENT A"

The following books, papers, documents and tangible things (hereinafter "documents") are hereby designed to be produced by the witness at the time and place of the deposition if they have not been previously produced:

(a)     A complete copy of the entire file, including any investigative reports, field notes, witness statements, diagrams, calculations, photographs, audio recordings and/or video footage concerning the incident occurring at 6106 Steward Rd., Lot 106, Vinton, Louisiana involving Rachael Nichole Poole, including any and all other materials reviewed or referenced, whether or not relied upon by Carol Calhoun and/or Acadian Ambulance in the course of preparation and investigation of this matter;

(b)     Any investigative report(s) prepared by or reviewed by Carol Calhoun and/or the Acadian Ambulance relating to the above captioned matter;

(c)     A curriculum vitae and/or resume for the witness.

Poole State Record
0087

EIGHTEENTH JUDICIAL DISTRICT COURT

PARISH OF POINTE COUPEE

STATE OF LOUISIANA

SUIT NUMBER:    47903                    SECTION: "D"

MITCHEL SHANNAN POOLE, INDIVIDUALLY AND ON BEHALF RACHAEL
NICHOLE POOLE, DECEASED

versus

THOR INDUSTRIES INC., DUTCHMEN MANUFACTURING, INC.,
RICK'S RV SALES, INC., APRIL DOSRAMOS AND JOSHUA DOSRAMOS

**NOTICE OF DEPOSITION OF THE WITNESS, ANDREW RION**
**SUBPOENA DUCES TECUM**

TO:    **Andrew Rion, EMT**
       **c/o**
       **Acadian Ambulance Corporate Office**
       **130 E. Kaliste Saloom Rd.**
       **Lafayette, LA 70508**
       **Telephone: (337) 291-3333**

Please take notice that the following oral deposition will be taken by the undersigned attorneys, before a Notary Public or some other official authorized by law to take depositions, pursuant to the Louisiana Code of Civil Procedure.

(1)    The witness is:    **ANDREW RION**

(2)    The deposition will begin at **2:30 p.m., January 16, 2018**, and continue from day to day until the same has been completed.

(3)    Place of the deposition will be as follows:

       **Acadian Ambulance Corporate Office**
       **130 E. Kaliste Saloom Rd.**
       **Lafayette, LA 70508**

(4)    The deposition will be taken upon oral examination before a court reporter authorized by law to take depositions.

(5)    Please take notice that the undersigned may cause the deposition to be videotaped.

(6)    Plaintiffs request that the deponent produce at the said time and place the documents and tangible things that are set forth in the Subpoena Duces Tecum, attached to this Notice as "Attachment A."

Respectfully submitted,

Joseph E. Ritch (Bar Roll #35414)
**ELLIOTT & RITCH, L.L.P.**
321 Artesian Street
Corpus Christi, TX  78401
Telephone: (361) 883-3000
Facsimile: (361) 883-3003
Email: JRitch@ElliottRitch.com

AND

Samuel "Chuck" Ward, Jr. (Bar Roll #29508)
**SAMUEL C. WARD, JR. & ASSOCIATES**
660 Saint Ferdinand St.
Baton Rouge, LA 70802
Telephone: (225) 330-6677
Facsimile: (225) 330-6680
Email: samuelcward@aol.com

AND

T. Claude Devall (Bar Roll #29148)
**HOFFOS DEVALL, LLC**
517 W. College St.
Lake Charles, LA 70605-1529
Telephone: (337) 433-2053
Facsimile: (337) 433-2055
Email: TClaude@HDInjuryLaw.com

By: _____
Joseph E. Ritch (#35414)

**ATTORNEYS FOR PLAINTIFF**

<u>CERTIFICATE OF SERVICE</u>

   I hereby certify that a true copy of the above and foregoing instrument has this
16 day of November 2017 been served upon all parties of record in this matter by
facsimile, hand-delivery, electronic mail, overnight service or by placing same in the
U.S. mail, postage prepaid and properly addressed.

H. Minor Pipes, Esq.
Stephen L. Miles, Esq.
Eric J. Drury, Esq.
BARRASSO, USDIN, KUPPERMAN
   FREEMAN & SARVER, L.L.C.
909 Poydras St., Suite 2400
New Orleans, LA 70112

Mr. James C. Percy
Mr. Ryan E. Johnson
Mr. Justin Marocoo
JONES WALKER LLP
8555 United Plaza Blvd., 5th Floor
Baton Rouge, LA 70809

Mr. Lance Williams
MCCRANIE SISTRUN ANZELMO HARDY MCDANIEL
   & WELCH, LLC
195 Greenbriar Blvd., Suite 200
Covington, LA 70433

_____
Joseph E. Ritch (#35414)

Poole State Record
0089

## "ATTACHMENT A"

The following books, papers, documents and tangible things (hereinafter "documents") are hereby designed to be produced by the witness at the time and place of the deposition if they have not been previously produced:

(a)    A complete copy of the entire file, including any investigative reports, field notes, witness statements, diagrams, calculations, photographs, audio recordings and/or video footage concerning the incident occurring at 6106 Steward Rd., Lot 106, Vinton, Louisiana involving Rachael Nichole Poole, including any and all other materials reviewed or referenced, whether or not relied upon by Andrew Rion and/or Acadian Ambulance in the course of preparation and investigation of this matter;

(b)    Any investigative report(s) prepared by or reviewed by Andrew Rion and/or the Acadian Ambulance relating to the above captioned matter;

(c)    A curriculum vitae and/or resume for the witness.

Poole State Record
0090

EIGHTEENTH JUDICIAL DISTRICT COURT

PARISH OF POINTE COUPEE

STATE OF LOUISIANA

SUIT NUMBER:    47903                    SECTION: "D"

MITCHEL SHANNAN POOLE, INDIVIDUALLY AND ON BEHALF RACHAEL
NICHOLE POOLE, DECEASED

versus

THOR INDUSTRIES INC., DUTCHMEN MANUFACTURING, INC.,
RICK'S RV SALES, INC., APRIL DOSRAMOS AND JOSHUA DOSRAMOS

## NOTICE OF DEPOSITION OF THE WITNESS, SHELBY ARABIE.
## SUBPOENA DUCES TECUM

TO:    **Shelbie Arabie**
       **c/o**
       **Custom Concepts & Technology**
       **7616 Johnson St.**
       **P.O. Box 99**
       **Maurice, LA 70555**

Please take notice that the following oral deposition will be taken by the undersigned attorneys, before a Notary Public or some other official authorized by law to take depositions, pursuant to the Louisiana Code of Civil Procedure.

(1)    The witness is:    **SHELBIE ARABIE**

(2)    The deposition will begin at **4:00 p.m., January 16, 2018**, and continue from day to day until the same has been completed.

(3)    Place of the deposition will be as follows:

       Custom Concepts & Technology
       7616 Johnson St.
       Maurice, LA 70555

(4)    The deposition will be taken upon oral examination before a court reporter authorized by law to take depositions.

(5)    Please take notice that the undersigned may cause the deposition to be videotaped.

(6)    Plaintiffs request that the deponent produce at the said time and place the documents and tangible things that are set forth in the Subpoena Duces Tecum, attached to this Notice as "Attachment A."

Respectfully submitted,

Joseph E. Ritch (Bar Roll #35414)
**ELLIOTT & RITCH, L.L.P.**
321 Artesian Street
Corpus Christi, TX 78401
Telephone: (361) 883-3000
Facsimile: (361) 883-3003
Email: JRitch@ElliottRitch.com

AND

Samuel "Chuck" Ward, Jr. (Bar Roll #29508)
**SAMUEL C. WARD, JR. & ASSOCIATES**
660 Saint Ferdinand St.
Baton Rouge, LA 70802
Telephone: (225) 330-6677
Facsimile: (225) 330-6680
Email: samuelcward@aol.com

AND

T. Claude Devall (Bar Roll #29148)
**HOFFOS DEVALL, LLC**
517 W. College St.
Lake Charles, LA  70605-1529
Telephone: (337) 433-2053
Facsimile: (337) 433-2055
Email: TClaude@HDInjuryLaw.com

By: _____
     Joseph E. Ritch (#35414)

**ATTORNEYS FOR PLAINTIFF**

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above and foregoing instrument has this _16_ day of November 2017 been served upon all parties of record in this matter by facsimile, hand-delivery, electronic mail, overnight service or by placing same in the U.S. mail, postage prepaid and properly addressed.

H. Minor Pipes, Esq.
Stephen L. Miles, Esq.
Eric J. Drury, Esq.
BARRASSO, USDIN, KUPPERMAN
    FREEMAN & SARVER, L.L.C.
909 Poydras St., Suite 2400
New Orleans, LA 70112

Mr. James C. Percy
Mr. Ryan E. Johnson
Mr. Justin Marocco
JONES WALKER LLP
8555 United Plaza Blvd., 5th Floor
Baton Rouge, LA 70809

Mr. Lance Williams
MCCRANIE SISTRUN ANZELMO HARDY MCDANIEL
    &  WELCH, LLC
195 Greenbriar Blvd., Suite 200
Covington, LA 70433

_____
Joseph E. Ritch (#35414)

Poole State Record
0092

## "ATTACHMENT A"

The following books, papers, documents and tangible things (hereinafter "documents") are hereby designed to be produced by the witness at the time and place of the deposition if they have not been previously produced:

(a)     A complete copy of the entire file, including any photographs, investigative reports, field notes, witness statements, diagrams, calculations, audio recordings and video footage concerning the incident occurring at 6106 Steward Rd. Lot 106, Vinton, Louisiana involving Rachael Nichole Poole, including any and all other materials reviewed or referenced, whether or not relied upon by Shelbie Arebie in the course of preparation and investigation of this matter;

(b)     Any investigative report(s) prepared by or reviewed by Shelbie Arebie relating to the  above captioned matter;

(c)     A curriculum vitae and/or resume for the witness.

Poole State Record
0093

MITCHEL SHANNAN POOLE,
INDIVIDUALLY AND ON BEHALF OF
RACHAEL NICHOLE POOLE,
DECEASED

VERSUS

THOR INDUSTRIES, INC.,
DUTCHMEN MANUFACTURING, INC.,
RICK'S RV SALES, INC., APRIL
DOSRAMOS AND JOSHUA DOSRAMOS

NO. 47,903, SECTION D

18TH JUDICIAL DISTRICT COURT

POINTE COUPEE PARISH

STATE OF LOUISIANA



## SUBPOENA DUCES TECUM

TO:   W-INDUSTRIES OF LOUISIANA, LLC
      D/B/A Control Concepts and Technology
      Through its registered agent:
      Carol Duhon
      1113 Johnston Street
      Lafayette, LA 70501

**CLERK, Pointe Coupee Parish** - Please issue a subpoena to the above party as directed below.

**YOU ARE COMMANDED** to produce and permit inspection and copying of the documents or objects described in **Exhibit A** to this subpoena at the place, date and time specified below pursuant to the provisions of Article 1354 et seq. and 1463 of the Louisiana Code of Civil Procedure. A copy of Article 1354 of the Louisiana Code of Civil Procedure is attached to this Subpoena as **Exhibit B.**

**PLEASE NOTE**: If the requested documents are provided ahead of time, there is no need for any individual to appear at the time and location listed below.

| PLACE: | DATE AND TIME: |
|---|---|
| Offices of Jones Walker L.L.P.<br>600 Lafayette Street, Suite 1600<br>Lafayette, Louisiana 70501<br>Phone: 337-593-7600 | December 15, 2017 at 9:30 a.m. |

Issued at the request of, and, fees and cost guaranteed by the undersigned.

**ATTORNEY**                    Attorney's signature

**NAME AND BAR NUMBER**         Ryan E. Johnson (Bar. No. 26352)
**ADDRESS & TELEPHONE NUMBER**  8555 United Plaza Blvd., Fifth Floor
                                Baton Rouge, Louisiana, 70809-7000
                                (225) 248-2000

This Subpoena was issued by the Clerk of Court on the _____ day of
_____, 2017.

_____
Clerk of Court for 18th JDC, Pointe Coupee Parish, Louisiana

Poole State Record
0094

EXHIBIT "A" to the Subpoena Duces Tecum
To W-INDUSTRIES OF LOUISIANA, LLC
D/B/A Control Concepts and Technology

I.    **Definitions:** As used herein the following definitions apply:

1.    The term "document" shall mean any written, printed, non-printed, typed, photocopied, photographic, reproduced and graphic matter of any kind or character and any recorded or stored information, however produced or reproduced, in "your" possession, custody, or control, including  (without limiting the generality of the foregoing), affidavits, agreements, automatic computer backup files, books, calendars, communications, computer files, contracts, correspondence, desk pads, diaries, diary or calendar entries, e-mail messages, electronic bulletin board messages, interim or tentative drafts, journals and journal entities, ledgers and ledger entries, lists, memoranda, minutes and minute entries, notes, printouts, records of meetings, conferences and telephone or other conferences, conversations or communications, reports, statements, studies, telegrams, telexes, printed copies of electronic mail, teletypes and/or workpapers, and information stored in computers or other data storage or processing equipment, or in magnetic or electronic media, microfilm or microfiche or other form which can be retrieved or printed out or reduced to readable form through proper programming, decoding or processing, together with necessary instructions for understanding, using or reproducing same.

The term "document" also includes originals "and" all copies of documents containing notes, notations, comments, observations, remarks, underscoring, marks made for emphasis, highlighting, "or" attention "and" encircling, relating or referring in any way to the subject matter of these interrogatories.

2.    The terms "you" and "your" shall mean W-Industries of Louisiana, LLC and/or Control Concepts and Technology "and" every individual who, because acting in "your" behalf, can furnish information, including any person acting as a representative in the investigation or preparation of this action "and" "your" agents, secretaries, paralegals, attorneys, investigators "and" representatives having knowledge of any matter which is the subject of this subpoena duces tecum who can furnish information.

3.    Words herein of any gender shall be deemed to include all other genders and the singular be deemed to encompass the plural.

4.    The terms "and" and "or" include the conjunctive "and," the disjunctive "or," and the words "and/or."

5.    The term "Poole Investigation" means all investigation and/or analysis of any type performed by you related to the injuries sustained by Rachael Nichole Poole on or about February 24, 2017 (including, but not limited to any such investigation and/or analysis related to the Dutchmen recreational vehicle owned by Mitchel Shannan Poole and/or Rachael Nichole Poole).

II.    **Items Requested:**

1.    All documents generated by you in connection with the Poole Investigation.

Poole State Record
0095

2.    All documents you reviewed in connection with the Poole Investigation.

3.    All documents you received in connection with the Poole Investigation.

4.    All documents you sent to any persons or entities in connection with the Poole Investigation.

5.    All reports related to the Poole Investigation, whether completed by you or any other person or entity.

6.    All photographs, videos or other electronically stored information of any type related to the Poole Investigation.

7.    All documents you have sent to counsel for the plaintiffs in the litigation referenced above and/or the Poole Investigation.

8.    All documents you have received from counsel for the plaintiffs in the litigation referenced above and/or the Poole Investigation.

9.    All documents you have sent to the Calcasieu Parish Sheriff's Office in connection with the Poole Investigation.

10.    All documents evidencing any amounts that you have billed and/or payments you have received related to the Poole Investigation.

Poole State Record
0096

EXHIBIT "B" to the Subpoena Duces Tecum
To W-INDUSTRIES OF LOUISIANA, LLC
D/B/A Control Concepts and Technology

**Louisiana Code of Civil Procedure Article 1354.** Subpoena duces tecum

A.  A subpoena may order a person to appear and produce at the trial, deposition, or hearing, books, papers, documents, any other tangible things, or electronically stored information, in his possession or under his control, if a reasonably accurate description thereof is given.  A subpoena may specify the form or forms in which electronically stored information is to be produced.  A party or an attorney requesting the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or cost on a person subject to that subpoena.  The court in which the action is pending in its discretion may vacate or modify the subpoena if it is unreasonable or oppressive.  Except when otherwise required by order of the court, certified copies, extracts, or copies of books, papers, and documents may be produced in obedience to the subpoena duces tecum instead of the originals thereof.  If the party or attorney requesting the subpoena does not specify that the named person shall be ordered to appear, the person may designate another person having knowledge of the contents of the books, papers, documents, other things, or electronically stored information, to appear as his representative.

B.  A person commanded to respond to a subpoena duces tecum may within fifteen days after service of the subpoena or before the time specified for compliance, if such time is less than fifteen days after service, send to the party or attorney designated in the subpoena written objections, with supporting reasons, to any or all of the requests, including objection to the production of electronically stored information in the form or forms requested.  If objection is so made, the party serving the subpoena may file a motion to compel compliance with the subpoena and may move for sanctions for failure to reasonably comply.

C.  A person responding to a subpoena to produce books, papers, or documents shall produce them as they are kept in the usual course of business or may organize and label them to correspond with the categories in the demand.

D.  If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena may produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably useable.

E.  A person responding to a subpoena need not produce the same electronically stored information in more than one form.

F.  A person responding to a subpoena need not produce books, papers, documents, or electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost.  On motion to compel production or to quash, the person from whom production is sought shall show that the information sought is not reasonably accessible because of undue burden or cost.  If that showing is made, the court may nonetheless order production from such sources if the requesting party shows good cause.  The court may specify conditions, including an allocation of the costs, for the production.

G.  When the person subpoenaed is an adverse party, the party requesting the subpoena duces tecum may accompany his request with a written request under oath as to what facts he believes the books, papers, documents, electronically stored information, or tangible things will prove, and a copy of such statement shall be attached to the subpoena.  If the party subpoenaed fails to comply with the subpoena, the facts set forth in the written statement shall be taken as confessed, and in addition the party subpoenaed shall be subject to the penalties set forth in Article 1357.

H.  Subpoenas duces tecum shall reproduce in full the provisions of this Article.

Poole State Record
0097

NO. 47903                                                          DIVISION: "D"

MITCHEL SHANNAN POOLE, INDIVIDUALLY AND ON BEHALF OF RACHEL
NICHOLE POOLE, DECEASED

VERSUS

THOR INDUSTRIES, INC., DUTCHMEN MANUFACTURING, INC.,
RICK'S RV SALES, INC., APRIL DOSRAMOS AND JOSHUA DOSRAMOS

FILED:_____          _____
                                                      DEPUTY CLERK

### RICK'S RV SALES, INC.'S
### MOTION TO ENROLL ADDITIONAL COUNSEL OF RECORD

Defendant Rick's RV Sales, Inc. ("Rick's") respectfully moves to enroll

Catherine P. Thibodeaux (Bar No. 37895) of the law firm of Barrasso Usdin Kupperman

Freeman & Sarver, L.L.C., 909 Poydras Street, 24th Floor, New Orleans, Louisiana 70112 as

additional counsel of record for Rick's in this proceeding. H. Minor Pipes, III and Stephen L.

Miles of the law firm of Barrasso Usdin Kupperman Freeman & Sarver, L.L.C. will continue

representing Rick's in the above-captioned matter.

**WHEREFORE**, Rick's RV Sales, Inc. prays that this Court grant this motion and

enter an Order permitting Catherine P. Thibodeaux of the law firm of Barrasso Usdin

Kupperman Freeman & Sarver, L.L.C. to enroll as additional counsel of record.

Respectfully submitted,

*Catherine Thibodeaux*

H. Minor Pipes, III, 24603
Stephen L. Miles, 31263
Catherine P. Thibodeaux, 37895
BARRASSO USDIN KUPPERMAN
  FREEMAN & SARVER, L.L.C.
909 Poydras Street, 24th Floor
New Orleans, Louisiana 70112
Telephone: (504) 589-9700
Facsimile: (504) 589-9701

*Attorneys for Defendant Rick's RV Sales, Inc.*

I hereby certify that a copy of the above and foregoing Motion to Enroll Additional Counsel of Record has been served upon all counsel by electronic transmission, this 21st day of November, 2017.

Catherine Thibodeaux

Poole State Record
0099

STATE OF LOUISIANA

NO. 47903                                              DIVISION: "D"

MITCHEL SHANNAN POOLE, INDIVIDUALLY AND ON BEHALF OF RACHEL
NICHOLE POOLE, DECEASED

VERSUS

THOR INDUSTRIES, INC., DUTCHMEN MANUFACTURING, INC.,
RICK'S RV SALES, INC., APRIL DOSRAMOS AND JOSHUA DOSRAMOS

FILED:_____          _____
                                                   DEPUTY CLERK

### ORDER

Considering the foregoing Motion to Enroll Additional Counsel of Record;

**IT IS HEREBY ORDERED** that Catherine P. Thibodeaux (Bar No. 37895) of

the law firm of Barrasso Usdin Kupperman Freeman & Sarver, L.L.C. be and is hereby enrolled

as additional counsel of record for defendant Rick's RV Sales, Inc. in connection with the above-

referenced case.

New Roads, Louisiana, this _____ day of November, 2017.


                              _____
                                          JUDGE

MITCHEL SHANNAN POOLE,
INDIVIDUALLY AND ON BEHALF OF
RACHAEL NICHOLE POOLE,
DECEASED

VERSUS

THOR INDUSTRIES, INC.,
DUTCHMEN MANUFACTURING, INC.,
RICK'S RV SALES, INC., APRIL
DOSRAMOS AND JOSHUA DOSRAMOS

NO. 47,903, SECTION D

18TH JUDICIAL DISTRICT COURT

POINTE COUPEE PARISH

STATE OF LOUISIANA

### SUBPOENA DUCES TECUM



TO:  W-INDUSTRIES OF LOUISIANA, LLC
     D/B/A Control Concepts and Technology
     Through its registered agent:
     Corporation Service Company
     501 Louisiana Avenue
     Baton Rouge, LA 70802

**CLERK, Pointe Coupee Parish** - Please issue a subpoena to the above
party as directed below.

YOU ARE COMMANDED to produce and permit inspection and copying of
the documents or objects described in **Exhibit A** to this subpoena at the place, date
and time specified below pursuant to the provisions of Article 1354 et seq. and 1463
of the Louisiana Code of Civil Procedure.  A copy of Article 1354 of the Louisiana
Code of Civil Procedure is attached to this Subpoena as **Exhibit B**.

<u>PLEASE NOTE</u>:  If the requested documents are provided ahead of
time, there is no need for any individual to appear at the time and
location listed below.

| PLACE: | DATE AND TIME: |
|---|---|
| Offices of Jones Walker L.L.P.<br>8555 United Plaza Boulevard, Suite 500<br>Baton Rouge, Louisiana 70809<br>Phone:  225-248-2000 | December 15, 2017 at 9:30 a.m. |

Issued at the request of, and, fees and cost guaranteed by the undersigned.

ATTORNEY

_____
Attorney's signature

NAME AND BAR
NUMBER
ADDRESS &
TELEPHONE NUMBER

Ryan E. Johnson (Bar. No. 26352)
8555 United Plaza Blvd., Fifth Floor
Baton Rouge, Louisiana, 70809-7000
(225) 248-2000

This Subpoena was issued by the Clerk of Court on the ___28th___ day of
___Nov___, 2017.

_____
Clerk of Court for 18th JDC, Pointe Coupee Parish, Louisiana

{B1191792.2}

1

Poole State Record
0101

EXHIBIT "A" to the Subpoena Duces Tecum
To W-INDUSTRIES OF LOUISIANA, LLC
D/B/A Control Concepts and Technology

I.    **Definitions:** As used herein the following definitions apply:

1.    The term "document" shall mean any written, printed, non-printed, typed, photocopied, photographic, reproduced and graphic matter of any kind or character and any recorded or stored information, however produced or reproduced, in "your" possession, custody, or control, including (without limiting the generality of the foregoing), affidavits, agreements, automatic computer backup files, books, calendars, communications, computer files, contracts, correspondence, desk pads, diaries, diary or calendar entries, e-mail messages, electronic bulletin board messages, interim or tentative drafts, journals and journal entities, ledgers and ledger entries, lists, memoranda, minutes and minute entries, notes, printouts, records of meetings, conferences and telephone or other conferences, conversations or communications, reports, statements, studies, telegrams, telexes, printed copies of electronic mail, teletypes and/or workpapers, and information stored in computers or other data storage or processing equipment, or in magnetic or electronic media, microfilm or microfiche or other form which can be retrieved or printed out or reduced to readable form through proper programming, decoding or processing, together with necessary instructions for understanding, using or reproducing same.

The term "document" also includes originals "and" all copies of documents containing notes, notations, comments, observations, remarks, underscoring, marks made for emphasis, highlighting, "or" attention "and" encircling, relating or referring in any way to the subject matter of these interrogatories.

2.    The terms "you" and "your" shall mean W-Industries of Louisiana, LLC and/or Control Concepts and Technology "and" every individual who, because acting in "your" behalf, can furnish information, including any person acting as a representative in the investigation or preparation of this action "and" "your" agents, secretaries, paralegals, attorneys, investigators "and" representatives having knowledge of any matter which is the subject of this subpoena duces tecum who can furnish information.

3.    Words herein of any gender shall be deemed to include all other genders and the singular be deemed to encompass the plural.

4.    The terms "and" and "or" include the conjunctive "and," the disjunctive "or," and the words "and/or."

5.    The term "Poole Investigation" means all investigation and/or analysis of any type performed by you related to the injuries sustained by Rachael Nichole Poole on or about February 24, 2017 (including, but not limited to any such investigation and/or analysis related to the Dutchmen recreational vehicle owned by Mitchel Shannan Poole and/or Rachael Nichole Poole).

II.    **Items Requested:**

1.    All documents generated by you in connection with the Poole Investigation.

Poole State Record
0102

2.  All documents you reviewed in connection with the Poole Investigation.

3.  All documents you received in connection with the Poole Investigation.

4.  All documents you sent to any persons or entities in connection with the Poole Investigation.

5.  All reports related to the Poole Investigation, whether completed by you or any other person or entity.

6.  All photographs, videos or other electronically stored information of any type related to the Poole Investigation.

7.  All documents you have sent to counsel for the plaintiffs in the litigation referenced above and/or the Poole Investigation.

8.  All documents you have received from counsel for the plaintiffs in the litigation referenced above and/or the Poole Investigation.

9.  All documents you have sent to the Calcasieu Parish Sheriff's Office in connection with the Poole Investigation.

10. All documents evidencing any amounts that you have billed and/or payments you have received related to the Poole Investigation.

Poole State Record
0103

EXHIBIT "B" to the Subpoena Duces Tecum
To W-INDUSTRIES OF LOUISIANA, LLC
D/B/A Control Concepts and Technology

Louisiana Code of Civil Procedure Article 1354.  Subpoena duces tecum

A.  A subpoena may order a person to appear and produce at the trial, deposition, or hearing, books, papers, documents, any other tangible things, or electronically stored information, in his possession or under his control, if a reasonably accurate description thereof is given.  A subpoena may specify the form or forms in which electronically stored information is to be produced.  A party or an attorney requesting the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or cost on a person subject to that subpoena.  The court in which the action is pending in its discretion may vacate or modify the subpoena if it is unreasonable or oppressive.  Except when otherwise required by order of the court, certified copies, extracts, or copies of books, papers, and documents may be produced in obedience to the subpoena duces tecum instead of the originals thereof.  If the party or attorney requesting the subpoena does not specify that the named person shall be ordered to appear, the person may designate another person having knowledge of the contents of the books, papers, documents, other things, or electronically stored information, to appear as his representative.

B.  A person commanded to respond to a subpoena duces tecum may within fifteen days after service of the subpoena or before the time specified for compliance, if such time is less than fifteen days after service, send to the party or attorney designated in the subpoena written objections, with supporting reasons, to any or all of the requests, including objection to the production of electronically stored information in the form or forms requested.  If objection is so made, the party serving the subpoena may file a motion to compel compliance with the subpoena and may move for sanctions for failure to reasonably comply.

C.  A person responding to a subpoena to produce books, papers, or documents shall produce them as they are kept in the usual course of business or may organize and label them to correspond with the categories in the demand.

D.  If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena may produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably useable.

E.  A person responding to a subpoena need not produce the same electronically stored information in more than one form.

F.  A person responding to a subpoena need not produce books, papers, documents, or electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost.  On motion to compel production or to quash, the person from whom production is sought shall show that the information sought is not reasonably accessible because of undue burden or cost.  If that showing is made, the court may nonetheless order production from such sources if the requesting party shows good cause.  The court may specify conditions, including an allocation of the costs, for the production.

G.  When the person subpoenaed is an adverse party, the party requesting the subpoena duces tecum may accompany his request with a written request under oath as to what facts he believes the books, papers, documents, electronically stored information, or tangible things will prove, and a copy of such statement shall be attached to the subpoena.  If the party subpoenaed fails to comply with the subpoena, the facts set forth in the written statement shall be taken as confessed, and in addition the party subpoenaed shall be subject to the penalties set forth in Article 1357.

H.  Subpoenas duces tecum shall reproduce in full the provisions of this Article.

Poole State Record
0104

EIGHTEENTH JUDICIAL DISTRICT COURT

PARISH OF POINTE COUPEE

STATE OF LOUISIANA

SUIT NUMBER:    47903                    SECTION: "D"

MITCHEL SHANNAN POOLE, INDIVIDUALLY AND ON BEHALF RACHAEL
NICHOLE POOLE, DECEASED

versus

THOR INDUSTRIES INC., DUTCHMEN MANUFACTURING, INC.,
RICK'S RV SALES, INC., APRIL DOSRAMOS AND JOSHUA DOSRAMOS

## NOTICE OF DEPOSITION OF THE WITNESS, VINTON WARD SUBPOENA DUCES TECUM

**TO:**     **Chief Ray McClelland**
**Vinton Ward 7 Fire Department District**
**2815 Forman Rd.**
**Vinton, LA 70668**
**Telephone: (337) 589-2901**

Please take notice that the following oral deposition will be taken by the undersigned attorneys, before a Notary Public or some other official authorized by law to take depositions, pursuant to the Louisiana Code of Civil Procedure.

(1)    The witness is:    **Chief Ray McClelland, Vinton Ward 7 Fire Dept District**

(2)    The deposition will begin at **9:30 a.m., January 15, 2018**, and continue from day to day until the same has been completed.

(3)    Place of the deposition will be as follows:

      7 Fire Department District
      2815 Forman Rd.
      Vinton, LA 70668

(4)    The deposition will be taken upon oral examination before a court reporter authorized by law to take depositions.

(5)    Please take notice that the undersigned may cause the deposition to be videotaped.

(6)    Plaintiffs request that the deponent produce at the said time and place the documents and tangible things that are set forth in the Subpoena Duces Tecum, attached to this Notice as "Attachment A."

               Respectfully submitted,

               Joseph E. Ritch (Bar Roll #35414)
               **ELLIOTT & RITCH, L.L.P.**
               321 Artesian Street
               Corpus Christi, TX 78401
               Telephone: (361) 883-3000
               Facsimile: (361) 883-3003
               Email: JRitch@ElliottRitch.com

AND

Samuel "Chuck" Ward, Jr. (Bar Roll #29508)
**SAMUEL C. WARD, JR. & ASSOCIATES**
660 Saint Ferdinand St.
Baton Rouge, LA 70802
Telephone: (225) 330-6677
Facsimile: (225) 330-6680
Email: samuelcward@aol.com

AND

T. Claude Devall (Bar Roll #29148)
**HOFFOS DEVALL, LLC**
517 W. College St.
Lake Charles, LA  70605-1529
Telephone: (337) 433-2053
Facsimile: (337) 433-2055
Email: TClaude@HDInjuryLaw.com

By _____
   Joseph E. Ritch (#35414)

**ATTORNEYS FOR PLAINTIFF**

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true copy of the above and foregoing instrument has this
___ day of December 2017 been served upon all parties of record in this matter by
facsimile, hand-delivery, electronic mail, overnight service or by placing same in the
U.S. mail, postage prepaid and properly addressed.

H. Minor Pipes, Esq.
Stephen L. Miles, Esq.
Eric J. Drury, Esq.
BARRASSO, USDIN, KUPPERMAN
    FREEMAN & SARVER, L.L.C.
909 Poydras St., Suite 2400
New Orleans, LA 70112

Mr. James C. Percy
Mr. Ryan E. Johnson
Mr. Justin Marocoo
JONES WALKER LLP
8555 United Plaza Blvd., 5th Floor
Baton Rouge, LA 70809

Mr. Lance Williams
MCCRANIE SISTRUN ANZELMO HARDY MCDANIEL
    & WELCH, LLC
195 Greenbriar Blvd., Suite 200
Covington, LA 70433

_____
   Joseph E. Ritch (#35414)

Poole State Record
0106

## "ATTACHMENT A"

The following books, papers, documents and tangible things (hereinafter "documents") are hereby designed to be produced by the witness at the time and place of the deposition if they have not been previously produced:

(a)   A complete copy of the entire file, including any run sheets, report of incident, Photographs, investigative reports, field notes, witness statements, diagrams, calculations, audio recordings and video footage concerning the incident occurring at 6106 Steward Rd. Lot 106, Vinton, Louisiana involving Rachael Nichole Poole, including any and all other materials reviewed or referenced, whether or not relied upon by Vinton Ward and/or the 7 Fire Department District in the course of preparation and investigation of this matter;

(b)   Any investigative report(s) prepared by or reviewed by Vinton Ward and/or the 7 Fire Department District relating to the above captioned matter;

(c)   A curriculum vitae and/or resume for the witness.

Poole State Record
0107

EIGHTEENTH JUDICIAL DISTRICT COURT

PARISH OF POINTE COUPEE

STATE OF LOUISIANA

SUIT NUMBER:    47903                    SECTION: "D"

MITCHEL SHANNAN POOLE, INDIVIDUALLY AND ON BEHALF RACHAEL
NICHOLE POOLE, DECEASED

versus

THOR INDUSTRIES INC., DUTCHMEN MANUFACTURING, INC.,
RICK'S RV SALES, INC., APRIL DOSRAMOS AND JOSHUA DOSRAMOS

## NOTICE OF DEPOSITION OF THE WITNESS, JASON ALEXANDER
## SUBPOENA DUCES TECUM

TO:      **Melissa Durflinger**
         **c/o**
         **Calcasieu Parish Sheriff's Office**
         **5400 E. Broad St.**
         **Lake Charles, LA 70615**
         **Telephone: (337) 491-3700**


Please take notice that the following oral deposition will be taken by the undersigned attorneys, before a Notary Public or some other official authorized by law to take depositions, pursuant to the Louisiana Code of Civil Procedure.

(1)   The witness is:   **Melissa Durflinger**

(2)   The deposition will begin at **2:30 p.m., January 15, 2018,** and continue from day to day until the same has been completed.

(3)   Place of the deposition will be as follows:

      Calcasieu Parish Sheriff's Office
      5400 E. Broad St.
      Lake Charles, LA 70615

(4)   The deposition will be taken upon oral examination before a court reporter authorized by law to take depositions.

(5)   Please take notice that the undersigned may cause the deposition to be videotaped.

(6)   Plaintiffs request that the deponent produce at the said time and place the documents and tangible things that are set forth in the Subpoena Duces Tecum, attached to this Notice as "Attachment A."

                          Respectfully submitted,

                          Joseph E. Ritch (Bar Roll #35414)
                          **ELLIOTT & RITCH, L.L.P.**
                          321 Artesian Street
                          Corpus Christi, TX 78401
                          Telephone: (361) 883-3000
                          Facsimile: (361) 883-3003
                          Email: JRitch@ElliottRitch.com

AND

Samuel "Chuck" Ward, Jr. (Bar Roll #29508)
**SAMUEL C. WARD, JR. & ASSOCIATES**
660 Saint Ferdinand St.
Baton Rouge, LA 70802
Telephone: (225) 330-6677
Facsimile: (225) 330-6680
Email: samuelcward@aol.com

AND

T. Claude Devall (Bar Roll #29148)
**HOFFOS DEVALL, LLC**
517 W. College St.
Lake Charles, LA  70605-1529
Telephone: (337) 433-2053
Facsimile: (337) 433-2055
Email: TClaude@HDInjuryLaw.com

By: _____
Joseph E. Ritch (#35414)

**ATTORNEYS FOR PLAINTIFF**

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true copy of the above and foregoing instrument has this _____ day of December 2017 been served upon all parties of record in this matter by facsimile, hand-delivery, electronic mail, overnight service or by placing same in the U.S. mail, postage prepaid and properly addressed.

H. Minor Pipes, Esq.
Stephen L. Miles, Esq.
Eric J. Drury, Esq.
BARRASSO, USDIN, KUPPERMAN
    FREEMAN & SARVER, L.L.C.
909 Poydras St., Suite 2400
New Orleans, LA 70112

Mr. James C. Percy
Mr. Ryan E. Johnson
Mr. Justin Marocoo
JONES WALKER LLP
8555 United Plaza Blvd., 5th Floor
Baton Rouge, LA 70809

Mr. Lance Williams
MCCRANIE SISTRUN ANZELMO HARDY MCDANIEL
    &  WELCH, LLC
195 Greenbriar Blvd., Suite 200
Covington, LA 70433

_____
Joseph E. Ritch (#35414)

Poole State Record
0109

## "ATTACHMENT A"

The following books, papers, documents and tangible things (hereinafter "documents") are hereby designed to be produced by the witness at the time and place of the deposition if they have not been previously produced:

(a)    A complete copy of the entire file, including any investigative reports, field notes, witness statements, photographs, diagrams, calculations, audio recordings and video footage concerning the incident occurring at 6106 Steward Rd. Lot 106, Vinton, Louisiana involving Rachael Nichole Poole, including any and all other materials reviewed or referenced, whether or not relied upon by Deputy Jason Alexander and/or the Calcasieu Parish Sheriff's Office in the course of preparation and investigation of this matter;

(b)    Any investigative report(s) prepared by or reviewed by Deputy Jason Alexander and/or the Calcasieu Parish Sheriff's Office relating to the above captioned matter;

(c)    A curriculum vitae and/or resume for the witness.

Poole State Record
0110



18TH JUDICIAL DISTRICT COURT FOR THE PARISH OF POINTE COUPEE

STATE OF LOUISIANA

NO. 47903                                                    DIVISION: "D"

MITCHEL SHANNAN POOLE, INDIVIDUALLY AND ON BEHALF OF RACHAEL
NICHOLE POOLE, DECEASED

VERSUS

THOR INDUSTRIES, INC., DUTCHMEN MANUFACTURING, INC.,
RICK'S RV SALES, INC., APRIL DOSRAMOS AND JOSHUA DOSRAMOS

FAXED

FILED:_____ FEB - 2 2018          _____
                                                              DEPUTY CLERK

### RICK'S RV SALES, INC.'S EX PARTE
### MOTION FOR LEAVE TO FILE CROSS-CLAIM

NOW INTO COURT, through undersigned counsel, comes Rick's RV Sales, Inc.

("Rick's"), defendant in the principal demand, who moves this Honorable Court for leave to file

its Cross-Claim against co-defendant Dutchmen Manufacturing, Inc. ("Dutchmen") and

respectfully represents that:

1.

Mover, Rick's, desires to file its Cross-Claim against Dutchmen to assert a claim

for defense and indemnity based on the Dealer Sales and Service Agreement between Rick's and

Dutchmen.

2.

Dutchmen has been a party to this action since its inception, and the filing of

Mover's Cross-Claim will cause no prejudice and will not retard the progress of this action

because Mover's Cross-Claim does not seek any new sums, but indemnity for sums which

Mover may be required to pay as a result of the fault of Dutchmen.

3.

The deadline for amendment of pleadings established by the Court's Scheduling

Order is February 1, 2018, which date has not passed. Therefore, this Cross-Claim is timely in all

respects.

*1428084_1*

4.

Counsel for Dutchmen Manufacturing, Inc. has no opposition to Rick's Motion for Leave to File its Cross-Claim.

**WHEREFORE**, Rick's RV Sales, Inc. prays that it be granted leave of court to file its Cross-Claim against Dutchmen Manufacturing, Inc., and that the same be filed into the record of these proceedings and served on cross-defendant.

Respectfully submitted,

*Catherine Thibodeaux*

H. Minor Pipes, III, 24603
Stephen L. Miles, 31263
Catherine P. Thibodeaux, 37895
BARRASSO USDIN KUPPERMAN
  FREEMAN & SARVER, L.L.C.
909 Poydras Street, 24th Floor
New Orleans, Louisiana  70112
Telephone:  (504) 589-9700
Facsimile: (504) 589-9701

*Attorneys for Defendant Rick's RV Sales, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served upon all parties of record by facsimile, hand delivery, electronic mail, overnight service, or placing same in the United States mail, postage prepaid and properly addressed, this 1st day of January, 2018.

*Catherine Thibodeaux*



18TH JUDICIAL DISTRICT COURT FOR THE PARISH OF POINTE COUPEE

STATE OF LOUISIANA

NO. 47903                                        DIVISION: "D"

MITCHEL SHANNAN POOLE, INDIVIDUALLY AND ON BEHALF OF RACHAEL
NICHOLE POOLE, DECEASED

VERSUS

THOR INDUSTRIES, INC., DUTCHMEN MANUFACTURING, INC.,
RICK'S RV SALES, INC., APRIL DOSRAMOS AND JOSHUA DOSRAMOS

FILED:_____FAXED_____          _____
              FEB - 2 2018                          DEPUTY CLERK

### ORDER

Considering the foregoing Ex Parte Motion for Leave to File Cross-Claim filed by

Rick's RV Sales, Inc. ("Rick's");

**IT IS HEREBY ORDERED** that the motion is **GRANTED** and that Rick's be

and is hereby granted leave of court to file its Cross-Claim against Dutchmen Manufacturing,

Inc., and that the same be filed into the record of these proceedings.

Plaquemine, Louisiana, this 7th day of February, 2018.

_____
JUDGE ELIZABETH A. ENGOLIO

**PLEASE SERVE:**

**Thor Industries, Inc. and Dutchmen Manufacturing, Inc.**
*through its counsel of record:*
James C. Percy
Ryan E. Johnson
Justin Marocco
Jones Walker, L.L.P.
8555 United Plaza Blvd., 5th Floor
Baton Rouge, LA 70809

**April Dosramos and Joshua Dosramos**
*through their counsel of record:*
Lance B. Williams
Mary W. Dale
McCranie, Sistrunk, Anzelmo, Hardy, McDaniel & Welch, LLC
195 Greenbriar Blvd., Ste. 200
Covington, LA 70433

ATTEST A TRUE CERTIFIED COPY
2-15-18
DATE FILED 2-7-18
DY. CLERK OF COURT
POINTE COUPEE PARISH
NEW ROADS, LOUISIANA

1428084_1

Poole State Record
0113

**Plaintiff, Mitchel Shannan Poole, Individually and on Behalf of Rachael Nichole Poole**
*through his counsel of record:*
Joseph E. Ritch
Elliott & Ritch, L.L.P.
321 Artesian St.
Corpus Christi, TX 78401
and
Samuel "Chuck" Ward, Jr.
Samuel C. Ward, Jr. & Associates
660 Saint Ferdinand St.
Baton Rouge, LA 70802
and
T. Claude Devall
Hoffos Devall, LLC
517 W. College St.
Lake Charles, LA 70605

*1428084_1*

Poole State Record
0114

2018 FEB -6 PM 1:20
LANELL SWINGLER LANDRY
CLERK OF COURT & RECORDER
PARISH OF POINTE COUPEE
BK ___ NO ___
RECEIVED & FILED

18TH JUDICIAL DISTRICT COURT FOR THE PARISH OF POINTE COUPEE

STATE OF LOUISIANA

NO. 47903                                    DIVISION: "D"

MITCHEL SHANNAN POOLE, INDIVIDUALLY AND ON BEHALF OF RACHAEL
NICHOLE POOLE, DECEASED

VERSUS

THOR INDUSTRIES, INC., DUTCHMEN MANUFACTURING, INC.,
RICK'S RV SALES, INC., APRIL DOSRAMOS AND JOSHUA DOSRAMOS

FAXED

FILED:_____FEB - 2 2018_____          _____
                                                              DEPUTY CLERK

### RICK'S RV SALES, INC.'S CROSS-CLAIM

NOW INTO COURT, through undersigned counsel, comes Rick's RV Sales, Inc. ("Rick's"), defendant in the principal demand, who now assumes the position of plaintiff in cross-claim, and respectfully submits this Cross-Claim against defendant and cross-claim defendant Dutchmen Manufacturing, Inc. ("Dutchmen"):

1.

Cross-claim plaintiff, Rick's RV Sales, Inc., is a Louisiana corporation with its principal place of business in Ville Platte, Louisiana.

2.

Cross-claim defendant Dutchmen Manufacturing, Inc. is a Delaware corporation with its principal place of business in the State of Indiana and was, at all times pertinent, doing business in the State of Louisiana.

3.

Plaintiff Mitchel Shannan Poole, Individually and on Behalf of Rachael Nichole Poole ("Plaintiff") filed a Petition for Damages against Rick's and Dutchmen, among other parties on July 14, 2017.

4.

Plaintiff's Petition for Damages seeks damages in connection with an accident on or about February 24, 2017, in which he alleges that a travel trailer became energized, allegedly resulting in Rachael Nichole Poole's death.

*1428084_1*

5.

Rick's adopts by reference as if set forth herein *in extenso* all of the allegations of Plaintiff against Dutchmen as asserted by Plaintiff in his Petition for Damages insofar as said allegations assert the fault, negligence, and liability of Dutchmen, including Plaintiff's claims against Dutchmen under the Louisiana Products Liability Act and Plaintiff's claims against Dutchmen for other acts of negligence.

6.

On August 22, 2017, Rick's filed an Answer to Plaintiff's Petition for Damages, denying liability for the damages alleged.

7.

Specifically, Rick's denies Plaintiff's allegations and denies that its actions or inactions caused any damage to Plaintiff.

8.

While denying any and all liability, Rick's brings this cross-claim against Dutchmen for indemnity against any liability of Rick's caused by Dutchmen's actual or alleged actions or inactions.

9.

Pursuant to the Dealer Sales and Service Agreement between Rick's and Dutchmen, Dutchmen is obligated to defend, indemnify, and hold harmless Rick's from and against all claims, actions, damages, liabilities, obligations, and costs (including attorney's fees) arising out of or relating to:

    1) death to persons claimed to have been caused by an actual or alleged defect in the design, manufacture, or assembly of any Dutchmen Product that could not have been detected by Rick's by a reasonable pre-delivery inspection, and

    2) failure of any Dutchmen Product, or any standard equipment or material component thereof, to conform to written representations or warranties made by Dutchmen and allegedly relied upon by Rick's customer.

10.

Rick's could not have detected, by a reasonable pre-delivery inspection, any defect in the subject travel trailer resulting in the subject accident.

*1428084_1*

Poole State Record
0116

11.

If it is determined that Rick's is liable, Rick's alleges that it is entitled to indemnity from cross-claim defendant Dutchmen for any and all amounts for which Rick's may be cast in judgment or pay in settlement in the premises of this action as a result of Plaintiff's claims against Rick's, in addition to any other recovery provided by law.

**WHEREFORE**, Rick's RV Sales, Inc. prays that its Cross-Claim be filed into the record of these proceedings, that its Cross-Claim be deemed good and sufficient, and that after due proceedings be had, that judgment be rendered in favor of Rick's finding Dutchmen Manufacturing, Inc. liable to Rick's for any amounts that Rick's may be held to owe Plaintiff pursuant to Plaintiff's Petition for Damages, and awarding all other just and equitable relief to which Rick's is entitled, including legal interest and costs.

Respectfully submitted,

*Catherine Thibodeaux*

H. Minor Pipes, III, 24603
Stephen L. Miles, 31263
Catherine P. Thibodeaux, 37895
BARRASSO USDIN KUPPERMAN
 FREEMAN & SARVER, L.L.C.
909 Poydras Street, 24th Floor
New Orleans, Louisiana 70112
Telephone: (504) 589-9700
Facsimile: (504) 589-9701

*Attorneys for Defendant Rick's RV Sales, Inc.*

**PLEASE SERVE:**

**Thor Industries, Inc. and Dutchmen Manufacturing, Inc.**
*through its counsel of record:*
James C. Percy
Ryan E. Johnson
Justin Marocco
Jones Walker, L.L.P.
8555 United Plaza Blvd., 5th Floor
Baton Rouge, LA 70809

**April Dosramos and Joshua Dosramos**
*through their counsel of record:*
Lance B. Williams
Mary W. Dale
McCranie, Sistrunk, Anzelmo, Hardy, McDaniel & Welch, LLC
195 Greenbriar Blvd., Ste. 200
Covington, LA 70433

*1428084_1*

**Plaintiff, Mitchel Shannan Poole, Individually and on Behalf of Rachael Nichole Poole**
*through his counsel of record:*
Joseph E. Ritch
Elliott & Ritch, L.L.P.
321 Artesian St.
Corpus Christi, TX 78401
and

Samuel "Chuck" Ward, Jr.
Samuel C. Ward, Jr. & Associates
660 Saint Ferdinand St.
Baton Rouge, LA 70802
and
T. Claude Devall
Hoffos Devall, LLC
517 W. College St.
Lake Charles, LA 70605

## <u>CERTIFICATE OF SERVICE</u>

    I hereby certify that a copy of the above and foregoing has been served upon all

parties of record by facsimile, hand delivery, electronic mail, overnight service, or placing same

in the United States mail, postage prepaid and properly addressed, this 1st day of January, 2018.

*Catherine Thibodeaux*

*1428084_1*



18TH JUDICIAL DISTRICT COURT FOR THE PARISH OF POINTE COUPEE

STATE OF LOUISIANA

NO. 47903                                                        DIVISION: "D"

MITCHEL SHANNAN POOLE, INDIVIDUALLY AND ON BEHALF OF RACHAEL
NICHOLE POOLE, DECEASED

VERSUS

THOR INDUSTRIES, INC., DUTCHMEN MANUFACTURING, INC.,
RICK'S RV SALES, INC., APRIL DOSRAMOS AND JOSHUA DOSRAMOS

FAXED

FILED: _____FEB - 2 2018_____        _____

                                                         DEPUTY CLERK

### RICK'S RV SALES, INC.'S EX PARTE MOTION
### FOR LEAVE TO FILE THIRD-PARTY DEMAND

NOW INTO COURT, through undersigned counsel, comes Rick's RV Sales, Inc.

("Rick's"), defendant in the principal demand, who moves this Honorable Court for leave to file

its Third-Party Demand against Keystone RV Company ("Keystone"), as successor by merger to

Rick's co-defendant Dutchmen Manufacturing, Inc. ("Dutchmen"), and respectfully represents

that:

1.

Mover, Rick's, desires to file its Third-Party Demand against Keystone to assert a

claim for defense and indemnity based on the Dealer Sales and Service Agreement between

Rick's and Dutchmen, to which Keystone is successor by merger.

2.

Dutchmen has been a party to this action since its inception, and the filing of

Mover's Third-Party Demand will cause no prejudice and will not retard the progress of this

action because Mover's Third-Party Demand does not seek any new sums, but indemnity for

sums which Mover may be required to pay as a result of the fault of Keystone, as successor by

merger to Dutchmen.

3.

The deadline for amendment of pleadings established by the Court's Scheduling

Order is February 1, 2018, which date has not passed. Therefore, this Third-Party Demand is

timely in all respects.

*1428089_1*

Poole State Record
0119

4.

Counsel for Keystone RV Company has no opposition to Rick's Motion for Leave to File its Third-Party Demand.

**WHEREFORE**, Rick's RV Sales, Inc. prays that it be granted leave of court to file its Third-Party Demand against Keystone RV Company, as successor by merger to Dutchmen Manufacturing, Inc., and that the same be filed into the record of these proceedings and served on third-party defendant.

Respectfully submitted,

*Catherine Thibodeaux*

H. Minor Pipes, III, 24603
Stephen L. Miles, 31263
Catherine P. Thibodeaux, 37895
BARRASSO USDIN KUPPERMAN
 FREEMAN & SARVER, L.L.C.
909 Poydras Street, 24th Floor
New Orleans, Louisiana 70112
Telephone: (504) 589-9700
Facsimile: (504) 589-9701

*Attorneys for Defendant Rick's RV Sales, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served upon all parties of record by facsimile, hand delivery, electronic mail, overnight service, or placing same in the United States mail, postage prepaid and properly addressed, this 1st day of January, 2018.

*Catherine Thibodeaux*

*1428089_1*



18TH JUDICIAL DISTRICT COURT FOR THE PARISH OF POINTE COUPEE

STATE OF LOUISIANA

NO. 47903                                    DIVISION: "D"

MITCHEL SHANNAN POOLE, INDIVIDUALLY AND ON BEHALF OF RACHAEL
NICHOLE POOLE, DECEASED

VERSUS

THOR INDUSTRIES, INC., DUTCHMEN MANUFACTURING, INC.,
RICK'S RV SALES, INC., APRIL DOSRAMOS AND JOSHUA DOSRAMOS

F A X E D

FILED:_____FEB - 2 2018_____    _____

                                                    DEPUTY CLERK

**ORDER**

Considering the foregoing Ex Parte Motion for Leave to File Third-Party Demand

filed by Rick's RV Sales, Inc. ("Rick's");

**IT IS HEREBY ORDERED** that the motion is **GRANTED** and that Rick's be

and is hereby granted leave of court to file its Third-Party Demand against Keystone RV

Company, as successor by merger to Dutchmen Manufacturing, Inc., and that the same be filed

into the record of these proceedings.

Plaquemine, Louisiana, this _7th_ day of _February_, 2018.

_____
JUDGE ELIZABETH A. ENGOLIO

**PLEASE SERVE:**

**Keystone RV Company**
*through its registered agent:*
C T Corporation System
3867 Plaza Tower Dr.
Baton Rouge, LA 70816

**Thor Industries, Inc. and Dutchmen Manufacturing, Inc.**
*through its counsel of record:*
James C. Percy
Ryan E. Johnson
Justin Marocco
Jones Walker, L.L.P.
8555 United Plaza Blvd., 5th Floor
Baton Rouge, LA 70809

ATTEST A TRUE CERTIFIED COPY
2.15.18
DATE FILED  2.7.18
DY. CLERK OF COURT
POINTE COUPEE PARISH
NEW ROADS, LOUISIANA

1428089_1

**April Dosramos and Joshua Dosramos**
*through their counsel of record:*
Lance B. Williams
Mary W. Dale
McCranie, Sistrunk, Anzelmo, Hardy, McDaniel & Welch, LLC
195 Greenbriar Blvd., Ste. 200
Covington, LA 70433

**Plaintiff, Mitchel Shannan Poole, Individually and on Behalf of Rachael Nichole Poole**
*through his counsel of record:*
Joseph E. Ritch
Elliott & Ritch, L.L.P.
321 Artesian St.
Corpus Christi, TX 78401
and
Samuel "Chuck" Ward, Jr.
Samuel C. Ward, Jr. & Associates
660 Saint Ferdinand St.
Baton Rouge, LA 70802
and
T. Claude Devall
Hoffos Devall, LLC
517 W. College St.
Lake Charles, LA 70605

*1428089_1*



18TH JUDICIAL DISTRICT COURT FOR THE PARISH OF POINTE COUPEE

STATE OF LOUISIANA

NO. 47903                                DIVISION: "D"

MITCHEL SHANNAN POOLE, INDIVIDUALLY AND ON BEHALF OF RACHAEL
NICHOLE POOLE, DECEASED

VERSUS

THOR INDUSTRIES, INC., DUTCHMEN MANUFACTURING, INC.,
RICK'S RV SALES, INC., APRIL DOSRAMOS AND JOSHUA DOSRAMOS

F A X E D

FILED:_____ FEB - 2 2018 _____          _____
                                                        DEPUTY CLERK

**RICK'S RV SALES, INC.'S THIRD-PARTY DEMAND**

NOW INTO COURT, through undersigned counsel, comes Rick's RV Sales, Inc.

("Rick's"), defendant in the principal demand, who now assumes the position of third-party

plaintiff, and respectfully submits this Third-Party Demand against third-party defendant

Keystone RV Company ("Keystone"), as successor by merger to Dutchmen Manufacturing, Inc.

("Dutchmen"):

1.

Third-party plaintiff, Rick's RV Sales, Inc., is a Louisiana corporation with its

principal place of business in Ville Platte, Louisiana.

2.

Third-party defendant Keystone RV Company, as successor by merger to

Dutchmen Manufacturing, Inc., is a Delaware corporation with its principal place of business in

the State of Indiana and was, at all times pertinent, doing business in the State of Louisiana.

3.

Plaintiff Mitchel Shannan Poole, Individually and on Behalf of Rachael Nichole

Poole ("Plaintiff") filed a Petition for Damages against Rick's and Dutchmen, among other

parties on July 14, 2017.

*1428089_1*

Poole State Record
0123

4.

Plaintiff's Petition for Damages seeks damages in connection with an accident on or about February 24, 2017, in which he alleges that a travel trailer became energized, allegedly resulting in Rachael Nichole Poole's death.

5.

Rick's adopts by reference as if set forth herein *in extenso* all of the allegations of Plaintiff against Dutchmen as asserted by Plaintiff in his Petition for Damages insofar as said allegations assert the fault, negligence, and liability of Dutchmen, including Plaintiff's claims against Dutchmen under the Louisiana Products Liability Act and Plaintiff's claims against Dutchmen for other acts of negligence.

6.

On August 22, 2017, Rick's filed an Answer to Plaintiff's Petition for Damages, denying liability for the damages alleged.

7.

Specifically, Rick's denies Plaintiff's allegations and denies that its actions or inactions caused any damage to Plaintiff.

8.

While denying any and all liability, Rick's brings this third-party demand against Keystone, as successor by merger to Dutchmen, for indemnity against any liability of Rick's caused by Dutchmen's actual or alleged actions or inactions.

9.

Pursuant to the Dealer Sales and Service Agreement between Rick's and Dutchmen, Keystone (as successor by merger to Dutchmen) is obligated to defend, indemnify, and hold harmless Rick's from and against all claims, actions, damages, liabilities, obligations, and costs (including attorney's fees) arising out of or relating to:

> 1) death to persons claimed to have been caused by an actual or alleged defect in the design, manufacture, or assembly of any Dutchmen Product that could not have been detected by Rick's by a reasonable pre-delivery inspection, and
>
> 2) failure of any Dutchmen Product, or any standard equipment or material component thereof, to conform to written representations or warranties made by Dutchmen and allegedly relied upon by Rick's customer.

*1428089_1*

Poole State Record
0124

10.

Rick's could not have detected, by a reasonable pre-delivery inspection, any defect in the subject travel trailer resulting in the subject accident.

11.

If it is determined that Rick's is liable, Rick's alleges that it is entitled to indemnity from third-party defendant Keystone, as successor by merger to Dutchmen, for any and all amounts for which Rick's may be cast in judgment or pay in settlement in the premises of this action as a result of Plaintiff's claims against Rick's, in addition to any other recovery provided by law.

**WHEREFORE**, Rick's RV Sales, Inc. prays that its Third-Party Demand be filed into the record of these proceedings, that its Third-Party Demand be deemed good and sufficient, and that after due proceedings be had, that judgment be rendered in favor of Rick's finding Keystone RV Company, as successor by merger to Dutchmen Manufacturing, Inc., liable to Rick's for any amounts that Rick's may be held to owe Plaintiff pursuant to Plaintiff's Petition for Damages, and awarding all other just and equitable relief to which Rick's is entitled, including legal interest and costs.

Respectfully submitted,

*Catherine Thibodeaux*

H. Minor Pipes, III, 24603
Stephen L. Miles, 31263
Catherine P. Thibodeaux, 37895
BARRASSO USDIN KUPPERMAN
 FREEMAN & SARVER, L.L.C.
909 Poydras Street, 24th Floor
New Orleans, Louisiana 70112
Telephone: (504) 589-9700
Facsimile: (504) 589-9701

*Attorneys for Defendant Rick's RV Sales, Inc.*

**PLEASE SERVE:**

**Keystone RV Company**
*through its registered agent:*
C T Corporation System
3867 Plaza Tower Dr.
Baton Rouge, LA 70816

*1428089_1*

**Thor Industries, Inc. and Dutchmen Manufacturing, Inc.**
*through its counsel of record:*
James C. Percy
Ryan E. Johnson
Justin Marocco
Jones Walker, L.L.P.
8555 United Plaza Blvd., 5th Floor
Baton Rouge, LA 70809

**April Dosramos and Joshua Dosramos**
*through their counsel of record:*
Lance B. Williams
Mary W. Dale
McCranie, Sistrunk, Anzelmo, Hardy, McDaniel & Welch, LLC
195 Greenbriar Blvd., Ste. 200
Covington, LA 70433

**Plaintiff, Mitchel Shannan Poole, Individually and on Behalf of Rachael Nichole Poole**
*through his counsel of record:*
Joseph E. Ritch
Elliott & Ritch, L.L.P.
321 Artesian St.
Corpus Christi, TX 78401
and
Samuel "Chuck" Ward, Jr.
Samuel C. Ward, Jr. & Associates
660 Saint Ferdinand St.
Baton Rouge, LA 70802
and
T. Claude Devall
Hoffos Devall, LLC
517 W. College St.
Lake Charles, LA 70605

### CERTIFICATE OF SERVICE

     I hereby certify that a copy of the above and foregoing has been served upon all parties of record by facsimile, hand delivery, electronic mail, overnight service, or placing same in the United States mail, postage prepaid and properly addressed, this 1st day of January, 2018.

*Catherine Thibodeaux*

*1428089_1*

FAXED
JUL 14 '17

BY:
RECEIVED & FILED
2017 JUL 18 AM 11: 02
DARRELL SAYNIA JR LANDRY
CLERK OF COURT & RECORDER
PARISH OF POINTE COUPEE
NO.

EIGHTEENTH JUDICIAL DISTRICT COURT

PARISH OF POINTE COUPEE

STATE OF LOUISIANA

SUIT NUMBER: 47903          SECTION: "D"

MITCHEL SHANNAN POOLE, INDIVIDUALLY AND ON BEHALF RACHAEL
NICHOLE POOLE, DECEASED

versus

THOR INDUSTRIES INC., DUTCHMEN MANUFACTURING, INC.,
RICK'S RV SALES, INC., APRIL DOSRAMOS AND JOSHUA DOSRAMOS

PETITION FOR DAMAGES

The petition of MITCHEL SHANNAN, INDIVIDUALLY AND ON BEHALF OF
THE DECEASED, RACHAEL NICHOLE POOLE (referred to as "Petitioner" or
"Plaintiff"); domiciled in the Parish of Pointe Coupee, State of Louisiana, respectfully
represents the following:

I. DEFENDANTS

1.1    The following parties are made defendants herein and are sometimes collectively
referred to hereinafter as "Defendants":

    (a)    THOR INDUSTRIES, INC. (hereinafter referred to as "DUTCHMEN") is
a foreign corporation doing business in the state of Louisiana.  Service of process may be
effected upon this Defendant via Louisiana Long-Arm Statute by and through its
registered agent for service, CT Corp., 150 West Market Street, Suite 800, Indianapolis,
Indiana 46204.

    (b)    DUTCHMEN MANUFACTURING, INC. a subsidiary of Thor Industries,
Inc. (hereinafter referred to as "DUTCHMEN") does business in the state of Louisiana.
Service of process may be effected upon this Defendant by and through its registered
agent for service, CT Corporation System, 3867 Plaza Tower Dr., Baton Rouge, LA 70816.

(c)    RICK'S RV SALES, INC. is a domestic corporation, doing business in the state of Louisiana.  Service of process may be effected upon this Defendant by and through its registered agent for service, Mr. Ricky A. Johnson, 3991 Whiteville Rd., Ville Platte, Louisiana 70586.

(d)    JOSHUA DOSRAMOS is an individual.  Service of process may be effected upon this Defendant at his residence located at 14414 Grand Bay Rd., Jarreau, Louisiana 70749.

(e)    APRIL DOSRAMOS is an individual.  Service of process may be effected upon this Defendant at her residence located at 14414 Grand Bay Rd., Jarreau, Louisiana 70749.

1.2    The Defendants are justly and truly indebted unto Plaintiff for damages, injuries, and losses they have sustained together with legal interest from date of judicial demand, and all costs of these proceedings, and for general and equitable relief for those reasons set forth below.

## II. VENUE

2.1    Venue is proper pursuant to the Louisiana Code of Civil Procedure because the Defendants Joshua and April Dosramos are residents of Pointe Coupee Parish, Louisiana.

## III. FACTS

3.1    The plaintiff in this case is Mitchel Shannan Poole, individually and as surviving spouse of Rachael Nichole Poole, and therefore has capacity to bring this claim.

3.2    Petitioner resides at 6106 Stewart Rd., No. 101, Vinton, Louisiana 70668.

3.3    Defendant DUTCHMEN designed, manufactured, and sold the subject Travel Trailer which would include the extended valve and its component parts connected to the Porta-tank.

3.4    The 2011 Dutchmen Aspen Trail Travel Trailer, Model 3010BHDS, VIN 47CTATS24CM442754 (hereinafter referred to as "Subject RV")  was purchased by Rachael Nichole Poole on or about August 29, 2016 from April and Joshua Dosramos.

2

Poole State Record
0128

3.5    The 2011 Dutchmen Aspen Trail Travel Trailer was sold by Rick's RV Sales, Inc. to April Dosramos and Joshua Dosramos.    Upon information and belief, Rick's RV Sales, Inc. performed service and maintenance on the subject RV prior to the subject incident.

3.6    On or about February 24, 2017, Mitchel Shannan Poole and his wife, Rachael Nichole Poole were performing service on the Aspen Trail Travel Trailer in their back yard.    Specifically, the couple was working on the Porta-tank and/or waste receptacle. Upon information and belief, a set screw for the power plug connection was not fastened properly causing the sheathing and/or insulation to eventually completely fail, allowing the hot wire to energize the RV, which eventually lead to it completely failing, creating the energizing of the trailer frame.

## IV. CAUSES OF ACTION AGAINST THOR INDUSTRIES, INC. AND DUTCHMEN MANUFACTURING, INC. ("DUTCHMEN").

4.1    VIOLATIONS OF THE LOUISIANA PRODUCTS LIABILITY ACT – DESIGN DEFECT

(a)    Defendant DUTCHMEN designed, manufactured, and sold the Aspen Trail Travel Trailer, Model 3010BHDS, bearing VIN 47CTATS24CM442754, hereinafter referred to as the "subject RV."

(b)    The subject RV was defective in design for its intended use and made the product unreasonably dangerous to the users.    The subject RV contained a defectively designed electrical system, specifically, the electrical power cord and eventually allowed for the failure in the electrical plugs. These defects existed at the time the subject RV left the manufacturer and left the hands of Defendant DUTCHMEN.

(c)    At the time the defective product left the control of Defendant DUTCHMEN there existed a safer, alternative design that was both economically and technologically feasible.    The safer, alternative design would not decrease the utility of the product in any significant regard that would warrant and cause its exclusion.

3

Poole State Record
0129

(d)    At the time of the incident in question, the subject RV was in substantially the same condition as it was when it was placed into the stream of commerce by Defendant DUTCHMEN.

(e)    The unreasonably dangerous design defect was a substantial cause of the injuries sustained by Rachel Nichole Poole, which ultimately lead to her death, and the damages suffered by Petitioner herein.

4.2    VIOLATIONS OF THE LOUISIANA PRODUCTS LIABILITY ACT – DEFECTIVE CONSTRUCTION OR COMPOSITION

(a)    Defendant DUTCHMEN designed, manufactured, and sold the subject vehicle.

(b)    The subject RV was defective in its construction and composition, which made the product unreasonably dangerous to the users. Specifically, the electrical receptacle was not installed per specification in that it contained loose wires. The receptacle contained defects that directly led to the frame of the RV to become electrically charged. These defects existed at the time the subject RV left the manufacturer and left the hands of Defendant DUTCHMEN.

(c)    At the time the defective product left the control of Defendant DUTCHMEN, the subject RV deviated in a material way from the manufacturer's specifications and/or performance standards for the product and/or from otherwise identical products manufactured by the same manufacturer.

(d)    At the time of the incident in question, the subject RV was in substantially the same condition as it was when it was placed into the stream of commerce by Defendant DUTCHMEN.

(e)    The unreasonably dangerous defect in construction or composition was a substantial cause of the injuries and ultimate death of Rachael Nichole Poole and the damages suffered by Petitioner herein.

4

Poole State Record
0130

**4.3    VIOLATIONS OF THE LOUISIANA PRODUCTS LIABILITY ACT – BREACH OF EXPRESS WARRANTIES**

(a)    Defendant DUTCHMEN sold the subject RV in a defective and unreasonably dangerous condition, which breached express warranties.

(b)    This breach of express warranties was a substantial cause of the injuries sustained by Rachael Nichole Poole and damages sustained by Petitioner herein.

**4.4    VIOLATIONS OF THE LOUISIANA PRODUCTS LIABILITY ACT – INADEQUATE WARNING**

(a)    Both prior to and subsequent to the sale of the subject RV, Defendant DUTCHMEN designed, manufactured, distributed, and sold the subject RV with inadequate warnings. Specifically, the subject RV had absolutely no warnings on it concerning the potential for the electrically charged nature of the subject RV.

(b)    The defect in the warning existed at the time the subject RV left the control of Defendant DUTCHMEN.

(c)    The likelihood and gravity of danger associated with the product, and the feasibility of adding the proper warning, far outweighed the ability of the user to anticipate the risk. Additionally, Defendant DUTCHMEN had a continuing duty to warn of the defective nature of its product after the product left its control.

(d)    The inadequate warnings caused the injuries and ultimate death of Rachael Nichole Poole and the damages sustained by Petitioner herein.

4.5.    The damages sustained because of the defective and unreasonable dangerous nature of the product arose from the reasonably anticipated use and/or a reasonably anticipated alteration or modification of the product.

4.6    Further, and in the alternative that Defendant DUTCHMEN is not found to be a manufacturer/seller under the Louisiana Products Liability Act, Petitioner sets forth the following claims of negligence and/or legal fault of Defendant DUTCHMEN, in the following particulars but not exclusively limited thereto:

(a)    Designing, manufacturing and selling an RV with a known design flaw;

5

Poole State Record
0131

(b)     Choosing not to voluntarily recall defective travel trailers and/or RVs;

(c)     Opting to re-use the defective design year after year instead of protecting the safety of the motoring public;

(d)     Choosing not to fully and accurately disclose design defects of the subject RV and its electrical system to buyers of the Travel Trailers;

(e)     Failing to warn the motoring public of the dangers and risks associated with operating Travel Trailers with a defective electrical system; and

(f)     Failing to provide a safe product to consumers;

(g)     Any and all other acts of negligence and/or legal fault, which will be proven at a trial on the merits;

## V. CAUSES OF ACTION AGAINST RICK'S RV SALES, INC. ("RICK'S")

5.1     At the time of the incident in question, Defendant Rick's was an RV dealer who marketed, promoted, advertised, distributed, serviced and sold Travel Trailers such as the subject RV.

5.2     Upon information and belief, prior to the sale of the subject RV to Rachael Nichole Poole, the Defendant Joshua and April Dosramos had service and maintenance performed on the subject RV at Rick's RV Sales, Inc. at which time, Defendant Rick's performed service to the subject RV consisting of installation of a microwave, insulation and installation of a Rhino Sewer Hose. See Exhibit A, attached hereto.

## VI. CAUSES OF ACTION AGAINST JOSHUA DOSRAMOS AND APRIL DOSRAMOS ("DOSRAMOS")

6.1     Upon information and belief, Defendant Dosramos was in a position of control with respect to the nature, quality, and condition of the subject RV sold to Rachel Nichole Poole, which included the transfer and disclosure of the subject RV at the time of sale of the subject 2011 Aspen Trail Travel Trailer.

6.2     But for the Defendant's actions, the injuries and ultimate death of Rachael Nichole Poole and damages of the Petitioner would not have occurred.   Further, the

6.

Poole State Record
0132

conduct of the Defendant was a substantial factor in the injuries and ultimate death of Rachael Nichole Poole and damages of the Petitioner. The ease of association with Defendants' conduct with the Petitioner's injury clearly shows that the Defendant was the cause of the injuries of Rachael Nichole Poole and damages of the Petitioner. The burden on Defendant to do what was right and act in a way that was not negligent was insignificant compared to the probability of injury that would result.

6.3    REDHIBITORY DEFECT - The inherent defects in the vehicle existed and/or were present prior to the sale of the vehicle. The nature of the defects of the subject vehicle were hidden, not readily apparent, and not known to Rachael Nichole Poole at the time of the purchase of the subject RV. Said defects were of such nature that had Rachel Nichole Poole and Petitioner known of them at the time of the sale, they would not have purchased the subject RV. Petitioner only became aware of said defects after the death of Rachael Nichole Poole on February 24, 2017, and therefore, his claim in redhibition is timely.

6.4    Defendant Dosramos knew or should have known of these defects and failed to disclose such, and additionally, misrepresented the subject RV as having a quality that it did not possess.

6.5    Defendant Dosramos committed acts of omission and commission, which collectively and severally, constituted negligence, which negligence was the cause of the incident in question and of the injuries to Rachael Nichole Poole, the physical pain and mental anguish she suffered, and the damages suffered by Petitioner.

## VII. DAMAGES

7.1    As a proximate result of the fault of the Defendants and their acts and omissions as alleged above, and because of the harm and injury to Decedent, Rachael Nichole Poole, pursuant to Louisiana Civil Code Article 2315.1. Petitioner prays for recovery and reimbursement for the following items of damages suffered by Rachael Nichole Poole:

(a)    Physical and mental pain and suffering;

(b)    Judicial interest from the date of demand; and

(c)    All other items of damages that may be recoverable.

7.2    As a proximate result of the fault of the Defendants and their acts and omissions as hereinabove alleged, Petitioner brings his wrongful death actions pursuant to Louisiana Civil Code Article 2315.2 for the damages which have been suffered and continue to suffer as a result of the death of Rachael Nichole Poole at the hands of the Defendants, including but not limited to the following:

(a)    Loss of consortium, past and future;

(b)    Loss of society, past and future;

(c)    Loss of services and support, past and future;

(d)    Lost benefits, including lost wages, past and future;

(e)    Pain and suffering, past and future;

(f)    Judicial interest from the date of demand;

(g)    All other items of damages that may be recoverable; and

(h)    All damages allowable to Plaintiff for the redhibition claims.

7.3    As described above, Petitioner witnessed the terror and fear of his wife as she was being electrocuted. As a result, Petitioner was mentally shaken and has suffered foreseeable mental anguish and emotional distress. Accordingly, Petitioner is entitled to these additional damages pursuant to Louisiana Civil Code article 2315.6.

7.4    Petitioner's damages exceed the threshold requirement for a trial by jury and Petitioner does hereby pray for a trial by jury.

## IX. PRAYER

WHEREFORE, Petitioner, MITCHEL SHANNAN, INDIVIDUALLY AND ON BEHALF OF THE DECEASED, RACHAEL NICHOLE POOLE, prays that defendants herein be duly cited and served with a copy of the petition and made to appear and

Poole State Record
0134

answer same, and that there be judgment against defendants, jointly and in *solido*, for those damages suffered by Petitioner as described more fully above, with legal interest from the date of judicial demand until paid, court costs, and all other just and equitable relief as the nature and equity of the case may permit or require.

Respectfully submitted,

Joseph H. Ritch (Bar Roll #35414)
ELLIOTT & RITCH, L.L.P.
321 Artesian Street
Corpus Christi, TX 78401
Telephone: (361) 883-3000
Facsimile: (361) 883-3003
Email: JRitch@ElliottRitch.com

AND

Samuel "Chuck" Ward, Jr. (Bar Roll #29508)
ELLIOTT & RITCH, L.L.P.
660 Saint Ferdinand St.
Baton Rouge, LA 70802
Telephone: (225) 330-6677
Facsimile: (225) 330-6680
Email: samuelcward@aol.com

AND

T. Claude Devall (Bar Roll #29148)
HOFFOS DEVALL, LLC
517 W. College St.
Lake Charles, LA 70605-1529
Telephone: (337) 433-2053
Facsimile: (337) 433-2055
Email: bholmes@HDInjuryLaw.com

By: _____
Samuel "Chuck" Ward, Jr.

ATTORNEYS FOR PLAINTIFF

ATTEST A TRUE CERTIFIED COPY
7-18-17
DATE FILED 7-14-17
DY. CLERK OF COURT
POINTE COUPEE PARISH
NEW ROADS, LOUISIANA

Poole State Record
0135

<u>PLEASE SERVE the ORIGINAL COMPLAINT and CITATION on the following</u>:

THOR INDUSTRIES, INC.
Through its registered agent for service:
CT Corp.
150 West Market Street, Suite 800.
Indianapolis, IN 46204
*Via Louisiana Long-Arm Statute:

DUTCHMEN MANUFACTURING, INC.
Through its registered agent for service:
CT Corporation System.
8867 Plaza Tower Dr.,
Baton Rouge, LA 70816

RICK'S RV SALES, INC.
Through its registered agent for service:
Mr. Ricky A. Johnson
3991 Whiteville Rd.
Ville Platte, LA 70568

JOSHUA DOSRAMOS
Individually
14414 Grand Bay Rd.
Jarreau, LA 70749

APRIL DOSRAMOS
Individually
14414 Grand Bay Rd.
Jarreau, LA 70749

10

Poole State Record
0136



RICKS RV SALES, INC.
1571 E. MAIN STREET
VILLE PLATTE LA 70586
Phone #:(337) 363-7925
Fax #: (337) 363-7926

Status:

RO Number: 4842
Service Advisor: 001
Tag Number:
Ticket Date: 11/12/2015
Cash Out Date: 12/17/2015
Veh Sold Date:
Warranty Cash Out Date:

Date appointment initiated: 11/12/2015
Proposed Date - Time Completed: 11/12/2015 5:00 PM

Customer Information Number: 002149
DUBRAMOS, JOSHUA
14414 GRAND BAY RD
Jarreau LA 70749
Home (225) 313-8631

Stock Number:
Yr: 12 Make: ASPEN TRAIL Serial Number:
Model: 3010BHDS VIN: 4YDT30R2XCM442754
Plate #
Color:
Type:

Mileage In
Mileage Out

Customer Pay

| Mech. Number | Rpr Nbr | Hours | Requested Repair Description | Item Type | Labor |
|---|---|---|---|---|---|
| | 1 | 12 | - WATER LEAK AROUND TV ANTENNA CAUSED DAMAGE CAUSE: WANTS TO REPLACE 2 SHEETS OF INTERIOR PANELING CORRECTION: R&R MOLDINGS, PULLED BACK ROOF, INSTALLED PATCH OF PLYWOOD AND NEW INSULATION, REMOVED WINDOW AND REPLACED WATER DAMAGED INTERIOR PANELING | I | $1,056.00 |
| | 2 | 2 | - WASHED AND RESEAL ROOF | I | $176.00 |
| | 3 | 0.5 | - RESEALED WINDOWS AND CORNERS AS NEEDED | I | $44.00 |
| | 4 | 1.5 | - REPLACE SLIDE GASKET AS NEEDED (SEE TYLER) | I | $132.00 |
| | 5 | 0.25 | - MICROWAVE NOT WORKING (REPLACE WITH SAME SIZE HE WILL CALL WITH NAME BRAND) CORRECTION: REPLACED | I | $22.00 |
| * | 6 | 0 | - LEAVE BLOCKS IN CAMPER | I | $0.00 |
| * | 7 | 0 | - IF ANTENNA HAS TO BE PUT IN IT IS IN FRONT COMPARTMENT CAUSE: HE WOULD LIKE TO LEAVE TV ANTENNA OFF IF WE CAN | I | $0.00 |
| * | 8 | 0.25 | - INSTALLED BRACE FOR DOORSIDE FENDER TO KEEP FROM FLAPPING. DONT REPAIR METAL WRAP. | I | $22.00 |
| * | 9 | 2 | - REPAIR/PATCHED ROOF NEAR ODS REAR (NEAR EDGE) - REMOVE THE OLD PATCH | I | $176.00 |
| * | 10 | 0 | - OUT OF STATE UNTIL 12/4 QUOTED TOTAL OF $2500-$3000 PLUS TAX FOR ALL REPAIRS | I | $0.00 |

| Repair | Part Number | Description | F/U | S/O | B/O | Rec | Total | Selling Price | Ext Price |
|---|---|---|---|---|---|---|---|---|---|
| 1 | K325843 | MICROWAVE | 1 | 0 | 0 | 0 | 1 | $239.95 | $239.95 |
| 1 | K414618 | AUSTIN SAND INTERIOR PANELING | 2 | 0 | 0 | 0 | 2 | $69.95 | $139.90 |
| 1 | K410553 | AUSTIN SAND FLAT BATTON | 2 | 0 | 0 | 0 | 2 | $7.95 | $15.90 |
| 1 | K410587 | AUSTIN SAND SEAM TAPE | 20 | 0 | 0 | 0 | 20 | $0.29 | $5.80 |
| 1 | FREIGHT | TRUCK FREIGHT AND CRATE | 1 | 0 | 0 | 0 | 1 | $266.87 | $266.87 |
| 1 | FREIGHT | UPS GROND | 1 | 0 | 0 | 0 | 1 | $38.59 | $38.59 |
| 1 | 93651 | LAP SEALANT WHITE | 6 | 0 | 0 | 0 | 6 | $9.95 | $59.70 |
| 1 | MIC MATERIAL | | 1 | 0 | 0 | 0 | 1 | $10.00 | $10.00 |
| 1 | PLYWOOD | PLYWOOD DECKING | 0.5 | 0 | 0 | 0 | 0.5 | $39.95 | $19.98 |
| 1 | 38-0087 | SLIDE ON SLIDE GASKET | 1 | 0 | 0 | 0 | 1 | $154.95 | $154.95 |
| 1 | INSULATION | FIBERGLASS INSULATION 70" ROLL | 0.5 | 0 | 0 | 0 | 0.5 | $43.95 | $21.98 |
| 8 | A730619 | ULTRA FAB CHOCK & LOCK 2PK | 1 | 0 | 0 | 0 | 1 | $109.95 | $109.95 |
| 8 | 20732 | RHINO SEWER HOSE KIT 20' | 1 | 0 | 0 | 0 | 1 | $49.95 | $49.95 |

Repair Order Printed on : 12/17/2015 11:16:16 AM    * Repair added after the customer copy printed.
** Oil & Grease included in Other Charges.    1    Page 1

EXHIBIT A

RICK'S RV SALES, INC.
1571 E. MAIN STREET
VILLE PLATTE LA-70586
Phone #:(337) 363-7925
Fax #: (337) 363-7926

Status

P.O. Number: 4542
Service Advisor: 001
Tag Number:
Ticket Date: 11/12/2015
Cash Out Date: 12/17/2015
Veh Sold Date:
Warranty Cash Out Date:

Date appointment initiated:     11/12/2015
Proposed Date – Time Complete:     11/12/2015   5:00 PM

| Customer Information | Number: 002149 | | Stock Number | | Mileage In |
|---|---|---|---|---|---|
| DOSRAMOS, JOSHUA | | | Yr: 12   Make: ASPEN TRAIL   Serial Number: | | |
| 14414 GRAND BAY RD | | | Model: 3016BHDS   VIN: 47CTATB24C1042754 | | Mileage Out |
| Jarreau LA. 70749 | | | Plate# | | |
| Home: (225) 313-3631 | | | Color:   Type: | | |

| Discount Amount: | $0.00 | Freight Total: | $305.46 | Customer Pay Total | | Total Discount: | $0.00 |
|---|---|---|---|---|---|---|---|
| Parts Total: | $528.06 | Sublet Total: | $0.00 | Sales Tax: | $221.04 | | |
| Labor Total: | $1,628.00 | ** Other Charges: | $0.00 | Second Sales Tax: | $0.00 | Total: | $2,982.56 |
| | | | | Deposit: | $0.00 | | |

1:  M/C   $2,982.56
2:        $0.00
3:        $0.00

Poole State Record
0138

18TH JUDICIAL DISTRICT COURT FOR THE PARISH OF POINTE COUPEE

STATE OF LOUISIANA

NO. 47903                                        DIVISION: "D"

MITCHEL SHANNAN POOLE, INDIVIDUALLY AND ON BEHALF OF RACHEL
NICHOLE POOLE, DECEASED

VERSUS

THOR INDUSTRIES, INC., DUTCHMEN MANUFACTURING, INC.,
RICK'S RV SALES, INC., APRIL DOSRAMOS AND JOSHUA DOSRAMOS

FILED:_____          _____

                                                          DEPUTY CLERK

### AFFIRMATIVE DEFENSES, ANSWER, AND REQUEST FOR TRIAL BY JURY

NOW INTO COURT, through undersigned counsel, comes Rick's RV Sales, Inc. ("Rick's"), and in response to the Petition for Damages, responds as follows:

Rick's asserts the following affirmative defenses to each and every allegation contained in the plaintiff's Petition for Damages.

### FIRST DEFENSE

To the extent the damages complained of by the plaintiff were caused, wholly or in part, by the plaintiff's fault, such fault serves as a bar to or diminishes any recovery herein.

### SECOND DEFENSE

To the extent the damages complained of by the plaintiff were caused, wholly or in part, by the fault of third persons and parties for whom Rick's cannot be held liable or responsible, such fault serves as a bar to or diminishes any recovery herein.

### THIRD DEFENSE

To the extent the damages complained of by the plaintiff are speculative and conjectural, such fact serves as a bar to or diminishes any recovery herein.

### FOURTH DEFENSE

To the extent the plaintiff has failed to take reasonable steps to mitigate his alleged damages, such fact serves as a bar to or diminishes any recovery herein.

1

Poole State Record
0139

**FIFTH DEFENSE**

To the extent the plaintiff's claims have been settled and/or partially settled for the damages allegedly sustained, such fact serves as a bar to or diminishes any recovery herein.

**SIXTH DEFENSE**

Rick's is not liable for any damages that were not caused by the actions or inactions of Rick's. None of Rick's actions or inactions were the cause in fact or legal cause of plaintiff's injuries. Plaintiff's injuries were the result of actions or inactions of other parties or non-parties.

**SEVENTH DEFENSE**

To the extent that any of plaintiff's claims have prescribed, they are barred.

**EIGHTH DEFENSE**

Rick's expressly avers, adopts, and pleads any and all applicable affirmative defenses recognized in Article 1005 of the Louisiana Code of Civil Procedure, as if fully copied herein.

**NINTH DEFENSE**

To the extent that they are not inconsistent with Rick's Answer and/or affirmative defenses, Rick's adopts by reference each and every affirmative defense or exception pled by any other party in this litigation as though fully copied herein.

AND NOW, responding further, Rick's denies each and every allegation of the Petition for Damages, except those allegations expressly admitted or otherwise qualified herein.

And now in response to the specific allegations of the Petition for Damages:

1.1.

Rick's admits that Thor Industries, Inc., Dutchmen Manufacturing, Inc., Rick's RV Sales, Inc., Joshua Dosramos, and April Dosramos are made defendants in this suit.

(a) The allegations of Paragraph 1.1(a) are not directed at Rick's, and therefore require no response from Rick's. In the event a response from Rick's is deemed to be required, Rick's is without sufficient information regarding the allegations of Paragraph 1.1(a); accordingly, the allegations of Paragraph 1.1(a) are denied.

(b) The allegations of Paragraph 1.1(b) are not directed at Rick's, and therefore require no response from Rick's. In the event a response from Rick's is deemed to be required, Rick's is

2

Poole State Record
0140

without sufficient information regarding the allegations of Paragraph 1.1(b); accordingly, the allegations of Paragraph 1.1(b) are denied.

(c) Rick's admits that it is a Louisiana corporation doing business in Louisiana and that its registered agent for service of process is Ricky A. Johnson, 3991 Whiteville Rd., Ville Platte, LA 70586.

(d) The allegations of Paragraph 1.1(d) are not directed at Rick's, and therefore require no response from Rick's. In the event a response from Rick's is deemed to be required, Rick's is without sufficient information regarding the allegations of Paragraph 1.1(d); accordingly, the allegations of Paragraph 1.1(d) are denied.

(e) The allegations of Paragraph 1.1(e) are not directed at Rick's, and therefore require no response from Rick's. In the event a response from Rick's is deemed to be required, Rick's is without sufficient information regarding the allegations of Paragraph 1.1(e); accordingly, the allegations of Paragraph 1.1(e) are denied.

1.2.

Rick's denies the allegations of Paragraph 1.2.

2.1.

Rick's is without sufficient information regarding the allegations of Paragraph 2.1; accordingly, the allegations of Paragraph 2.1 are denied.

3.1.

Rick's admits that the plaintiff in this case is Mitchel Shannan Poole. Rick's is without sufficient information regarding the remaining allegations of Paragraph 3.1; accordingly, the remaining allegations of Paragraph 3.1 are denied.

3.2.

Rick's is without sufficient information regarding the allegations of Paragraph 3.2; accordingly, the allegations of Paragraph 3.2 are denied.

3.3.

The allegations of Paragraph 3.3 are not directed at Rick's, and therefore require no response from Rick's. In the event a response from Rick's is deemed to be required, Rick's is

3

Poole State Record
0141

without sufficient information to admit the allegations of Paragraph 3.3; accordingly, the allegations of Paragraph 3.3 are denied.

### 3.4.

Rick's is without sufficient information to admit the allegations of Paragraph 3.4; accordingly, the allegations of Paragraph 3.4 are denied.

### 3.5.

Rick's denies the allegations of Paragraph 3.5, except to state that it did limited work on the subject RV that has no factual or legal connection to the plaintiff's injuries.

### 3.6.

Rick's is without sufficient information to admit the allegations of Paragraph 3.6; accordingly, the allegations of Paragraph 3.6 are denied.

### 4.1.

(a) The allegations of Paragraph 4.1(a) are not directed at Rick's, and therefore require no response from Rick's. In the event a response from Rick's is deemed to be required, Rick's is without sufficient information to admit the allegations of Paragraph 4.1(a); accordingly, the allegations of Paragraph 4.1(a) are denied.

(b) The allegations of Paragraph 4.1(b) are not directed at Rick's, and therefore require no response from Rick's. In the event a response from Rick's is deemed to be required, Rick's is without sufficient information to admit the allegations of Paragraph 4.1(b); accordingly, the allegations of Paragraph 4.1(b) are denied.

(c) The allegations of Paragraph 4.1(c) are not directed at Rick's, and therefore require no response from Rick's. In the event a response from Rick's is deemed to be required, Rick's is without sufficient information to admit the allegations of Paragraph 4.1(c); accordingly, the allegations of Paragraph 4.1(c) are denied.

(d) The allegations of Paragraph 4.1(d) are not directed at Rick's, and therefore require no response from Rick's. In the event a response from Rick's is deemed to be required, Rick's is without sufficient information to admit the allegations of Paragraph 4.1(d); accordingly, the allegations of Paragraph 4.1(d) are denied.

4

Poole State Record
0142

(e) The allegations of Paragraph 4.1(e) are not directed at Rick's, and therefore require no response from Rick's. In the event a response from Rick's is deemed to be required, Rick's is without sufficient information to admit the allegations of Paragraph 4.1(e); accordingly, the allegations of Paragraph 4.1(e) are denied.

4.2.

(a) The allegations of Paragraph 4.2(a) are not directed at Rick's, and therefore require no response from Rick's. In the event a response from Rick's is deemed to be required, Rick's is without sufficient information to admit the allegations of Paragraph 4.2(a); accordingly, the allegations of Paragraph 4.2(a) are denied.

(b) The allegations of Paragraph 4.2(b) are not directed at Rick's, and therefore require no response from Rick's. In the event a response from Rick's is deemed to be required, Rick's is without sufficient information to admit the allegations of Paragraph 4.2(b); accordingly, the allegations of Paragraph 4.2(b) are denied.

(c) The allegations of Paragraph 4.2(c) are not directed at Rick's, and therefore require no response from Rick's. In the event a response from Rick's is deemed to be required, Rick's is without sufficient information to admit the allegations of Paragraph 4.2(c); accordingly, the allegations of Paragraph 4.2(c) are denied.

(d) The allegations of Paragraph 4.2(d) are not directed at Rick's, and therefore require no response from Rick's. In the event a response from Rick's is deemed to be required, Rick's is without sufficient information to admit the allegations of Paragraph 4.2(d); accordingly, the allegations of Paragraph 4.2(d) are denied.

(e) The allegations of Paragraph 4.2(e) are not directed at Rick's, and therefore require no response from Rick's. In the event a response from Rick's is deemed to be required, Rick's is without sufficient information to admit the allegations of Paragraph 4.2(e); accordingly, the allegations of Paragraph 4.2(e) are denied.

4.3.

(a) The allegations of Paragraph 4.3(a) are not directed at Rick's, and therefore require no response from Rick's. In the event a response from Rick's is deemed to be required, Rick's is

5

Poole State Record
0143

without sufficient information to admit the allegations of Paragraph 4.3(a); accordingly, the allegations of Paragraph 4.3(a) are denied.

(b) The allegations of Paragraph 4.3(b) are not directed at Rick's, and therefore require no response from Rick's. In the event a response from Rick's is deemed to be required, Rick's is without sufficient information to admit the allegations of Paragraph 4.3(b); accordingly, the allegations of Paragraph 4.3(b) are denied.

4.4.

(a) The allegations of Paragraph 4.4(a) are not directed at Rick's, and therefore require no response from Rick's. In the event a response from Rick's is deemed to be required, Rick's is without sufficient information to admit the allegations of Paragraph 4.4(a); accordingly, the allegations of Paragraph 4.4(a) are denied.

(b) The allegations of Paragraph 4.4(b) are not directed at Rick's, and therefore require no response from Rick's. In the event a response from Rick's is deemed to be required, Rick's is without sufficient information to admit the allegations of Paragraph 4.4(b); accordingly, the allegations of Paragraph 4.4(b) are denied.

(c) The allegations of Paragraph 4.4(c) are not directed at Rick's, and therefore require no response from Rick's. In the event a response from Rick's is deemed to be required, Rick's is without sufficient information to admit the allegations of Paragraph 4.4(c); accordingly, the allegations of Paragraph 4.4(c) are denied.

(d) The allegations of Paragraph 4.4(d) are not directed at Rick's, and therefore require no response from Rick's. In the event a response from Rick's is deemed to be required, Rick's is without sufficient information to admit the allegations of Paragraph 4.4(d); accordingly, the allegations of Paragraph 4.4(d) are denied.

4.5.

The allegations of Paragraph 4.5 are not directed at Rick's, and therefore require no response from Rick's. In the event a response from Rick's is deemed to be required, Rick's is without sufficient information to admit the allegations of Paragraph 4.5; accordingly, the allegations of Paragraph 4.5 are denied.

6

Poole State Record
0144

4.6.

The allegations of Paragraph 4.6 are not directed at Rick's, and therefore require no response from Rick's. In the event a response from Rick's is deemed to be required, Rick's is without sufficient information to admit the allegations of Paragraph 4.6; accordingly, the allegations of Paragraph 4.6 are denied.

5.1.

Rick's denies the allegations of Paragraph 5.1 except to state that it has in the past sold RVs and travel trailers.

5.2.

Rick's denies the allegations of Paragraph 5.2 except to state that it performed limited work on the travel trailer that had no factual or legal connection to the plaintiff's injuries.

6.1.

The allegations of Paragraph 6.1 are not directed at Rick's, and therefore require no response from Rick's. In the event a response from Rick's is deemed to be required, Rick's is without sufficient information to admit the allegations of Paragraph 6.1; accordingly, the allegations of Paragraph 6.1 are denied.

6.2.

The allegations of Paragraph 6.2 are not directed at Rick's, and therefore require no response from Rick's. In the event a response from Rick's is deemed to be required, Rick's is without sufficient information to admit the allegations of Paragraph 6.2 accordingly, the allegations of Paragraph 6.2 are denied.

6.3.

The allegations of Paragraph 6.3 are not directed at Rick's, and therefore require no response from Rick's. In the event a response from Rick's is deemed to be required, Rick's is without sufficient information to admit the allegations of Paragraph 6.3; accordingly, the allegations of Paragraph 6.3 are denied.

7

Poole State Record
0145

6.4.

The allegations of Paragraph 6.4 are not directed at Rick's, and therefore require no response from Rick's. In the event a response from Rick's is deemed to be required, Rick's is without sufficient information to admit the allegations of Paragraph 6.4; accordingly, the allegations of Paragraph 6.4 are denied.

6.5.

The allegations of Paragraph 6.5 are not directed at Rick's, and therefore require no response from Rick's. In the event a response from Rick's is deemed to be required, Rick's is without sufficient information to admit the allegations of Paragraph 6.5; accordingly, the allegations of Paragraph 6.5 are denied.

7.1.

Rick's denies the allegations of Paragraph 7.1.

7.2.

Rick's denies the allegations of Paragraph 7.2.

7.3.

Rick's is without sufficient information regarding the allegations of Paragraph 7.3; accordingly, the allegations of Paragraph 7.3 are denied.

7.4.

Paragraph 7.4 requests a jury and therefore does not require a response from Rick's. To the extent a response is deemed to be required, Rick's denies the allegations of Paragraph 7.4.

8.

Plaintiff has not included a Paragraph 8.

9.

Rick's denies the allegations of Paragraph 9.

Rick's denies those allegations contained in any unnumbered paragraphs of the Petition for Damages as well as the preamble and prayer for relief and any and all other allegations suggesting fault, liability, negligence, etc. of Rick's.

8

## JURY TRIAL DEMAND

Rick's hereby requests a trial by jury.

**WHEREFORE,** Rick's RV Sales, Inc. prays that this answer be deemed good and sufficient and that after due proceedings had, there be judgment herein in favor of Rick's RV Sales, Inc., dismissing the claims of plaintiff at his cost.

Respectfully submitted,

H. Minor Pipes, III, 24603
Stephen L. Miles, 31265
Eric J. Drury, 37103
BARRASSO USDIN KUPPERMAN
   FREEMAN & SARVER, L.L.C.
909 Poydras Street, 24th Floor
New Orleans, Louisiana 70112
Telephone: (504) 589-9700
Facsimile: (504) 589-9701

*Attorneys for Defendant Rick's RV Sales, Inc.*

9

Poole State Record
0147

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Answer and Request for Trial by Jury has been served upon all parties of record by facsimile, hand delivery, electronic mail, overnight service, or placing same in the United States mail, postage prepaid and properly addressed, this 22nd day of August, 2017.

_____

*1366893_1*

10

Poole State Record
0148

MITCHEL SHANNAN POOLE,
INDIVIDUALLY AND ON BEHALF
OF RACHAEL NICHOLE POOLE,
DECEASED

SUIT NUMBER 47903, SECTION "D"

18TH JUDICIAL DISTRICT COURT

versus

THOR INDUSTRIES, INC.,
DUTCHMEN MANUFACTURING,
INC., RICK'S RV SALES, INC., APRIL
DOSRAMOS AND JOSHUA
DOSRAMOS

PARISH OF POINTE COUPEE

STATE OF LOUISIANA

### THOR INDUSTRIES, INC. ANSWER TO PETITION FOR DAMAGES

Defendant Thor Industries, Inc. ("Thor") responds to the plaintiff's "Petition

for Damages" ("Petition") as follows:

1.

Thor admits that it was named as a defendant in this action, along with

Dutchmen Manufacturing, Inc., Ricks RV Sales, Inc., Joshua Dosramos and April

Dosramos, as alleged in Paragraph 1.1 of the Petition.  Thor denies that it does

business in the state of Louisiana, and Thor denies the remaining allegations in

Paragraph 1.1 of the Petition for lack of sufficient information to justify a belief

therein.

2.

Thor denies the legal conclusions and factual allegations contained in

Paragraph 1.2 of the Petition.

3.

Paragraph 2.1 of the Petition contains legal conclusions to which no answer is

required by Thor.

4.

Thor denies the allegations in Paragraph 3.1 of the Petition for lack of

sufficient information to justify a belief therein.

5.

Thor denies the allegations in Paragraph 3.2 of the Petition for lack of

sufficient information to justify a belief therein.

{B1187400.1}                                        1

Poole State Record
0149

6.

Thor denies the allegations in Paragraph 3.3 of the Petition for lack of sufficient information to justify a belief therein.

7.

Thor denies the allegations in Paragraph 3.4 of the Petition for lack of sufficient information to justify a belief therein.

8.

Thor denies the allegations in Paragraph 3.5 of the Petition for lack of sufficient information to justify a belief therein.

9.

Thor denies the allegations in Paragraph 3.6 of the Petition for lack of sufficient information to justify a belief therein.

10.

Thor denies the allegations in Paragraph 4.1(a) of the Petition for lack of sufficient information to justify a belief therein.

11.

Thor denies the allegations in Paragraphs 4.1(b), 4.1(c), 4.1(d) and 4.1(e) of the Petition for lack of sufficient information to justify a belief therein.

12.

Thor denies the allegations in Paragraph 4.2(a) of the Petition for lack of sufficient information to justify belief therein.

13.

Thor denies the allegations in Paragraphs 4.2(b), 4.2(c), 4.2(d) and 4.2(e) of the Petition for lack of sufficient information to justify a belief therein.

14.

Thor denies the allegations in Paragraphs 4.3(a) and 4.3(b) of the Petition for lack of sufficient information to justify a belief therein.

15.

Thor denies the allegations in Paragraphs 4.4(a), 4.4(b), 4.4(c) and 4.4(d) of the Petition for lack of sufficient information to justify a belief therein.

{B1187400.1}

2

Poole State Record
0150

16.

Thor denies the allegations in Paragraph 4.5 of the Petition for lack of sufficient information to justify a belief therein.

17.

Thor denies the allegations in Paragraphs 4.6(a), 4.6(b), 4.6(c), 4.6(d), 4.6(e), 4.6(f) and 4.6(g) of the Petition for lack of sufficient information to justify a belief therein.

18.

Thor denies the allegations in Paragraph 5.1 of the Petition for lack of sufficient information to justify a belief therein.

19.

Thor denies the allegations in Paragraph 5.2 of the Petition for lack of sufficient information to justify a belief therein.

20.

Thor denies the allegations in Paragraph 6.1 of the Petition for lack of sufficient information to justify a belief therein.

21.

Thor denies the allegations in Paragraph 6.2 of the Petition for lack of sufficient information to justify a belief therein.

22.

Thor denies the allegations in Paragraph 6.3 of the Petition for lack of sufficient information to justify a belief therein.

23.

Thor denies the allegations in Paragraph 6.4 of the Petition for lack of sufficient information to justify a belief therein.

24.

Thor denies the allegations in Paragraph 6.5 of the Petition for lack of sufficient information to justify a belief therein.

{B1187400.1}                                            3

Poole State Record
0151

25.

Thor denies the allegations in Paragraph 7.1 of the Petition, including subparts (a), (b) and (c) of that paragraph of the Petition, for lack of sufficient information to justify a belief therein.

26.

Thor denies the allegations in Paragraph 7.2 of the Petition, including subparts (a)-(h) of that paragraph of the Petition, for lack of sufficient information to justify a belief therein.

27.

Thor denies the allegations in Paragraph 7.3 of the Petition for lack of sufficient information to justify a belief therein.

28.

Paragraph 7.4 of the Petition does not require an answer by Thor.

## AFFIRMATIVE DEFENSES

Thor asserts the following affirmative defenses to the claims set forth by the plaintiff:

1. Thor did not manufacture or sell the plaintiff's recreational vehicle, nor is it legally liable for the entity which did manufacture the vehicle, under any of the legal theories asserted in the Petition.

2. To the extent that Thor is held liable to the plaintiff, its liability should be reduced and/or eliminated by the comparative fault of the other defendants in this action and/or third parties who may have owned, modified, or repaired the recreational vehicle at issue in this litigation.

3. Any liability owed by Thor should be reduced and/or eliminated by the comparative fault of the plaintiff and/or his deceased spouse.

4. Thor alleges that the injuries and damages of which the plaintiff complains were legally caused and contributed to by the negligence and/or conduct of other persons or entities, whether named herein or not, and that negligence and/or conduct was an intervening and/or superseding cause of any such injuries and damages. By reason of such intervening acts or events, Thor's liability, if any, is limited or otherwise barred.

5. The particular risks alleged in the Petition were neither known nor should have been known by Thor, and Thor was therefore under no duty to warn of any such risks as alleged in the Petition.

6. The recreational vehicle at issue was altered and/or modified by the plaintiff, the other defendants in this action and/or third parties, and these alterations and/or modifications were the cause of the injuries sustained by the plaintiff.

{B1187400.1}                                          4

Poole State Record
0152

7.  The actions of manufacturer of the recreational vehicle were not the proximate cause of the injuries suffered by the plaintiff and his wife.

8.  The travel trailer at issue was not unreasonably dangerous in one of the ways defined by the Louisiana Products Liability Act.

9.  No privity of contract exists between the plaintiff and Thor, and therefore the plaintiff is hereby barred from asserting any claim for breach of contract or warranty (express or implied) as against Thor.

Respectfully submitted,

James C. Percy (La. Bar No. 10413)
Ryan E. Johnson (La. Bar No. 26352), T.A.
Justin Marocco (La. Bar No. 35226)
Jones Walker L.L.P.
8555 United Plaza Blvd., 5th floor
Baton Rouge, LA 70809
Telephone: (225) 248-2000
Facsimile: (225) 248-3080

*Attorneys for Thor Industries, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this day, I have filed this pleading on counsel of record by U.S. Mail and email, as follows:

Joseph E. Ritch
Elliott & Ritch, L.L.P.
321 Artesian St.
Corpus Christi, TX 78401
jritch@elliotrich.com

Samuel Ward, Jr.
Elliott & Ritch, L.L.P.
600 St. Ferdinand St.
Baton Rouge, LA 70802
samuelcward@aol.com

T. Claude Devall
Hoffos Devall, LLC
517 W. College St.
Lake Charles, LA 70605
tclaude@hdinjurylaw.com

Lance B. Williams
Mary W. Dale
McCranie, Sistrunk
195 Greenbrier Boulevard, Suite 200
Covington, LA 70433
lbw@mcsalaw.com

Minor Pipes
Eric Drury
Barrasso, Usdin
909 Poydras St, 24th Floor

{B1187400.1}                                5

Poole State Record
0153

New Orleans, LA 70112
edrury@barrassousdin.com

Baton Rouge, Louisiana, October 10, 2017.

Ryan E. Johnson

Poole State Record
0154

MITCHEL SHANNAN POOLE,      SUIT NUMBER 47903, SECTION "D"
INDIVIDUALLY AND ON BEHALF
OF RACHAEL NICHOLE POOLE,
DECEASED

*FAXED*
*SEP - 7 2017*

versus      18ᵀᴴ JUDICIAL DISTRICT COURT

THOR INDUSTRIES, INC.,
DUTCHMEN MANUFACTURING,      PARISH OF POINTE COUPEE
INC., RICK'S RV SALES, INC., APRIL
DOSRAMOS AND JOSHUA
DOSRAMOS      STATE OF LOUISIANA

## KEYSTONE RV COMPANY'S ANSWER TO PETITION

Defendant Keystone RV Company ("Keystone"), as successor by merger to

Dutchmen Manufacturing, Inc., responds to the plaintiffs' "Petition for Damages"

("Petition") as follows:

1.

Keystone admits that Thor Industries, Inc., Dutchmen Manufacturing, Inc.,

Ricks RV Sales, Inc., Joshua Dosramos and April Dosramos were all named as

defendants in this action, as alleged in Paragraph 1.1 of the Petition. Keystone

denies that Dutchmen Manufacturing, Inc. does business in the state of Louisiana,

and Keystone denies the remaining allegations in Paragraph 1.1 of the Petition for

lack of sufficient information to justify a belief therein.

2.

Keystone denies the legal conclusions and factual allegations contained in

Paragraph 1.2 of the Petition.

3.

Paragraph 2.1 of the Petition contain legal conclusions to which no answer is

required by Keystone.

4.

Keystone denies the allegations in Paragraph 3.1 of the Petition for lack of

sufficient information to justify a belief therein.

5.

Keystone denies the allegations in Paragraph 3.2 of the Petition for lack of

sufficient information to justify a belief therein.

{B1176513.1}      1

Poole State Record
0155

6.

Keystone admits that the plaintiffs' travel trailer was manufactured and originally sold by Dutchmen Manufacturing, Inc. at wholesale to the defendant, Rick's RV Sales, Inc., but denies the remaining allegations in Paragraph 3.3 of the Petition for lack of sufficient information to justify a belief therein.

7.

Keystone denies the allegations in Paragraph 3.4 of the Petition for lack of sufficient information to justify a belief therein.

8.

Keystone denies the allegations in Paragraph 3.5.

9.

Keystone denies the allegations in Paragraph 3.6 of the Petition for lack of sufficient information to justify a belief therein.

10.

Keystone admits that the plaintiffs' travel trailer was manufactured and originally sold by Dutchmen Manufacturing, Inc. at wholesale to the defendant, Rick's RV Sales, Inc., but denies the remaining allegations in Paragraph 4.1(a) of the Petition.

11.

Keystone denies the allegations in Paragraphs 4.1(b), 4.1(c), 4.1(d) and 4.1(e) of the Petition.

12.

Keystone admits that the plaintiffs' travel trailer was manufactured and originally sold by Dutchmen Manufacturing, Inc. at wholesale to the defendant, Rick's RV Sales, Inc. but denies the remaining allegations in Paragraph 4.2(a) of the Petition.

13.

Keystone denies the allegations in Paragraphs 4.2(b), 4.2(c), 4.2(d) and 4.2(e) of the Petition.

{B1176613.1}                                    2

Poole State Record
0156

14.

Keystone denies the allegations in Paragraphs 4.3(a) and 4.3(b) of the Petition.

15.

Keystone denies the allegations in Paragraphs 4.4(a), 4.4(b), 4.4(c) and 4.4(d) of the Petition.

16.

Keystone denies the allegations in Paragraph 4.5 of the Petition.

17.

Keystone denies the allegations in Paragraphs 4.6(a), 4.6(b), 4.6(c), 4.6(d), 4.6(e), 4.6(f) and 4.6(g) of the Petition.

18.

Keystone admits the allegations in Paragraph 5.1 of the Petition.

19.

Keystone denies the allegations in Paragraph 5.2 of the Petition for lack of sufficient information to justify a belief therein.

20.

To the extent an answer is required, Keystone denies the allegations in Paragraph 6.1 of the Petition for lack of sufficient information to justify a belief therein.

21.

To the extent an answer is required, Keystone denies the allegations in Paragraph 6.2 of the Petition for lack of sufficient information to justify a belief therein.

22.

To the extent an answer is required, Keystone denies the allegations in Paragraph 6.3 of the Petition for lack of sufficient information to justify a belief therein.

Poole State Record 0157

23.

To the extent an answer is required, Keystone denies the allegations in Paragraph 6.4 of the Petition for lack of sufficient information to justify a belief therein.

24.

To the extent an answer is required, Keystone denies the allegations in Paragraph 6.5 of the Petition for lack of sufficient information to justify a belief therein.

25.

Keystone denies the allegations in Paragraph 7.1 of the Petition, including subparts (a), (b) and (c) of that paragraph of the Petition.

26.

Keystone denies the allegations in Paragraph 7.2 of the Petition, including subparts (a)-(h) of that paragraph of the Petition.

27.

Keystone denies the allegations in Paragraph 7.3 of the Petition.

28.

Paragraph 7.4 of the Petition does not require an answer by Keystone.

## AFFIRMATIVE DEFENSES

Keystone asserts the following affirmative defenses to the claims set forth by the plaintiffs.

1.  To the extent that Keystone is held liable to the plaintiffs, its liability should be reduced and/or eliminated by the comparative fault of the other defendants in this action and/or third parties who may have owned, modified, or repaired the recreational vehicle at issue in this litigation.

2.  Any liability owed by Keystone should be reduced and/or eliminated by the comparative fault of the plaintiff and/or his deceased spouse.

3.  Keystone alleges that the injuries and damages of which plaintiffs complains were legally caused and contributed to by the negligence and/or conduct of other persons or entities, whether named herein or not, and that negligence and/or conduct was an intervening and/or superseding cause of any such injuries and damages. By reason of such intervening acts or events, Keystone's liability, if any, is limited or otherwise barred.

{B1176613.1}                                    4

Poole State Record
0158

4.  The particular risks alleged in the Petition were neither known nor should have been known by Keystone, and Keystone was therefore under no duty to warn of any such risks as alleged in the Petition.

5.  The recreational vehicle at issue was altered and/or modified by the plaintiffs, the other defendants in this action and/or third parties, and these alterations and/or modifications were the cause of the injuries sustained by the plaintiffs.

6.  The actions of Keystone's predecessor, Dutchmen Manufacturing, Inc. were not the proximate cause of the injuries suffered by the plaintiff and his wife.

7.  The travel trailer at issue was not unreasonably dangerous in one of the ways defined by the Louisiana Products Liability Act.

8.  No privity of contract exists between the Plaintiffs and Keystone's predecessor, Dutchmen Manufacturing, Inc., and the Plaintiffs are thereby barred from asserting any claim for breach of contract or warranty as against Keystone.

Respectfully submitted,

James C. Perry (La. Bar No. 10413)
Ryan E. Johnson (La. Bar No. 26352), T.A.
Justin Marocco (La. Bar No. 35226)
Jones Walker L.L.P.
8555 United Plaza Blvd., 5th floor
Baton Rouge, LA 70809
Telephone: (225) 248-2000
Facsimile: (225) 248-3080

*Attorneys for Keystone RV Company*

### CERTIFICATE OF SERVICE

I hereby certify that on this day, I have filed this pleading on counsel of record by U.S. Mail as follows:

Joseph E. Ritch
Elliott & Ritch, L.L.P.
321 Artesian St.
Corpus Christi, TX 78401

Samuel Ward, Jr.
Elliott & Ritch, L.L.P.
600 St. Ferdinand St.
Baton Rouge, LA 70802

T. Claude Devall
Hoffos Devall, LLC
517 W. College St.
Lake Charles, LA 70605

Baton Rouge, Louisiana, September 7, 2017.

Ryan E. Johnson

{B1176613.1}                                     5

Poole State Record
0159

FAXED
SEP 5 - 2017

**EIGHTEENTH JUDICIAL DISTRICT COURT**

**PARISH OF POINTE COUPEE**

**STATE OF LOUISIANA**

NO. 47903                                           SECTION "D"



**MITCHEL SHANNAN POOLE, INDIVIDUALLY AND ON BEHALF RACHAEL NICHOLE POOLE, DECEASED**

**VERSUS**

**THOR INDUSTRIES INC., DUTCHMEN MANUFACTURING, INC., RICK'S RV SALES, INC., APRIL DOSRAMOS AND JOSHUA DOSRAMOS**

FILED:_____          _____
                                                          **DEPUTY CLERK**

<u>**ANSWER TO PETITION FOR DAMAGES**</u>

    **NOW INTO COURT,** through undersigned counsel, come defendants, April Dosramos and Joshua Dosramos, who respond to Plaintiff's Petition for Damages as follows:

<center>I(a)</center>

    The allegations of Paragraph 1.1(a) of Plaintiff's Petition for Damages relate to a party other than these defendants, and therefore require no response. To the extent a response is required, the allegations of Paragraph 1.1(a) are denied for lack of sufficient information to justify a belief therein.

<center>I(b)</center>

    The allegations of Paragraph 1.1(b) of Plaintiff's Petition for Damages relate to a party other than these defendants, and therefore require no response. To the extent a response is required, the allegations of Paragraph 1.1(b) are denied for lack of sufficient information to justify a belief therein.

<center>I(c)</center>

    The allegations of Paragraph 1.1(c) of Plaintiff's Petition for Damages relate to a party other than these defendants, and therefore require no response. To the extent a response is required, the allegations of Paragraph 1.1(c) are denied for lack of sufficient information to justify a belief therein.

<center>I(d)</center>

    The allegations of Paragraph 1.1(d) of Plaintiff's Petition for Damages are admitted.

I.(e)

The allegations of Paragraph 1.1(e) of Plaintiff's Petition for Damages are admitted.

II.

The allegations of Paragraph 1.2 of Plaintiff's Petition for Damages are denied.

III.

The allegations of Paragraph 2.1 of Plaintiff's Petition for Damages are admitted.

IV.

The allegations of Paragraph 3.1 of Plaintiff's Petition for Damages are denied for lack of sufficient information to justify a belief therein.

V.

The allegations of Paragraph 3.2 of Plaintiff's Petition for Damages are denied for lack of sufficient information to justify a belief therein.

VI.

The allegations of Paragraph 3.3 of Plaintiff's Petition for Damages are denied for lack of sufficient information to justify a belief therein.

VII.

The allegations of Paragraph 3.4 of Plaintiff's Petition for Damages are admitted.

VIII.

The allegations of Paragraph 3.5 of Plaintiff's Petition for Damages are denied for lack of sufficient information to justify a belief therein.

IX.

The allegations of Paragraph 3.6 of Plaintiff's Petition for Damages are denied for lack of sufficient information to justify a belief therein.

X. (a)

The allegations of Paragraph 4.1(a) of Plaintiff's Petition for Damages relate to a party other than these defendants, and therefore require no response.   To the extent a response is required, the allegations of Paragraph 4.1(a) are denied for lack of sufficient information to justify a belief therein.

- 2 -

Poole State Record
0161

X. (b)

The allegations of Paragraph 4.1(b) of Plaintiff's Petition for Damages relate to a party other than these defendants, and therefore require no response. To the extent a response is required, the allegations of Paragraph 4.1(b) are denied for lack of sufficient information to justify a belief therein.

X. (c)

The allegations of Paragraph 4.1(c) of Plaintiff's Petition for Damages relate to a party other than these defendants, and therefore require no response. To the extent a response is required, the allegations of Paragraph 4.1(c) are denied for lack of sufficient information to justify a belief therein.

X. (d)

The allegations of Paragraph 4.1(d) of Plaintiff's Petition for Damages relate to a party other than these defendants, and therefore require no response. To the extent a response is required, the allegations of Paragraph 4.1(d) are denied for lack of sufficient information to justify a belief therein. These defendants specifically deny that any alleged defect was known to them at any time while the subject RV was in their possession or control, or that it could have been known to them.

X. (e)

The allegations of Paragraph 4.1(e) of Plaintiff's Petition for Damages relate to a party other than these defendants, and therefore require no response. To the extent a response is required, the allegations of Paragraph 4.1(e) are denied for lack of sufficient information to justify a belief therein.

XI. (a)

The allegations of Paragraph 4.2(a) of Plaintiff's Petition for Damages relate to a party other than these defendants, and therefore require no response. To the extent a response is required, the allegations of Paragraph 4.2(a) are denied for lack of sufficient information to justify a belief therein.

XI. (b)

The allegations of Paragraph 4.2(b) of Plaintiff's Petition for Damages relate to a party other than these defendants, and therefore require no response. To the extent a response is

- 3 -

Poole State Record
0162

required, the allegations of Paragraph 4.2(b) are denied for lack of sufficient information to justify a belief therein.

## XI. (c)

The allegations of Paragraph 4.2(c) of Plaintiff's Petition for Damages relate to a party other than these defendants, and therefore require no response. To the extent a response is required, the allegations of Paragraph 4.2(c) are denied for lack of sufficient information to justify a belief therein.

## XI. (d)

The allegations of Paragraph 4.2(d) of Plaintiff's Petition for Damages relate to a party other than these defendants, and therefore require no response. To the extent a response is required, the allegations of Paragraph 4.2(d) are denied for lack of sufficient information to justify a belief therein. These defendants specifically deny that any alleged defect was known to them at any time while the subject RV was in their possession or control, or that it could have been known to them.

## XI. (e)

The allegations of Paragraph 4.2(e) of Plaintiff's Petition for Damages relate to a party other than these defendants, and therefore require no response. To the extent a response is required, the allegations of Paragraph 4.2(e) are denied for lack of sufficient information to justify a belief therein.

## XII.

The allegations of Paragraph 4.3(a-b) of Plaintiff's Petition for Damages relate to a party other than these defendants, and therefore require no response. To the extent a response is required, the allegations of Paragraph 4.3(a-b) are denied for lack of sufficient information to justify a belief therein.

## XIII.

The allegations of Paragraph 4.4 (a-d) of Plaintiff's Petition for Damages relate to a party other than these defendants, and therefore require no response. To the extent a response is required, the allegations of Paragraph 4.4 (a-d) are denied for lack of sufficient information to justify a belief therein. These defendants specifically deny that any alleged defect was known to them at any time while the subject RV was in their possession or control, or that it could have been known to them.

- 4 -

Poole State Record
0163

XIV.

The allegations of Paragraph 4.5 of Plaintiff's Petition for Damages relate to a party other than these defendants, and therefore require no response. To the extent a response is required, the allegations of Paragraph 4.5 are denied for lack of sufficient information to justify a belief therein.

XV.

The allegations of Paragraph 4.6 (a-g) of Plaintiff's Petition for Damages relate to a party other than these defendants, and therefore require no response. To the extent a response is required, the allegations of Paragraph 4.6 are denied for lack of sufficient information to justify a belief therein. These defendants specifically deny that any alleged defect was known to them at any time while the subject RV was in their possession or control, or that it could have been known to them.

XVI.

The allegations of Paragraph 5.1 of Plaintiff's Petition for Damages relate to a party other than these defendants, and therefore require no response. To the extent a response is required, the allegations of Paragraph 5.1 are denied for lack of sufficient information to justify a belief therein.

XVII.

The allegations of Paragraph 5.2 of Plaintiff's Petition for Damages are denied for lack of sufficient information to justify a belief therein.

XVIII.

The allegations of Paragraph 6.1 of Plaintiff's Petition for Damages are denied. These defendants specifically deny that any alleged defect was known to them at any time while the subject RV was in their possession or control, or that it could have been known to them.

XIX.

The allegations of Paragraph 6.2 of Plaintiff's Petition for Damages are denied.

XX.

The allegations of Paragraph 6.3 of Plaintiff's Petition for Damages are denied.

XXI.

The allegations of Paragraph 6.4 of Plaintiff's Petition for Damages are denied.

Poole State Record
0164